UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| NICHOLAS CHRISTIAN, et al., | Case No.  26-cv-03708-EJD |
| Plaintiffs, | |
| | **ORDER REGARDING EX PARTE TRO MOTION** |
| v. | |
| CITY OF SAN JOSE, et al., | Re: ECF No. 2 |
| Defendants. | |

Before the Court is pro se Plaintiffs Nicholas Christian and Cheryl Lam's ("Plaintiffs") ex parte motion for a temporary restraining order ("TRO") and request for judicial notice in support thereof.  Mot., ECF No. 2; Req. for Judicial Notice, ECF No. 2-1.

On April 28, 2026, Plaintiffs filed a complaint asserting ten claims for relief, all of which purport to be pursuant to 42 U.S.C. § 1983.  Compl., ECF No. 1.  The complaint identifies eleven Defendants: the City of San Jose, the County of Santa Clara, Deputy City Attorney Hannah Odekirk, City Code Enforcement Officer Joseph Hatfield, City Code Enforcement Officer Joanne Tacey, County Department of Environmental Health ("DEH") Specialist Jean Nguyen, Director of DEH Marilyn C. Underwood, Santa Clara County Counsel Sonia Wills, Gerard F. Keena II, Brandon Carr, and Jorge Vizcaino (collectively, "Defendants").  Compl. 3–4.  Plaintiffs have not yet served any of the Defendants.  For the following reasons, the Court **DENIES** Plaintiffs' ex parte motion for a TRO, **GRANTS IN PART AND DENIES IN PART** Plaintiffs' Request for Judicial Notice, and **ORDERS** Plaintiffs to effectuate service on Defendants so that Defendants may answer or otherwise respond to the complaint.

Case No.: 26-cv-03708-EJD
ORDER DEN. TRO MOTION; GRANTING IN PART, DEN. IN PART RJN
1

## I.    BACKGROUND

Plaintiffs allege that their home at 72 North Buena Vista Avenue in San Jose, California (the "Property") was subject to a federal search on November 9, 2023, and since that search Plaintiffs have been excluded from the Property.  Mot. 10.  Plaintiffs detail recent litigation in Santa Clara County Superior Court in the case of *People of the State of California v. Lam et al.*, No. 26-cv-484023 ("Superior Court Action"), including the Superior Court's issuance of a preliminary injunction and confirmation of appointment of a receiver for the Property.  *See* Mot. 18–19 ("On February 25, 2026 [the Superior Court] signed the Preliminary Injunction, Confirmation of Appointment of Receiver.  The PI Order confirmed the receivership, restricted Plaintiffs' access to the Property, and authorized receiver action.").  Plaintiffs now request that this Court issue a TRO to: (1) prevent the sale, transfer, or foreclosure of the Property; (2) stay all further proceedings in the Superior Court Action, and (3) restrain the court-appointed receiver from recording further liens, performing remediation, or conducting destructive sampling that would spoliate evidence.  Mot. 2–3.

Plaintiffs allege a series of improper government actions beginning with the failure of any law enforcement agency to provide notification to Santa Clara County "to trigger" DEH administrative authority, which Plaintiffs allege has subsequently been improperly asserted.  Mot. 13.  Plaintiffs further allege, among other things, that Santa Clara County improperly issued a "cleanup order," delayed filing a civil action, and that Defendants identified a receiver in advance of the filing of the complaint in the Superior Court Action, which Plaintiffs allege supports their conspiracy claim.  Mot. 13–20.

## II.    LEGAL STANDARD

Under Federal Rule of Civil Procedure 65(a), an applicant is entitled to a temporary restraining order upon demonstrating four factors: (1) the applicant "is likely to succeed on the merits"; (2) the applicant is "likely to suffer irreparable harm in the absence of preliminary relief"; (3) the balance of equities favors the requested preliminary relief; and (4) the "injunction is in the public interest."  *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).

Case No.: 26-cv-03708-EJD
ORDER DEN. TRO MOTION; GRANTING IN PART, DEN. IN PART RJN

### III.    DISCUSSION

The Court finds Plaintiffs failed to meet the first element required for a TRO—likelihood of success on the merits—for at least two reasons.

Despite Plaintiffs' assertion that they "do not ask this Court to review . . . any state-court order," Plaintiffs effectively ask this Court to review and enjoin the carrying-out of the Superior Court's receivership appointment and preliminary injunction.  *See* Mot. 3 (requesting that this Court "[r]estrain the Receiver from . . . performing remediation" and "restrain the sale, transfer, or foreclosure of" the Property).

District courts have jurisdiction over § 1983 claims alleging Constitutional harms pursuant to 28 U.S.C. § 1331.  *See Munger v. City of Glasgow Police Dep't*, 227 F.3d 1082, 1085 (9th Cir. 2000).  However, the basis for Plaintiffs' claims and the reason for the TRO, "specifically the sale, further encumbrance, or physical destruction of their primary residence," has been permitted (at least to some degree) in the ongoing Superior Court Action.  *See* Mot. 12, 18–19.  This Court is barred from enjoining that Action under the *Younger* abstention doctrine.  The *Younger* abstention doctrine provides that federal courts are barred from enjoining state criminal proceedings absent extraordinary circumstances, and has been expanded to include certain state civil enforcement proceedings, including those in which a state actor seeks to enforce public nuisance laws and generally where the proceeding was "in aid of and closely related to [the State's] criminal statutes."  *Sprint Commc'ns., Inc. v. Jacobs*, 571 U.S. 69, 77 (2013) (citation omitted) (alteration in original); *see also Applied Underwriters, Inc. v. Lara*, 37 F.4th 579, 589 (9th Cir. 2022) (collecting examples of valid application of *Younger* abstention); *Huffman, v. Pursue, Ltd.*, 420 U.S. 592, 604 (1975).

In the Ninth Circuit, "three requirements have evolved for proper invocation of *Younger*: (1) ongoing state judicial proceedings; (2) implication of an important state interest in the proceedings; and (3) an adequate opportunity to raise federal questions in the proceedings." *World Famous Drinking Emporium, Inc. v. City of Tempe*, 820 F.2d 1079, 1082 (9th Cir. 1987). The Court finds each factor present here.  First, the Superior Court Action is ongoing; Plaintiffs

Case No.: 26-cv-03708-EJD
ORDER DEN. TRO MOTION; GRANTING IN PART, DEN. IN PART RJN

United States District Court
Northern District of California

appeared for a case management conference in the Superior Court Action as recently as April 15, 2026. *See* Christian Decl., ECF No. 2-3, at 6. Second, at this stage, and without the benefit of the City or the County's position on the TRO, the Court finds the State has an important interest in enforcing its Health and Safety Code, especially where, as here, the enforcement is quasi-criminal in nature. *See Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 438 (1982) (Brennan, J., concurring); *id.* at 433 n.12 ("whether the proceeding 'is labeled civil, quasi-criminal, or criminal in nature,' the salient fact is whether federal-court interference would unduly interfere with the legitimate activities of the state" (citation omitted)). The facts alleged in Plaintiffs' Motion suggests that a clean up order was issued pursuant to California Health and Safety Code Sections 25400.18–19, governing properties potentially contaminated by methamphetamine or fentanyl laboratory activities, and that the receivership was issued pursuant to Section 17890.7, governing receivership proceedings following non-compliance with building standards that endangers the health and safety of residents or the public. *See* Mot. 10, 27.[1] Third, this Court is unaware of any reason, and Plaintiffs do not allege, that Plaintiffs cannot raise their federal question claims in the ongoing Superior Court Action. In fact, the United States Supreme Court has noted that *Younger* abstention may "avoid [the] unwarranted determination of federal constitutional questions [and] offers the opportunity for narrowing constructions that might obviate the constitutional problem and intelligently mediate federal constitutional concerns and state interests." *Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 11 (1987) (citation omitted).

Plaintiffs argues that this case falls under the "bad faith" or "extraordinary circumstances" exceptions to the *Younger* doctrine. Mot. 22–23. "To invoke the bad faith exception, however, 'plaintiff must show that the state proceeding was initiated with and is animated by a retaliatory, harassing, or other illegitimate motive.'" *Appleton v. Cnty. of Sacramento*, No. CIV. S-05-1685WBSKJM, 2005 WL 3555470, at *3 (E.D. Cal. Dec. 23, 2005) (quoting *Diamond "D" Const. Corp. v. McGowan,* 282 F.3d 191, 199 (2d Cir. 2002)). Plaintiffs have not made this

---

[1] The Court need not analyze whether the "law-enforcement trigger," which Plaintiffs allege never took place, in fact occurred for purposes of considering the State's interest.

Case No.: 26-cv-03708-EJD
ORDER DEN. TRO MOTION; GRANTING IN PART, DEN. IN PART RJN
4

showing.  Rather, Plaintiffs allege Defendant "coordination" before the filing of the Complaint in the Superior Court Action and assert in a conclusory manner that the Complaint was not filed in good faith because it occurred after Plaintiffs filed tort claims against the "initiating agency." Mot. 22–23.  Plaintiffs similarly fail to allege facts demonstrating extraordinary circumstances, instead alleging only that the Superior Court-appointed receiver was performing duties consistent with the appointment.  *See id.* at 23–24.

Alternatively, Plaintiffs argue that there is no adequate state forum because Judge Parrett should be disqualified pursuant to California Code of Civil Procedure Section 170.1, which governs potential judicial conflicts of interest.  *Id.* at 23.  Plaintiffs do not allege facts sufficient to conclude that, because Judge Parrett practiced at the firm Motley Rice at some point prior to being appointed to the Bench, and because Motley Rice served as private co-counsel to the County in a case which directed recovery funds to DEH, he must be disqualified.  *See* Mot. 12–13, 23 (referencing a "Motley Rice-Atlantic Richfield-DEH nexus" as a basis for an inadequate State forum to adjudicate Plaintiffs' claims).  Further, it does not follow that the entire State judicial system is inadequate, even if Plaintiffs' statement to disqualify Judge Parrett had merit, which the Superior Court has apparently concluded it did not.  *See id.* at 23 (describing Superior Court striking Plaintiffs' statement in support of disqualification).

Even if this Court was not barred from considering Plaintiffs' claims pursuant to the *Younger* abstention doctrine, Plaintiffs have not proven to the Court that they are likely to succeed on the merits of their allegations as they must for issuance of a TRO.  Plaintiffs assert: (1) a conspiracy to deprive them of their constitutional rights under § 1983; (2) procedural due process violations; (3) fabrication of evidence and substantive due process violations; (4) First Amendment retaliation; (5) denial of access to courts; (6) Fifth Amendment takings claim; (7) abuse of process under § 1983; (8) supervisory liability for Dr. Underwood; (9) municipal liability for the City of San Jose; and (10) "fraud on the court."  Mot. 26–32.  With respect to each claim, the Motion presents elements purportedly necessary to prove the claim, proceeds to enumerate a series of facts, often referencing reports, or invoices or documents which were filed in the

Case No.: 26-cv-03708-EJD
ORDER DEN. TRO MOTION; GRANTING IN PART, DEN. IN PART RJN

United States District Court
Northern District of California

Superior Court Action, but which Plaintiffs do not attach as exhibits, and concludes "Plaintiffs are likely to succeed on the . . . claim," or in a similarly conclusory fashion. *See e.g.*, Mot. 30 ("The agreement here is not inferred. It is in writing in Invoice No. 13335, filed under oath by Keena in the state-court proceeding . . . Plaintiffs are likely to succeed on the conspiracy claim."); Mot. 28–29 ("The record documents deliberate fabrication at every tier. Hatfield executed a sworn declaration containing assertions he had not personally observed and could not have verified, contradicted by Federal Hazmat Report No. 23-3139060's on-scene finding of no active lab processes. . . . The right to be free from deliberate fabrication in civil proceedings affecting a protected interest was clearly established at all relevant times."). Conclusory assertions that Plaintiffs are likely to succeed on the merits are insufficient. *Stebbins v. Polano*, No. 21-cv-04184-JSW, 2021 WL 4866357, at *2 (N.D. Cal. Sept. 8, 2021).

"Because it is a threshold inquiry, when a plaintiff has failed to show the likelihood of success on the merits, [the Court] need not consider the remaining three *Winter* elements." *Garcia v. Google, Inc.*, 786 F.3d 733, 740 (9th Cir. 2015) (internal quotation marks and brackets omitted). The Court therefore need not examine the remaining factors at this time.

## IV.     REQUEST FOR JUDICIAL NOTICE

Under Rule 201(b) of the Federal Rules of Evidence, a court may take judicial notice of facts that are "not subject to reasonable dispute because [they] . . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). "A court may take judicial notice of undisputed matters of public record, including documents on file in federal or state courts." *O'Connor v. Nationstar Mortg., LLC*, No. 13-cv-05874 NC, 2014 WL 1779338, at *3 (N.D. Cal. May 5, 2014), *aff'd*, 713 F. App'x 575 (9th Cir. 2018) (internal citation omitted). Federal courts may also take judicial notice of state statutes, as they are matters of public record. *United States v. Lopez*, 4 F.4th 706, 731 (9th Cir. 2021).

Although Plaintiffs reference exhibits A–J in their Request, they did not submit any of these exhibits in connection with their Motion or Request for Judicial Notice. *See* Req. for Judicial Notice. Plaintiffs seek judicial notice of emails exchanged between Defendants and

Case No.: 26-cv-03708-EJD
ORDER DEN. TRO MOTION; GRANTING IN PART, DEN. IN PART RJN

Plaintiffs (Exhibits A–D), a San Jose Fire Department hazmat report (Exhibit E), a receiver invoice (Exhibit F), a recorded deed of trust (Exhibit G), a notice and order to abate nuisance from the City of San Jose (Exhibit H), a California Rule of Court (Exhibit I), and two California Health and Safety Code sections (Exhibit J). *Id.* at 3–4. Because Plaintiffs do not attach any exhibits to their Request or Motion, the Court cannot take notice of the existence of the proposed exhibits, let alone make a determination that the facts contained therein are judicially noticeable and **DENIES** Plaintiffs' Request as to Exhibits A–H. The Court **GRANTS** Plaintiffs' Request as to Exhibits I and J and takes judicial notice of California Rule of Court 3.1179 and California Health and Safety Code Sections 25400.18–19, both of which are matters of public record.

## V. CONCLUSION

Based on the foregoing, the Court **DENIES** Plaintiffs' ex parte motion for a TRO at this time. The Court **GRANTS IN PART** and **DENIES IN PART** Plaintiffs' Request for Judicial Notice. The Court **ORDERS** Plaintiffs to effectuate service on Defendants so that Defendants may answer or otherwise respond to the complaint.

**IT IS SO ORDERED.**

Dated: April 30, 2026

EDWARD J. DAVILA
United States District Judge

Case No.: 26-cv-03708-EJD
ORDER DEN. TRO MOTION; GRANTING IN PART, DEN. IN PART RJN
7

United States District Court
Northern District of California