SUSANA ALCALA WOOD, City Attorney (156366)
ARDELL JOHNSON, Assistant City Attorney (95340)
SEAN RICHMOND, Chief Deputy City Attorney (210138)
BRIAN S. KREGER, Sr. Deputy City Attorney (106707)
Office of the City Attorney
200 East Santa Clara Street, 16th Floor
San José, California  95113-1905
Telephone Number: (408) 535-1900
Facsimile Number:  (408) 998-3131
E-Mail Address:  cao.main@sanjoseca.gov

Attorneys for CITY OF SAN JOSE, a California
Municipal corporation; HANNAH ODEKIRK; JOSEPH
HATFIELD

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| NICHOLAS CHRISTIAN, an individual; and CHERYL LAM, Ph.D., an individual, <br><br> Plaintiffs, <br><br> v. <br><br> CITY OF SAN JOSE, a California municipal corporation; COUNTY OF SANTA CLARA, a California public entity; HANNAH ODEKIRK, JOSEPH HATFIELD, JOANNE TRACEY, JEAN NGUYEN, MARILYN C. UNDERWOOD, and SONIA WILLS, in their individual and official capacities; GERARD F. KEENA II, BRANDON CARR, and JORGE VIZCAINO, in their individual capacities, <br><br> Defendants. | Case Number:  5:26-cv-03708-EJD <br><br> **CITY OF SAN JOSE DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)** <br><br> Date:  October 15, 2026 <br> Time:  9:00 a.m. <br> Courtroom.:  4, 5th Floor <br> Judge:  Hon. Edward J. Davila |

1

CITY OF SAN JOSE DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)

Case Number: 5:26-cv-03708-EJD

2333787_2

# TABLE OF CONTENTS

Notice of Motion ………………………………………………………………………………7

Motion to Dismiss …………………………………………………………………….. 7

I.    Memorandum of Points and Authorities.................................................8

     A.    Procedural Summary and the Allegations in Plaintiffs' Complaint .................8

     B.    Plaintiffs' complaint must be dismissed because it is unintelligible and irrelevant rather than simple, concise, and direct ...........................................9

     C.    Plaintiffs' Complaint is Insufficent ...................................................11

     D.    Plaintiffs Have Not Plead a Plausible Cause of Action ...............................12

          1.    Plaintiffs' First Cause of action has Not Sufficiently Plead a Conspiracy........................................................................12

          2.    Plaintiffs' Causes of action for Procedural and Substantive Due Process are Inadequate...............................................................14

          3.    Plaintiffs' 4th claim for First amendment Retaliation is inadequate.....16

          4.    Plaintiffs Sixth Cause of Action Fails to Allege Facts Sufficient for a Regulatory Takings Claim................................................................16

          5.    Plaintiffs' 7th cause of action for abuse of process is unintelligible and does not allege a viable legal theory................................................17

          6.    Plaintiff's 5th and 9th Causes of action are non-existent legal theories ........................................................................................17

          7.    Plaintiff's Conclusory Allegations Do Not Support a Theory of Municipal Liability........................................................................18

          8.    Attorney Hannah Odekirk Has Prosecutorial Immunity and Should Be Dismissed ...................................................................19

     E.    Qualified Immunity Applies To Odderick And Hatfield Because No Clearly Established Right Violated.......................................................20

II.    Conclusion.........................................................................22

# TABLE OF AUTHORITIES

*Arnold v. IBM Corp.*
637 F.2d 1350 (9th Cir. 1981) ......................................................................... 13

*Ashcroft v. Iqbal*
556 U.S. 662 (2009)................................................................................... 11,12

*Balisteri v. Pacifica Police Dept.*
901 F.2d 696 (9th Cir. 1990) ......................................................................... 12

*Barton v. Barbour*
104 U.S. 126 (1881)......................................................................................... 8

*Behrens v. Pelletier*
516 U.S. 299 (1996)....................................................................................... 21

*Bell Atlantic Corp. v. Twombly*
550 U.S. 544 (2007)....................................................................................... 12

*Buckley v. Fitzsimmons*
509 U.S. 259 (1993) ....................................................................................... 19

*Burns v. Cty. of King*
883 F.2d 819 (9th Cir. 1989) ......................................................................... 12

*Butz v. Economou*
438 U.S. 478 (1978) ....................................................................................... 19

*California Parents for the Equalization of Educational Materials v. Torlakson*
267 F.Supp.3d 1218 (N.D. Cal. 2017) ........................................................... 12

*Chavez v. United States*
683 F.3d 110 (9th Cir.2012) .......................................................................... 13

*Christian Legal Soc. Chapter of the Univ. of Cal., Hastings Coll. of Law v. Martinez*
561 U.S. 661 (2010)....................................................................................... 16

*Chuman v. Wright*
76 F.3d 292 (9th Cir. 1996) ........................................................................... 13

*City of Tahlequah v. Bond*
142 S. Ct. 9 (2021)......................................................................................... 21

*City of W. Covina v. Perkins*
525 U.S. 234 (1999)....................................................................................... 15

*Conservation Force v. Salazar*
646 F.3d 1240 (9th Cir. 2011) ....................................................................... 11

*Cooper v. Parrish*
203 F.3d 937 (6th Cir. 2000) ......................................................................... 19

*County of Sacramento v. Lewis*
523 U.S. 833 (1998)....................................................................................... 14

CITY OF SAN JOSE DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)

Case Number: 5:26-cv-03708-EJD

2333787_2

*Cox v. Ashcroft*
  603 F. Supp. 2d 1261–72 (E.D. Cal. 2009) ................................................................. 13

*D.C. v. Wesby*
  138 S. Ct. 577–90 (2018) ................................................................. 22

*Davis v. Powell*
  901 F. Supp. 2d 1196 (S.D. Cal. 2012) ................................................................. 12

*Delphix Corp. v. Actifo, Inc.*
  2014 WL 4628490 (N.D. Cal. Mar. 19, 2014) ................................................................. 18

*Dunn v. Castro*
  621 F.3d 1196 (9th Cir. 2010) ................................................................. 21

*Dusenbery v. United States*
  534 U.S. 161 (2002) ................................................................. 15

*Emp't Div. v. Smith*
  494 U.S. 872 (1990) ................................................................. 16

*Flores v. County of Los Angeles*
  758 F.3d 1154 (9th Cir. 2014) ................................................................. 19

*Flores v. EMC Mortg. Co.*
  997 F. Supp. 2d 1088 (E.D. Cal. 2014) ................................................................. 9

*Fouts v. Cty. Of Clark*
  76 F. App'x 825 (9th Cir. 2003) ................................................................. 17

*Fry v. Melaragno*
  939 F.2d 832 (9th Cir. 1991) ................................................................. 19

*Fuentes v. Shevin*
  407 U.S. 67 (1972) ................................................................. 15

*Gillette v. Delmore*
  979 F.2d 1342 (9th Cir. 1992) ................................................................. 18

*Green v. County of Yuba*
  2019 WL 827638 *5 (E.D. Cal. Feb. 21, 2019) ................................................................. 18

*Greenbriar Village, LLLC v. Mountain Brook City*
  345 F.3d 1258 (11th Cir. 2003) ................................................................. 14

*Hoffman v. Halden*
  268 F2d 280 (9th Cir. 1959) ................................................................. 13

*Karim-Panahi v. Los Angeles Police Dep't*
  839 F.2d 621 (9th Cir. 1988) ................................................................. 13

*Keystone Bituminous Coal Ass'n v. DeBenedictis*
  480 U.S. 470 (1987) ................................................................. 17

*Lucas v. S.C. Coastal Council*
  505 U.S. 1003 (1992) ................................................................. 17

CITY OF SAN JOSE DEFENDANTS' NOTICE OF MOTION AND
MOTION TO DISMISS PURSUANT TO FEDERAL RULE OF CIVIL
PROCEDURE 12(b)(6)

Case Number: 5:26-cv-03708-EJD

2333787_2

*McHenry v. Renne,*
  84 F.3d 1172, 1177 (9th Cir. 1996) ............................................................................. 9, 10

*Memphis Light, Gas & Water Div. v. Craft*
  436 U.S. 1 (1978) ............................................................................................................ 15

*Mendocino Environmental Center v. Mendocino County*
  192 F.3d 1283 ................................................................................................................. 12

*Mullane v. Cent. Hanover Bank & Trust Co.*
  339 U.S. 306 (1950) ........................................................................................................ 15

*Parette v. Virden*
  173 F. App'x 534 (8th Cir. 2006) ................................................................................... 19

*Pearson v. Callahan*
  555 U.S. 223 (2009) ........................................................................................................ 21

*San Jose Fire Department. DePaul Industries v. Miller*
  14 F.4th 1021 (9th Cir. 2021) ........................................................................................ 21

*Ting v. United States*
  927 F.2d 1504 (9th Cir. 1991) ....................................................................................... 13

*Trevino v. Gates*
  99 F.3d 911 (9th Cir. 1996) ........................................................................................... 18

*Tulsa Pro. Collection Servs. v. Pope*
  485 U.S. 478 (1988) ........................................................................................................ 15

*United States v. James Daniel Good Real Prop.*
  510 U.S. 43 (1993) .......................................................................................................... 15

*United States v. Juvenile Male*
  670 F.3d 1012 (9th Cir. 2012) ....................................................................................... 14

*United States v. Lee*
  455 U.S. 252 (1982) ........................................................................................................ 16

*Washington v. Glucksberg*
  521 U.S. 702 (1997) ........................................................................................................ 14

*Wedges/Ledges of Cal v. City of Phoenix*
  24 F.3d 56 (9th Cir. 1994) ............................................................................................. 14

*White v. Pauly*
  137 S. Ct. 548 (2017) ...................................................................................................... 21

*Wilkins v. City of Oakland*
  350 F.3d 949 (9th Cir. 2003) ......................................................................................... 21

*Younger v. Harris*
  401 U.S. 37 (1971) ................................................................................................... *passim*

CITY OF SAN JOSE DEFENDANTS' NOTICE OF MOTION AND
MOTION TO DISMISS PURSUANT TO FEDERAL RULE OF CIVIL
PROCEDURE 12(b)(6)

Case Number: 5:26-cv-03708-EJD

2333787_2

**Statutes**

42 U.S. Code §1983 ................................................................... *passim*

**Rules**

Federal Rule of Civil Procedure 8 ............................................ *passim*

Federal Rule of Civil Procedure 12 .......................................... *passim*

**Other**

U.S. Const., Amend. XIV ……………………………………………14

CITY OF SAN JOSE DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)

Case Number: 5:26-cv-03708-EJD

2333787_2

## NOTICE OF MOTION

Please take notice on October 15, 2026, Hannah Odekirk, Joseph Hatfield and the City of San Jose (hereinafter "City Defendants") shall move to Dismiss Plaintiffs' Complaint pursuant to Federal Rule 12(b)(6).

## MOTION TO DISMISS

Defendants hereby move the Court for an order pursuant to Rules 8 and 12(b)(6) dismissing all claims for relief (designated "causes of action") in the Complaint on the grounds it fails to set forth averments that are "simple, concise, and direct" and because the Complaint fails to state a claim on which relief may be granted. Further, the action is barred by the *Younger* and *Barton* Doctrines.

Respectfully submitted,

Dated: August 10, 2026

SUSANA ALCALA WOOD, City Attorney

By: _____*/s/ Brian S. Kreger*_____
BRIAN S. KREGER
Senior Deputy City Attorney

Attorneys for CITY OF SAN JOSE, a California Municipal corporation; HANNAH ODEKIRK; JOSEPH HATFIELD

CITY OF SAN JOSE DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)

Case Number: 5:26-cv-03708-EJD

2333787_2

## I.   MEMORANDUM OF POINTS AND AUTHORITIES

### A.   PROCEDURAL SUMMARY AND THE ALLEGATIONS IN PLAINTIFFS' COMPLAINT

On January 8, 2026, Defendant City of San Jose filed a complaint and a request for a TRO against plaintiffs alleging that property in their control was a safety hazard due to unsafe conditions arising out of the manufacture of drugs. (Kreger Dec. Ex. 1). The Superior Court granted the TRO on January 12, 2026, barring plaintiffs from access to the property and appointing a receiver. (Kreger Dec. Ex. 3). Subsequently, on February 25, 2026, the Superior Court granted Defendant City of San Jose's preliminary injunction against plaintiffs. (Kreger Dec. Ex. 4). After the Superior Court denied plaintiff's request to stay the Preliminary Injunction, plaintiffs filed an Appeal to the Sixth Appellate District, but that appeal was dismissed. On April 28, 2026, plaintiffs filed the instant action and a request for a TRO attempting to circumvent the Superior Court's orders. (DKT. No. 1, 2). On April 30, 2026, this Court denied plaintiff's request for a TRO stating, among other things, that the request violated the *Younger* Rule.  (DKT. No. 10).

Further, as Plaintiffs have named the Receiver as a party defendant the action, it is barred under *Barton v. Barbour*, 104 U.S. 126, 127 (1881). The *Barton* doctrine provides that once appointed; the receiver cannot be sued without leave of the Court which appointed him.  No such leave of Court has been obtained or alleged and therefore this action must be dismissed or at a minimum stayed under that doctrine.

Plaintiffs' complaint contains one hundred paragraphs and purports to state ten causes of action seeking damages and declaratory relief against the County of Santa Clara, the City of San Jose and nine individuals including the receiver appointed by the Superior Court, none of which are intelligible or actionable. The City Defendants are the City of San Jose (Tenth Cause of Action for Monell liability), Hannah Odekirk, an attorney employed by the San Jose City Attorney's office, and Joseph Hatfield a Code enforcement officer employed by the City of San Jose. It is not clear from the complaint which causes of action apply to the City Defendants other than the tenth cause of action (Monell claim).

CITY OF SAN JOSE DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)

Case Number: 5:26-cv-03708-EJD

2333787_2

The causes of action contained in the complaint are as follows:

1) Conspiracy;

2) Procedural Due Process;

3) Substantive Due Process;

4) First Amendment Retaliation;

5) Denial of Access to Courts;

6) Fifth amendment taking;

7) Abuse of process;

8) Fourth Amendment Search and Seizure;

9) Fraud on the Court;

10) Monell Liability;

Plaintiffs' complaint is an attempt to obtain different rulings on matters currently before the Superior Court with a shotgun approach asserting various "constitutional violations" to gain traction in another forum. Plaintiffs seek to relitigate their objection to being barred from their property by the Superior Court, because the property at issue was found to be a danger to the community following evidence of drug manufacturing and the presence of dangerous chemicals requiring cleanup. (Kreger Decl. Exs.1, 3, 4, 6).

**B.    PLAINTIFFS' COMPLAINT MUST BE DISMISSED BECAUSE IT IS UNINTELLIGIBLE AND IRRELEVANT RATHER THAN SIMPLE, CONCISE, AND DIRECT**

"The Federal Rules require that averments [in a complaint] 'be simple, concise, and direct.'" *McHenry v. Renne*, 84 F.3d 1172, 1177 (9th Cir. 1996). Plaintiffs' complaint is none of these. It is argumentative, prolix, replete with redundancy, and largely irrelevant. Further, like *McHenry*, it does not make clear connections between specific allegations and individual defendants, making it impossible to figure out which defendants are allegedly liable for which wrongs. *McHenry, supra,* 84 F.3d at 1175.

Plaintiffs' complaint violates the simplicity and concision command of Rule 8. *See id.; see also Flores v. EMC Mortg. Co.*, 997 F. Supp. 2d 1088, 1103 (E.D. Cal. 2014) (dismissing complaint because its "86 pages of text [was] duplicative and lack[ed]

CITY OF SAN JOSE DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)

Case Number: 5:26-cv-03708-EJD

2333787_2

necessary cohesion and organization to decipher claims against defendants and others"). Plaintiffs' complaint reads as though spit out from CHATGPT to include generalized conclusory reference to constitutional violations with no attempt to connect the alleged facts to the conduct of any of the named individual defendants or the causes of action being alleged .Accordingly, Plaintiffs' complaint should be dismissed under Federal Rule of Civil Procedure 8 or stricken pending a more definite statement pursuant to Rule 12(e) for this reason alone. *See McHenry*, *supra,* 84 F.3d at 1179 (holding that failure to satisfy simplicity and concision requirements in Rule 8 is cause for dismissal independent of the complaint's potential merits). The complaint is not compliant with Rule 8 as it lacks the specificity necessary to meaningfully respond and is filed for an improper purpose, namely, to work around the current pending State action. and are an improper request under the *Younger* doctrine that this Court revisit the prior Superior Court rulings as well as intervene in future rulings. (See Dkt. No.10 denying plaintiffs' request for a TRO in this action).

The allegations contained in Plaintiffs' Complaint are nothing more than a rehash of their unsuccessful arguments to the Superior Court. For example, Plaintiffs allege that they could not find the docket number of the action filed, that a conspiracy was afoot to force a cleanup of the property "evidenced by invoice 13335", and that there was no evidence to support the appointment of a receiver. (Pl. Comp. ¶ 39-41, 54). These are nothing more than conclusions and non-existent legal theories attempting to undo the findings and orders of the Superior Court after Plaintiffs unsuccessfully presented these same arguments to the Superior Court (Kreger Decl. Ex. 2, 3, 4).

Further, the factual allegations in this complaint are sparce and not supportive of any viable causes of action.  City Defendant Hatfield is alleged to have "posted a sign" and submitted a declaration in support of the ex parte application that the Superior Court ultimately found sufficient in issuing the TRO. (Pl. Comp. ¶ 47). Further, it is alleged that Hatfield represented that the City was "deferring to the County on the matter."  (Pl. Comp. ¶ 47). Nothing more is contained in the complaint regarding Hatfield which would explain

CITY OF SAN JOSE DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)

Case Number: 5:26-cv-03708-EJD

2333787_2

how he could possibly have engaged in numerous constitutional violations based on those statements or which causes of action supposedly relate to him.

Similarly with respect to City Defendant Odekirk, the allegations are that in her capacity as an attorney for the City of San Jose she filed pleadings and "withheld an e-filing envelope number." It is further alleged that Odekirk made misrepresentations in her filings. (Pl. Comp. ¶ 38-41). Yet those objections and plaintiffs' opposition to those filings have already been addressed by the Superior Court in favor of the City. Further, it is alleged that San Jose lacked the authority to have a receiver appointed. (Pl. Comp. ¶ 35). This also was previously ruled on by the Superior Court in the City's favor. (Kreger Decl. Ex 2, 6). Plaintiffs also complain of the adequacy of Odekirk's filings in the Superior Court. (Pl. Comp. ¶ 32). However, that assertion was rejected by the Superior Court.

With regard to the *Monell* claim against the City of San Jose (Tenth Cause of Action), there are no factual allegations whatsoever of any City of San Jose policy or practice with regard to the allegations in the complaint. Instead, the single paragraph in the cause of action simply reads as a conclusory statement of law by which municipalities can be held liable for constitutional violations with no specific factual allegations related to any actual San Jose policies or practices.

The City defendants respectfully submit that this generalized recitation of argument and conclusion lacks the necessary precision and notice to defendants as required by Rule 8. Further, that none of the causes of action contain sufficient factual allegations to support the asserted causes of action, Deputy City Attorney Oderkirk is entitled to prosecutorial immunity and that both Oderkirk and Hartfield are entitled to qualified immunity.

## C.    PLAINTIFFS' COMPLAINT IS INSUFFICENT

To survive a Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(6), a complaint must plead "sufficient facts 'to state a facially plausible claim to relief.'" *See Conservation Force v. Salazar*, 646 F.3d 1240, 1242 (9th Cir. 2011). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v.*

CITY OF SAN JOSE DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)

Case Number: 5:26-cv-03708-EJD

2333787_2

*Iqbal*, 556 U.S. 662, 678 (2009). The Court disregards "labels and conclusions" that are not supported by separately alleged facts. *See id.*, 556 U.S. at 678 (holding that a complaint does not suffice when "it tenders naked assertions devoid of further factual enhancement") (internal quotations and brackets omitted). Furthermore, "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal,* 556 U.S. at 678. Rather, "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.* If the allegations "do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged — but it has not 'show[n]' — 'that the pleader is entitled to relief.'" *Iqbal,* 556 U.S. at 679.

A complaint is properly dismissed under Rule 12(b)(6) when there is a "'lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory.'" *California Parents for the Equalization* of *Educational Materials v. Torlakson, 267* F.Supp.3d 1218,1223 (N.D. Cal. 2017), citing *Balisteri v. Pacifica Police Dept., 901 F.2d* 696, 699 (9th Cir. 1990). While the court is to accept as true the factual allegations set forth in the complaint, it need not accept legal conclusions that are phrased as factual allegations. *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 550 (2007).

The claims Plaintiffs assert against the City are either not cognizable or not supported by sufficient factual material to establish a plausible entitlement to relief.

**D.     PLAINTIFFS HAVE NOT PLEAD A PLAUSIBLE CAUSE OF ACTION**

**1.     Plaintiffs' First Cause of action has Not Sufficiently Plead a Conspiracy**

"To establish the defendants' liability for a conspiracy, a plaintiff must demonstrate the existence of an agreement or meeting of minds to violate constitutional rights." *Mendocino Environmental Center v. Mendocino County*, 192 F.3d 1283, 1301 (9th 1999) (internal quotations omitted).  "To state a [conspiracy] claim . . . the plaintiff must state specific facts to support the existence of the claimed conspiracy."  *Burns v. Cty. of King*, 883 F.2d 819, 821 (9th Cir. 1989); *Davis v. Powell*, 901 F. Supp. 2d 1196, 1217 (S.D. Cal. 2012) (same); *see also Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 626 (9th Cir. 1988) ("A mere allegation of conspiracy without factual specificity is insufficient" to

CITY OF SAN JOSE DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)

Case Number: 5:26-cv-03708-EJD

2333787_2

state a claim).  Thus, vague and conclusory conspiracy claims that include no allegations regarding each defendant's role in the common objective of the alleged conspiracy are subject to dismissal.  *Davis,* 901 F. Supp. 2d at 1217; *Cox v. Ashcroft*, 603 F. Supp. 2d 1261, 1271–72 (E.D. Cal. 2009) ("Claims based on vague and conclusory allegations, which fail to specify each defendant's role in the alleged conspiracy, are subject to dismissal."). violated his rights pursuant to a broad conspiracy and leaves it at that. (Pl. Comp. ¶¶ 53-55).

The entirety of Plaintiffs' conspiracy claim relies on the *ipso facto* conclusion that, because the various defendants sought judicial relief, they must have conspired.  That specious and conclusory statement does not suffice to state a conspiracy claim.  *Chuman v. Wright* 76 F.3d 292 (9th Cir. 1996) (rejecting conspiracy theory that "lump[s] all the defendants together" rather than basing liability on each defendant's "own conduct"); *Chavez v. United States* 683 F.3d 110 (9th Cir.2012) (rejecting allegations that supervising officers ordered and participated in constitutional violations as "wholly conclusory").

The elements of a cause of action for conspiracy under 1983 are 1) the existence of an express or implied agreement among the defendants to deprive plaintiff of a constitutional right, and 2) the actual deprivation of that right resulting from the agreement. *Ting v. United States* 927 F.2d 1504, 1512 (9th Cir. 1991). Causation is an implicit requirement of all civil rights violations *Arnold v. IBM Corp.,* 637 F.2d 1350, 1355 (9th Cir. 1981). Plaintiffs must show not just causation in fact but proximate or legal causation. Arnold supra at 1355. Therefore, plaintiffs must set forth facts showing particularly what a defendant did to carry the conspiracy into effect, whether the acts fit within the framework of the conspiracy alleged, and whether the acts in the ordinary course of events would cause injury to plaintiff.  *Hoffman v. Halden* 268 F2d 280, 295 (9th Cir. 1959).

Here, Plaintiffs have failed to allege specific facts to support the allegation that defendants conspired together. See *Karim-Panahi v. Los Angeles Police Dep't,* 839 F.2d 621, 626 (9th Cir. 1988) ("A mere allegation of a conspiracy without factual specificity is insufficient."

13

CITY OF SAN JOSE DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)

Case Number: 5:26-cv-03708-EJD

2333787_2

## 2. Plaintiffs' Causes of action for Procedural and Substantive Due Process are Inadequate

Plaintiffs' complaint alleges conclusory statements which do support a plausible claim for Due Process violations. The complaint does not meet the high burden of alleging the City Defendants' conduct shocks the conscience and had no legitimate public purpose to make out a substantive due process claim. Substantive due process only protects "fundamental rights and liberties which are … deeply rooted in this Nation's history and tradition and implicit in the concept of ordered liberty … requiring a careful description of the asserted fundamental liberty interest." *Washington v. Glucksberg*, 521 U.S. 702, 720-21 (1997) (internal quotations omitted). "Those [fundamental] rights are few, and include the right to marry, to have children, to direct the education and upbringing of one's children, to marital privacy, to use contraception, to bodily integrity, and to refuse unwanted lifesaving medical treatment." *United States v. Juvenile Male*, 670 F.3d 1012, 1012 (9th Cir. 2012). Fundamental rights are created by the Constitution, whereas property interests, like the ones asserted by Plaintiff here, are created by independent sources like state law. *Greenbriar Village, LLLC v. Mountain Brook City*, 345 F.3d 1258, 1262 (11th Cir. 2003).

To allege a substantive due process claim, there must be "(1) the deprivation of a protectible property interest (2) by means that were arbitrary and capricious." *Wedges/Ledges of Cal v. City of Phoenix*, 24 F.3d 56, 62 (9th Cir. 1994). Where the injury resulted from allegedly abusive executive action, "only the most egregious official conduct can be said to be arbitrary in the constitutional sense" such that it "shocks the conscience." *County of Sacramento v. Lewis*, 523 U.S. 833, 846 (1998).

Similarly, the Second cause of action for Procedural due process is completely lacking. The Fourteenth Amendment guarantees that a state cannot "deprive any person of . . . property[] without due process of law." U.S. Const., Amend. XIV. One of the central and undisputed guarantees of due process in our jurisprudence is that, before the government permanently deprives a person of a liberty interest or a property interest, that

CITY OF SAN JOSE DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)

Case Number: 5:26-cv-03708-EJD

2333787_2

person will receive – at a minimum – effective notice. *See Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 313 (1950); *see also Tulsa Pro. Collection Servs. v. Pope*, 485 U.S. 478 (1988); *Dusenbery v. United States*, 534 U.S. 161, 167 (2002); *United States v. James Daniel Good Real Prop.*, 510 U.S. 43, 48 (1993). Indeed, notice is so important because it operates to enable and effectuate the subsequent opportunity to be heard – in part, proper notice is what transforms a mere opportunity to be heard into a *meaningful* opportunity to be heard. *See Mullane*, 339 U.S. at 314; *Memphis Light, Gas & Water Div. v. Craft*, 436 U.S. 1, 14 (1978) ("The purpose of notice under the Due Process Clause is to apprise the affected individual of, and permit adequate preparation for, an impending 'hearing.'"). A meaningful opportunity to be heard, in turn, provides its own benefits, it operates to "minimize substantively unfair or mistaken deprivations." *Fuentes v. Shevin*, 407 U.S. 67, 81 (1972). It also operates to preserve the "high value, embedded in our constitutional and political history, that we place on a person's right to enjoy what is his [or hers], free of governmental interference." *Id*. It also preserves a person's dignity to "choose for himself [or herself] whether to appear or default, acquiesce or contest." *Mullane*, 339 U.S. at 314. Without proper notice, "[the] right to be heard has little reality or worth." *Id*. Therefore, notice must be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Id*.; *see also City of W. Covina v. Perkins*, 525 U.S. 234, 240 (1999) (holding the form of notice must be sufficient to ensure that the opportunity to be heard is "meaningful.").

Here, Plaintiff merely claims that Defendants utilized the ex parte procedure (Pl. Comp. ¶ 58), recorded a deed of trust (Pl. Comp. ¶ 59), and that the Superior Court has deprived them of the use of the property (Pl. Comp. ¶ 62). These statements are wholly inadequate to allege a due process violation. Additionally, for this court to entertain these causes of action it would need to revisit al of the superior Court's ruling, something it has already declined to do under the *Younger* doctrine (Dkt. No. 10).

///

CITY OF SAN JOSE DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)

Case Number: 5:26-cv-03708-EJD

2333787_2

### 3.    Plaintiffs' 4th claim for First amendment Retaliation is inadequate.

The sole basis appears to be that because Plaintiffs filed a claim against defendants on October 15, 2025, the fact that Defendants filed a complaint for a receivership nine days later established a cause of action for retaliation. (Pl. Comp. ¶ 65-66).

In order to make out a violation of the Free Exercise Clause, a plaintiff must establish that the challenged conduct resulted in an impairment of his or her free exercise of genuinely held beliefs. *See United States v. Lee*, 455 U.S. 252, 256-57 (1982). However, in evaluating such a claim, courts need to be mindful that "every person cannot be shielded from all burdens incident to exercising every aspect of the right to practice religious beliefs." *Id*. at 261. Indeed, "the right of free exercise does not relieve an individual of the obligation to comply with a 'valid and neutral law of general applicability on the ground that the law proscribes (or prescribes) conduct that his religion prescribes (or proscribes).'" *Emp't Div. v. Smith*, 494 U.S. 872, 879 (1990); *see also Christian Legal Soc. Chapter of the Univ. of Cal., Hastings Coll. of Law v. Martinez*, 561 U.S. 661, 697 n.27 (2010) ("[T]he Free Exercise Clause does not inhibit enforcement of otherwise valid regulations of general application that incidentally burden religious conduct."). Plaintiffs' conclusory statement of filings does not adequately plead retaliation for First Amendment activities.

### 4.    Plaintiffs Sixth Cause of Action Fails to Allege Facts Sufficient for a Regulatory Takings Claim

Plaintiffs do not allege in the complaint the nature of their property interest.  Rather the complaint makes conclusory statements that because of court orders they have been "excluded" from the property after the Superior Court ruled on the evidence before it regarding public safety risks associated with the property. (Kreger Decl. Ex. 3 and 4). The Complaint also alleges that the prior Superior Court proceedings took place without notice, a fact shown false by the superior court filings and orders. (Kreger Decl. Exs. 1-4). This cause of action for a "taking" is simply an attempt to revisit the prior court orders of the Superior court. Furthermore, Plaintiffs already challenged this order by filing a motion to

CITY OF SAN JOSE DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)

Case Number: 5:26-cv-03708-EJD

2333787_2

stay which was denied (Kreger Decl. Ex. 5.). Still trying to find a way to stop the proceedings, Plaintiffs also filed an appeal which was rejected and requested that this court issue a TRO which was denied. The problem for plaintiffs is that the actions they complain about are not takings, but valid court orders resulting from legal actions.

There is no legally recognizable taking where the government abates public nuisance. "Courts have consistently held that a State need not provide compensation when it diminishes or destroys the value of property by stopping illegal activity or abating a public nuisance." *Fouts v. Cty. Of Clark*, 76 F. App'x 825, 826–27 (9th Cir. 2003) (quoting *Keystone Bituminous Coal Ass'n v. DeBenedictis*, 480 U.S. 470, 492 n. 22 (1987)). "This recognition that the Takings Clause does not require compensation when an owner is barred from putting land to a use that is proscribed by those 'existing rules or understandings' is surely unexceptional." *Lucas v. S.C. Coastal Council*, 505 U.S. 1003, 1030 (1992).

**5.    Plaintiffs' 7th cause of action for abuse of process is unintelligible and does not allege a viable legal theory**

Plaintiff alleges that defendants "used the State-court process for purposes the process was not designed to serve."  Unfortunately for Plaintiffs, the Superior Court ruled otherwise and this "cause of action" does not remotely allege a viable theory of recovery because the remedy would require this court revisit and intervene in the ongoing Superior Court Action.  As this court noted in its prior ruling, the *Younger* doctrine precludes it from intervening and in its ruling this Court determined that the *Younger* doctrine applies. (Dkt. No. 10).

**6.    Plaintiff's 5th and 9th Causes of action are non-existent legal theories**

Plaintiffs' allege theories of "denial of access to the courts," and "fraud on the Court" with nothing but conclusory statements that defendants employed a scheme to "improperly influence the court," and "withheld a docket number." These are not plausible legal theories as there are no such causes of action available to plaintiffs.  Further these claims are barred under the *Younger* doctrine as well.

17

CITY OF SAN JOSE DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)

Case Number: 5:26-cv-03708-EJD

2333787_2

**7.    Plaintiffs' Conclusory Allegations Do Not Support a Theory of Municipal Liability**

Plaintiffs' complaint makes no effort to allege facts showing that the City Defendants' actions reflect a policy or practice of falsely targeting property contaminated with methamphetamine.  Plaintiffs' conclusory allegations of some unidentified policy or practice will not support a federal claim against the City of San Jose under *Monell.*

For a municipal liability claim under a theory of unconstitutional custom or practice, a plaintiff must allege "the existence of a widespread practice" in the city that "is so permanent and well settled as to constitute a 'custom or usage' with the force of law.'" *Gillette v. Delmore*, 979 F.2d 1342, 1348 (9th Cir. 1992); *see also Trevino v. Gates*, 99 F.3d 911, 918 (9th Cir. 1996) ("Liability for improper custom . . . must be founded upon practices of sufficient duration, frequency and consistency that the conduct has become a traditional method of carrying out policy" in the city).  Plaintiff fails to do so.

Plaintiffs' allegations of "supervisory ratification," and "final policy making," do not sufficiently plead facts as opposed to conclusions, and do not allege and specific facts that show a practice or policy of the *City of San Jose.  Delphix Corp. v. Actifo, Inc.*, No. 13cv4613, 2014 WL 4628490, at *2 (N.D. Cal. Mar. 19, 2014) (use of "information and belief" as to some allegations but not others shows "that plaintiff likely lacks knowledge of underlying facts . . . and is instead engaging in speculation to an undue degree").  His allegations do not meet the pleading requirement for municipal liability.  *See Green v. County of Yuba*, No. 2:18-CV-02234-JAM-AC, 2019 WL 827638 *5 (E.D. Cal. Feb. 21, 2019) (dismissing municipal liability claim where plaintiff failed to "raise any specific instances of similar conduct, but instead, on information and belief, allege[d] there [were] dozens of similar types of nuisance and abatement actions with similar legal violations since summer of 2017").  Any federal claims against the City should therefore be dismissed, as a municipality cannot be held liable for Section 1983 claims under a theory of vicarious liability.  *Flores v. County of Los* Angeles, 758 F.3d 1154, 1158 (9th Cir. 2014)

///

CITY OF SAN JOSE DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)

Case Number: 5:26-cv-03708-EJD

2333787_2

**8.    Attorney Hannah Odekirk Has Prosecutorial Immunity and Should Be Dismissed**

The sum of Plaintiffs' grievances against Attorney Odekirk is that as an attorney on behalf of the City of San Jose she filed an action against Plaintiffs, withheld a docket number and allegedly made false statements in her declaration. However, these issues have already been addressed by the Superior court.  Because Plaintiffs were on the losing side of these claims in State Court, they now seek this Court's intervention.  However, this court cannot do so under *Younger* and the allegations against Odekirk are barred by prosecutorial immunity.

Absolute prosecutorial immunity will shield attorneys who prosecute civil enforcement actions from Section 1983 liability – for example, agency attorneys who make decisions as to whether to initiate administrative proceedings against an individual, which the Supreme Court found to be "very much like the prosecutor's decision to initiate or move forward with a criminal prosecution." *Butz v. Economou*, 438 U.S. 478, 515 (1978). Similarly, the Eighth Circuit held that a City Attorney who had filed a condemnation action, which was the basis for the plaintiff's section 1983 claims against the attorney, was entitled to absolute prosecutorial immunity.  *Parette v. Virden*, 173 F. App'x 534, 536 (8th Cir. 2006).  Courts have so held in other civil litigation contexts as well.  *See Cooper v. Parrish*, 203 F.3d 937, 947 (6th Cir. 2000) (district attorneys initiating and preparing public nuisance and civil forfeiture complaints entitled to absolute prosecutorial immunity from 1983 action because they are functioning in an enforcement role and acting as advocates for the state); *Fry v. Melaragno*, 939 F.2d 832, 836-38 (9th Cir. 1991). In this case, had the attorneys determined there was no use in settling with Plaintiff, their decision to file an abatement lawsuit would be immune from liability. The same immunity should attach to their decision to discuss the matter with Plaintiff, as alleged in the FAC.

As set forth in *Buckley v. Fitzsimmons* 509 U.S. 259 (1993) and *Cooper v. Parrish* 203 F3d 937 (6th Cir. 2000), even acts undertaken to prepare for the initiation of judicial

CITY OF SAN JOSE DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)

Case Number: 5:26-cv-03708-EJD

2333787_2

proceedings do qualify for absolute immunity. As the Court explained in *Cooper*, acts even undertaken in preparation of a judicial action are covered by the immunity.

**E.    QUALIFIED IMMUNITY APPLIES TO ODEKIRK AND HATFIELD BECAUSE NO CLEARLY ESTABLISHED RIGHT WAS ALLEGED TO BE VIOLATED**

Even if Plaintiffs' allegations could be determined to state an arguable constitutional claim in some respect, the individual Defendants Hatfield and Odekirk are entitled to qualified immunity as a matter of law. The purpose of the qualified immunity defense is to "protect all but the plainly incompetent or those who knowingly violate the law" by prohibiting § 1983 liability except where a government official violates a "clearly established right." *White v. Pauly*, 137 S. Ct. 548, 551 (2017). Qualified immunity and the "clearly established law" requirement applies to all public employees, including City Attorneys, San Jose police officers and members of the San Jose Fire Department. *DePaul Industries v. Miller* 14 F.4th 1021 (9th Cir. 2021).

It is appropriate to apply qualified immunity at the pleading stage. Because the defense is "an immunity from suit rather than a mere defense to liability," the Supreme Court has "repeatedly . . . stressed the importance of resolving" the qualified immunity question "at the earliest possible stage of litigation." *Pearson v. Callahan*, 555 U.S. 223, 231 (2009); *Behrens v. Pelletier*, 516 U.S. 299, 308 (1996) (Qualified immunity is the right "not merely to avoid 'standing trial,' but also to avoid the burdens of 'such *pretrial* matters as discovery, [which] can be particularly disruptive of effective government.'"); *Dunn v. Castro*, 621 F.3d 1196, 1199 (9th Cir. 2010) ("We find it particularly appropriate to resolve Dunn's case at [the pleading] stage because . . . [q]ualified immunity [protects the right] to avoid the burdens of such pretrial matters as discovery.") (cleaned up).

Recent U.S. Supreme Court cases indicate that it expects courts to strictly construe the "clearly established right requirement," emphasizing that plaintiffs must establish that their case is closely factually similar to a prior case in which a constitutional violation has been found.  Plaintiff cannot meet that burden.

///

CITY OF SAN JOSE DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)

Case Number: 5:26-cv-03708-EJD

2333787_2

In *City of Tahlequah v. Bond* 142 S. Ct. 9 (2021), the Court reversed a Tenth Circuit decision declining to apply qualified immunity. The Court explained that none of the cases referenced by the Tenth Circuit were similar enough to that case to find that the alleged violation was "clearly established."  Thus, qualified immunity applied. Similarly, there is no case which supports the conclusion that Defendants Odekirk and Hatfield would have known that they were violating a clearly established constitutional right. Plaintiffs must point to "controlling authority or a robust consensus of cases of persuasive authority" finding a constitutional violation under circumstances similar enough that "every reasonable official would interpret [the existing precedent] to establish the particular rule [Plaintiff] seeks to apply." *D.C. v. Wesby*, 138 S. Ct. 577, 589–90 (2018).

## II.    CONCLUSION

Plaintiffs' Complaint should be dismissed or at least stayed under the *Younger* and *Barton* Doctrines. Further the Complaint should be dismissed in its entirety under Federal Rule 8 because it is so convoluted and unintelligible that it fails to provide notice regarding the nature of its claims. Finally, the Complaint should be dismissed for the independent reason that it fails to state a claim insofar as it alleges no facts establishing municipal liability or any constitutional violations by the individual Defendants. Defendants respectfully move this Court for an order so ruling.

Respectfully submitted,

Dated: August 10, 2026                    SUSANA ALCALA WOOD, City Attorney

By:   ___*/s/ Brian S. Kreger*___
       BRIAN S. KREGER
       Sr. Deputy City Attorney

Attorneys for CITY OF SAN JOSE, a California Municipal corporation; HANNAH ODEKIRK; JOSEPH HATFIELD

CITY OF SAN JOSE DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)

Case Number: 5:26-cv-03708-EJD

2333787_2

# CERTIFICATE OF SERVICE

CASE NAME:     *NICHOLAS CHRISTIAN, et al. v. CITY OF SAN JOSE, et al.*

CASE NO.:        5:26-cv-03708-EJD

I, the undersigned declare as follows:

I am a citizen of the United States, over 18 years of age, employed in Santa Clara County, and not a party to the within action.  My business address is 200 East Santa Clara Street, San Jose, California  95113-1905, and is located in the county where the service described below occurred.

On August 10, 2026, I caused to be served the within:

**CITY OF SAN JOSE DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)**

☐     by MAIL, with a copy of this declaration, by depositing them into a sealed envelope, with postage fully prepaid, and causing the envelope to be deposited for collection and mailing on the date indicated above.

I further declare that I am readily familiar with the business' practice for collection and processing of correspondence for mailing with the United States Postal Service. Said correspondence would be deposited with the United States Postal Service that same day in the ordinary course of business.

☒     by ELECTRONIC TRANSMISSION, with a copy of this declaration, to an electronic address listed below.

I further declare that the electronic transmission was sent on August 10, 2026, before 6:00 p.m., and that the City of San José, City Attorney's electronic address is cao.main@sanjoseca.gov.

The above-described transmission was reported as sent by a transmission report available for printing from the computer.

Addressed as follows:

Nicholas Christian                              Cherly Lam, Ph.D.
72 N. Buena Vista Ave                       72 N. Buena Vista Ave
San Jose, CA 95126                          San Jose, CA 95126
Telephone: (408) 940-2424              Telephone: (408) 421-7162
E-Mail: christian.nicholask@gmail.com     E-Mail: cheryl16@gmail.com

**Pro Se**                                          **Pro Se**

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.  Executed on August 10, 2026, at San Jose, California.

_____
Veronica Martinez

22

PROOF OF SERVICE                                          Case Number: 5:26-cv-03708-EJD

2333787_2