SUSANA ALCALA WOOD, City Attorney (156366)
ARDELL JOHNSON, Assistant City Attorney (95340)
SEAN RICHMOND, Chief Deputy City Attorney (210138)
BRIAN S. KREGER, Sr. Deputy City Attorney (106707)
Office of the City Attorney
200 East Santa Clara Street, 16th Floor
San José, California  95113-1905
Telephone Number: (408) 535-1900
Facsimile Number:  (408) 998-3131
E-Mail Address:  cao.main@sanjoseca.gov

Attorneys for CITY OF SAN JOSE, a California
Municipal corporation; HANNAH ODEKIRK; JOSEPH
HATFIELD

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| NICHOLAS CHRISTIAN, an individual; and CHERYL LAM, Ph.D., an individual, <br><br> Plaintiffs, <br><br> v. <br><br> CITY OF SAN JOSE, a California municipal corporation; COUNTY OF SANTA CLARA, a California public entity; HANNAH ODEKIRK, JOSEPH HATFIELD, JOANNE TRACEY, JEAN NGUYEN, MARILYN C. UNDERWOOD, and SONIA WILLS, in their individual and official capacities; GERARD F. KEENA II, BRANDON CARR, and JORGE VIZCAINO, in their individual capacities, <br><br> Defendants. | Case Number:  5:26-cv-03708-EJD <br><br> **DECLARATION OF BRIAN S. KREGER IN SUPPORT OF CITY OF SAN JOSE DEFENDANTS' MOTION TO DISMISS** <br><br> Date:  October 15, 2026 <br> Time:  9:00 a.m. <br> Courtroom.:  4, 5th Floor <br> Judge:  Hon. Edward J. Davila |

///

///

///

1

I, Brian S. Kreger, declare:

1.      I am a Sr. Deputy City Attorney for the City of San Jose and attorney of record for Defendants Hannah Oferkirk, Joseph Hatfield and the City of San Jose. I am an attorney at law licensed to practice before the courts of the state of California and one of the attorneys of record for the City of San Jose in this matter.

2.      Attached hereto and marked as Exhibit 1 is a true and correct copy of the City's Complaint filed on January 8, 2026, in Santa Clara County Superior court Action No. 26CV484023 seeking injunction relief for Narcotics abatement against Plaintiffs.

3.      Attached hereto and marked as Exhibit 2 is a true and correct copy of the Plaintiffs' opposition to the City's complaint filed in Santa Clara County Superior court Action No. 26CV484023.

4.      Attached hereto and marked as Exhibit 3 is a true and correct copy of Superior Court Judge Parrett's Order granting a Temporary Restraining Order against Plaintiffs filed in Santa Clara County Superior court Action No. 26CV484023.

5.      Attached hereto and marked as Exhibit 4 is a true and correct copy of Superior Court Judge Parrett's Order granting a Preliminary Injunction against Plaintiffs filed in Santa Clara County Superior court Action No. 26CV484023.

6.      Attached hereto and marked as Exhibit 5 is a true and correct copy of Superior Court Judge Parrett's Order denying plaintiff's motion to stay his Preliminary Injunction Order filed in Santa Clara County Superior court Action No. 26CV484023.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on August 10, 2026, at San Jose, California.


                                        /s/ Brian S. Kreger
                                        _____
                                        BRIAN S. KREGER
                                        Sr. Deputy City Attorney

DECLARATION OF BRIAN S. KREGER IN SUPPORT OF CITY          Case Number: 5:26-cv-03708-EJD
OF SAN JOSE DEFENDANTS' MOTION TO DISMISS
23337952333795

# EXHIBIT 1

SUSANA ALCALA WOOD, City Attorney (156366)
ARDELL JOHNSON, Assistant City Attorney (95340)
MAREN J. CLOUSE, Chief Deputy City Attorney (228726)
HANNAH ODEKIRK, Deputy City Attorney (352779)
Office of the City Attorney
200 East Santa Clara Street, 16th Floor
San José, California  95113-1905
Telephone Number: (408) 535-1900
Facsimile Number:  (408) 998-3131
E-Mail Address:  cao.main@sanjoseca.gov

Attorneys for Plaintiffs CITY OF SAN JOSE and
THE PEOPLE OF THE STATE OF CALIFORNIA

SUPERIOR COURT OF CALIFORNIA

COUNTY OF SANTA CLARA

UNLIMITED JURISDICTION

| | |
|---|---|
| THE PEOPLE OF THE STATE OF CALIFORNIA, acting by and through San Jose City Attorney Susana Alcala Wood; and CITY OF SAN JOSE, a municipal corporation and charter city,<br><br>        Plaintiffs,<br>    v.<br><br>CHERYL LAM, an individual; NICHOLAS KEITH CHRISTIAN, an individual; and DOES 1 through 20, inclusive,<br><br>        Defendant(s). | Case Number:<br><br>**COMPLAINT FOR:**<br><br>  1) **VIOLATION OF THE NARCOTICS ABATEMENT LAW (Health & Saf. Code § 11570, et seq.)**<br>  2) **PUBLIC NUISANCE (Civil Code § 3479 et seq.)**<br>  3) **DECLARATORY AND INJUNCTIVE AND OTHER RELIEF FOR MAINTAINING A PUBLIC NUISANCE, NARCOTICS ABATEMENT, AND A NUISANCE PER SE**<br><br>*Exempt from Filing Fees (Govt. Code § 6103); Deemed Verified (Code. Civ. Proc. §446)* |

## **INTRODUCTION**

Plaintiffs the City of San Jose ("City"), and the People of the State of California ("the People") file this Complaint against Defendant CHERYL LAM, Defendant NICHOLAS KEITH CHRISTIAN (together "Defendants"), and DOES ONE through TEN (all collectively as the "Defendants"). Plaintiff hereby alleges as set forth below:

1

COMPLAINT                                                      Case No.:

2245937

## **PRELIMINARY ALLEGATIONS**

1.      Plaintiff files this Complaint due to Defendants' violation of law in their ownership, maintenance, and use of a residential property located at 72 North Buena Vista Avenue, San Jose, CA 95126, more particularly described as Assessor Parcel Number 274-42-204 ("Property"). The Property is located in the City of San Jose.

2.      Since at least November of 2023, the Property has been maintained in violation of San Jose Municipal Code ("SJMC"), the Narcotics Abatement Law, and California Public Nuisance Law.

3.      On November 9, 2023, the Department of Homeland Security ("DHS") executed a criminal search warrant and discovered a clandestine methamphetamine laboratory. DHS contacted the Code Enforcement Division of the City of San Jose ("Code Enforcement") regarding their discovery, and Code Enforcement in turn notified the Santa Clara County Department of Environmental Health ("DEH").

4.      On November 16, 2023, DEH Hazardous Materials Compliance Division collected samples from the interior of the Property and confirmed methamphetamine contamination levels well above the allowable health risk-based screening level. DEH determined that the contamination in the Property poses a hazard to human health and the environment.

5.      Pursuant to the Methamphetamine or Fentanyl Contaminated Property Cleanup Act ("Act"), per the California Health and Safety Code § 25400.10 et seq., DEH issued a Methamphetamine Contaminated Property Cleanup Order on December 5, 2023 ("Order") instructing Defendants to address the contamination and vacate the premises until abatement is completed.

6.      Code Enforcement posted a notice condemning the Property due to health and safety concerns.

7.      Defendants have declined to follow any directives from DEH since February of 2024, and no clean-up of the methamphetamine contamination has occurred.

8.      On December 15, 2025, Code Enforcement posted a Notice and Order to Abate

COMPLAINT                                                          Case No.:

2245937

Nuisance ("Notice to Abate") on the Property, and the City of San Jose City Attorney's Office mailed a copy of the Notice to Abate to the Defendants. Defendant Christian maintains that he and Defendant Lam do not believe Plaintiff's actions are valid and have declined to provide information about whether they intend to comply with the Notice to Abate.

9. The Property continues to pose a serious health and safety risk not only to individuals who may attempt to access the Property, but also to residents of the neighboring townhome located at 78 North Buena Vista Ave ("Neighboring Property"), which shares a common wall and has also been confirmed to be impacted by the contamination originating from the Property.

10. At all times herein mentioned in this Complaint, the Property is a residential property owned, controlled, and maintained by Defendants. During Defendants' ownership and/or control of Property, Defendants failed to properly maintain the Property and have created a public nuisance *per se* based on violations of the San Jose Municipal Code (SJMC) (SJMC §§ 1.13.050 and 17.02.010) as well as violated California Health and Safety Code sections 17920.3 and 11570.

11. Plaintiff requests that this Court declare the Property a public nuisance and issue an injunction against Defendants for the following:

   a. Violation of the Narcotics Abatement Law (Health & Saf. Code § 11570, et seq.)

   b. Public Nuisance (Civil code § 3479, et seq.); and

   c. Maintenance of a public nuisance *per se* for violation of community preservation regulations under Title 17, Chapter 17.72 of the San Jose Municipal Code and for violation of SJMC section 1.13.050.

12. Plaintiff further requests that this Court order the appointment of a receiver pursuant to Health and Safety Code section 17980.7(c), so that the contamination Defendants have created and/or allowed to exist at the Property constituting substandard housing conditions can be resolved and the Property made safe.

COMPLAINT                                                                    Case No.:

2245937

**PARTIES**

13.    Plaintiff City of San Jose is a municipal corporation and a charter city, duly organized and existing under the Constitution of the State of California and is charged with maintaining the public health, welfare and safety of its citizens.

14.    Plaintiff The People of the State of California are hereby represented by and through Susana Alcala Wood, City Attorney for the City of San Jose, who acts on their behalf pursuant to Health and Safety Code section 11571, and Code of Civil Procedure section 731.

15.    The real property subject to this action is:

        d.    The building structure which is located at 72 North Buena Vista Ave., California 95126;

        e.    The parcel of land upon which the building structure sits, located in the State of California, County of Santa Clara, with a situs address of 72 North Buena Vista Ave., San Jose, California 95126 with assessor parcel number 274-42-204.

        f.    The structure described in subsection (a) above and parcel described in subsection (b) above are hereinafter referred to collectively as the "Property."

16.    Plaintiff is informed and believes, and thereon alleges, that since at least September 2008, the Property has been owned and controlled by Defendant CHERYL LAM.

17.    Plaintiff is informed and believes, and thereon alleges, that since at least September 2022, Defendant LAM has permitted Defendant NICHOLAS KEITH CHRISTIAN to occupy the Property.

18.    Defendants are those individuals and/or entities who are owners, operators, landlords, property managers, lessors, lessees, sublessors, sublessees, users, invitees, guests, occupants, or anyone who exercises dominion and control over the property who permit, or maintain a nuisance on the Property, including use of  the Property in violation of

4

COMPLAINT                                                                                    Case No.:

2245937

the San Jose Buildings and Construction regulation (SJMC Title 17), operating or permitting the Property as a nuisance (SJMC Title 1, Chapter 1.13), and using the Property in violation of the California Health and Safety Code section 17920.3. All violations alleged within this Complaint occurred during the course and conduct of Defendants' ownership, possession, tenancy, dominion, control or occupancy of the Property.

19.    Plaintiff is informed and believes, and thereon alleges, that Defendants DOES 1-10 hold, and have held, and at all times relevant herein, an interest in the Property in the form of a lease, rental agreement, ownership interest or other informal interest or agreement, and pursuant thereto, participate in and further the illegal distribution, storage, or manufacturing of narcotics at the Property.

20.    Plaintiff is informed and believes, and thereon alleges that Defendants DOES 11-20, are additional lessees, sublessees, employees, frequent and regular users, invitees, guests and/or occupants of the Property.

21.    Plaintiff sues fictitiously-named Defendants DOE 1 through DOE 20, inclusive, pursuant to Code of Civil Procedure § 474, because their names, capacities, status or facts showing them to be liable are not presently known. Plaintiff is informed and believes, and thereon alleges, that each of the fictitiously-named Defendants is responsible in some manner for the occurrences herein alleged, including permitting, creating, and maintaining a public nuisance at the Property.

22.    The true names and capacities, whether individual, corporate or otherwise of DOES 1-20 are at this time unknown to Plaintiff. Plaintiff will amend this complaint to show the true names of each when they have been ascertained.

### JURISDICTION AND VENUE

23.    This case is an unlimited civil case because it is not one of the proceedings described by statute as a limited civil case.

24.    Pursuant to Code of Civil Procedure 410.10, this action lies within the general jurisdiction of the Court, because the causes of action arise under California law and Defendants reside and/or do business within California.

5

COMPLAINT

Case No.:

2245937

25.    Venue is proper as the Property is located in the City of San Jose, which is located in the County of Santa Clara, California. Further, venue is proper in the Superior Court of Santa Clara County as Plaintiff seeks to enjoin unlawful activities occurring at a property located in Santa Clara County and recover costs and penalties imposed by statute, and Defendants' liability arose in Santa Clara County.

## APPLICABLE LAW

### A.    State Narcotics Abatement Law

26.    Since its enactment in 1972, the principal purpose of the Narcotics Abatement Law ("NAL") is the abatement of buildings and places "used for the purpose of unlawfully selling, serving, storing, keeping, manufacturing, or giving away any controlled substance, precursor, or analog specified in this division…" (Health & Saf. Code § 11570.)

27.    The NAL provides that every building or place used for the purpose of unlawfully selling serving, storing, keeping, manufacturing, or giving away any controlled substance, precursor, or analog *inter alia* "is a nuisance which **shall** be enjoined, abated, and prevented… whether it is a public or private nuisance." (Health & Saf. Code § 11570 [emphasis added].)

28.    Health and Safety Code section 11571 authorizes the city attorney in the name of the People to bring an action to abate, prevent, and perpetually enjoin such nuisances. It provides in relevant part: "Whenever there is any reason to believe that a nuisance as described in Section 11570 is kept, maintained, or exists in any county… the city attorney of any incorporated city… in the name of the people, may… maintain an action to abate and prevent the nuisance and to perpetually enjoin the person conducting or maintaining it, and the owner, lessee, or agent of the building or place in or upon which the nuisance exists from directly or indirectly maintaining or permitting the nuisance."

29.    Health and Safety Code section 11573(a) provides that: " If the existence of the nuisance is shown in the action to the satisfaction of the court or judge, either by verified complaint or affidavit, the court or judge **shall** allow a temporary restraining order or injunction to abate and prevent the continuance or recurrence of the nuisance (emphasis

COMPLAINT                                                                    Case No.:

2245937

added.)

30.     Health and Safety Code section 11581(b)(2) provides that the court may assess a civil penalty not to exceed $25,000 against any of the defendants, based upon the severity of the nuisance and its duration.

**B.      San Jose Municipal Code; Public Nuisance Defined**

31.     SJMC § 1.13.040 provides that "[n]o person may maintain or use property or allow their property to be maintained or used in a manner that creates or fosters the creation of a public nuisance."

32.     SJMC § 1.13.050 defines a public nuisance as the "maintenance or use of the property in the city in a manner that jeopardizes or endangers the health, safety or welfare of persons on the premises or in the surrounding area." (SJMC §§ 1.13.050 (A)(1).)

33.     Title 17 of the SJMC regulates the buildings and construction within the City limits. Among other things, Chapter 17.02 of the SJMC specifically states that "any thing or condition, including but not limited to the violation of this Code which threatens injury or damage to the health, safety, welfare or property of members of the public which obstructs the free use of property of others or interferes with the comfortable enjoyment of life or property…which fails to provide minimum standards of safety and habitability in housing for any citizen of the city is a nuisance." (SJMC § 17.02.010.)

34.     Under California Constitution Article XI Section 7, the City has the authority to protect the public health, safety, and welfare within the City.  To that end, the City has enacted the San Jose Municipal Code ("SJMC"), which applies to all persons and entities that live, do business, and interact within the City.

**C.      State Public Nuisance Law**

35.     Civil Code section 3479 defines a public nuisance as "[a]nything which is injurious to health, including, but not limited to, the illegal sale of controlled substances, or is indecent or offensive to the senses, or an obstruction to the free use of property, so as to interfere with the comfortable enjoyment of life or property…" (*See City of Bakersfield v. Miller* (1966) 64 Cal.2d 93, 99 ["The Legislature has defined in general terms the word

COMPLAINT                                                              Case No.:

2245937

'nuisance' in Civil Code section 3479..."].)

36.    California Civil Code section 3480 defines public nuisance as "one which affects an entire community or neighborhood, or any considerable number of persons, although the extent of the annoyance or damage inflicted upon individuals may be unequal." (Civ. Code §3480.)

37.    Civil Code section 3491 provides for the methods by which public nuisances such as those alleged herein may be abated.  Civil Code section 3491 states that the "remedies against public nuisance are indictment or information, a civil action or abatement." Abatement is accomplished by a court of equity by means of an injunction proper and suitable to the facts of each case. (*Sullivan v. Royer* (1887) 72 Cal. 248, 249; *see also People v. Selby Smelting and Lead Co.* (1912) 163 Ca1.84, 90 ["[1]n California, the rule is well established that in proper cases injunctive relief which accomplishes the purposes of abatement without its harsh features is permissible."].)

38.    Code of Civil Procedure section 731 authorizes a city attorney to bring an action to enjoin or abate a public nuisance. It provides in relevant part "[a] civil action may be brought in the name of the people of the State of California to abate a public nuisance… by the city attorney of any of any town or city in which the nuisance exists."

## FACTUAL ALLEGATIONS

39.    Plaintiff incorporates by reference the allegations in Paragraphs 1 through 38 as if fully set forth herein.

40.    The Property has significant history of criminal activities, public nuisance activities in both scope and duration. Despite notices from multiple agencies and ample opportunity to remedy the contamination and other nuisance, Defendants failed to abate these violations.

41.    On November 9, 2023, City of San Jose Code Enforcement Supervisor Joseph Hatfield was informed by staff members that the Department of Homeland Security had executed a criminal search warrant at the Property, discovering a clandestine

8

COMPLAINT                                                          Case No.:

2245937

methamphetamine laboratory. City of San Jose Hazardous Materials personnel conducted an initial investigation, which confirmed the presence of methamphetamine.

42. Supervisor Hatfield informed DEH staff of the methamphetamine laboratory. On November 16, 2023, DEH collected samples from the interior of the Property and confirmed methamphetamine contamination levels as high as 2,000 micrograms per 100 square centimeters – well above the allowable health risk-based screening level of 1.5 micrograms per 100 square centimeters. DEH then posted a warning notice at the main entrance to the Property stating it is unlawful for any unauthorized person to enter the contaminated portion(s) of the Property until DEH advised it is safe to do so.

43. On December 5, 2023, DEH sent a Methamphetamine Contaminated Property Cleanup Order ("Order") to Defendant LAM. The Order provided instruction on how to remediate the issue and a timeline on which to proceed.

44. On December 5, 2023, City of San Jose Code Enforcement Inspector Servando Perez also posted a notice condemning the Property due to health and safety concerns.

45. On December 15, 2025, Code Enforcement posted a Notice and Order to Abate Nuisance on the Property. The Notice to Abate included notice that the City would seek an Order to Abate from this Court, and file a petition to appoint a receiver, should Defendants fail to attempt compliance with the Notice to Abate.

46. Defendant LAM and her tenant, Defendant CHRISTIAN, have declined to comply with the Order and follow any directives from DEH. Similarly, Defendants have declined to comply with the Notice to Abate.

47. The Property continues to pose a serious health and safety risk not only to individuals who may attempt to access the Property, but also to residents of the neighboring condo, 78 North Buena Vista, San Jose, California 95126 ("Neighboring Property") which shares a common wall with the Property. The Neighboring Property has been confirmed to be impacted by the contamination originating from the Property, with methamphetamine at a concentration of 1.7 micrograms per 100 square centimeters.

//

9

COMPLAINT

Case No.:

2245937

**FIRST CAUSE OF ACTION**
**Narcotics Abatement Law**
**Health and Safety Code section 11570 et seq.**
**(People Against all Defendants)**

48.     The People reallege and incorporate by reference each and every allegation contained in paragraphs 1 through 47 of this Complaint.

49.     Since at least 2023 until the present time, Defendants and DOES 1 through 20 have operated, occupied, used, maintained, or permitted the use of the Property for the purposes of unlawfully selling, serving, storing, keeping, manufacturing and/or giving away controlled substances in violation of Health and Safety Code section 11570, et seq.

50.     Defendants and DOES 1 through 20, and each of them, are the owners, operators, lessors, or lessees of the fixtures, appurtenances contained within the Property, and the fixtures and appurtenances were used, and are presently being used, directly or indirectly, by the Defendants in conducting, maintaining, and/or permitting the use of the Property for narcotics activities.

51.     Unless Defendants and DOES 1 through 20 are restrained by order of this Court, they will continue to use, occupy, maintain, or permit the use of the Property, together with the fixtures and movable property, in violation of the Narcotics Abatement Law as described in the Complaint thereby causing nuisance on the Property and irreparable harm to the public.

52.     The People have no plain, speedy, or adequate remedy at law, and injunctive relief is expressly authorized under Health and Safety Code Sections 11570 to 11587, inclusive.

**SECOND CAUSE OF ACTION**
**Public Nuisance**
**Civil Code sections 3479 et seq.**
**(People Against all Defendants)**

53.     The People reallege and incorporate by reference each and every allegation contained in paragraphs 1 through 52 of this Complaint.

54.     Since at least 2023 until the present time, Defendants and DOES 1 through 20

10

COMPLAINT                                                            Case No.:

2245937

have operated, occupied, used, maintained, and/or permitted the use of the Property in such a manner as to constitute a public nuisance in violation of Civil Code section 3479 and 3480. The public nuisance described in this Complaint is injurious to health, including the illegal manufacture of controlled substances, or is indecent or offensive to the senses, or an obstruction to the free use of property, so as to substantially and unreasonably interfere with the comfortable enjoyment of life or property by those persons living in the surrounding community.

55.     As described in the Complaint, the Property constitutes a public nuisance, among other things, as evidenced by the following (1) substantial contamination of the Property with methamphetamine, (2) contamination of the Neighboring Property with methamphetamine through the shared wall with the Property, and (3) the failure of Defendants and DOES 1 through 20 to abate the nuisance despite ample opportunity to do so.

56.     Defendants and DOES 1 through 20 have known or should have known about the existence of the public nuisance at the Property and have failed to abate the nuisance, despite notices from multiple agencies.

57.     By owning, operating, maintaining, and/or permitting the use of the Property as a public nuisance, Defendants and DOES 1 through 20 have engaged in wrongful conduct and caused a serious threat to the general health, safety, and welfare of the neighbors in the surrounding area and public at large.

58.     Unless Defendants and DOES 1 through 20 are restrained and enjoined by order of this Court, they will continue to use, occupy, maintain, or permit the use of the Property as a public nuisance and cause irreparable harm to the public.

**THIRD CAUSE OF ACTION**
**Declaratory and Injunctive Relief from a Public Nuisance and**
**Public Nuisance *Per Se* for Violation of San Jose Municipal Code**
**San Jose Municipal Code section 1.13.040.**
**(City of San Jose Against all Defendants)**

59.     Plaintiff realleges and incorporates by reference the foregoing paragraphs, 1 through 58 contained in this Complaint.

COMPLAINT                                                Case No.:

2245937

60. Plaintiff brings this action pursuant to SJMC section 1.08.015.

61. Plaintiff is informed and believes and thereon alleges that Defendants and DOES 1 through 20 are maintaining, permitting, and allowing a public nuisance on the Property due to their ongoing violation of SJMC 1.13.040, and 17.02.010 by allowing the Property to be maintained, used, or allowed to be maintained or used in a manner that endangers the health, safety, and welfare of others in the surrounding community.

62. Continuing violation of Title 1 and Title 17 of the San Jose Municipal Code as identified above is a Public Nuisance, and constitutes a public nuisance *per se*.

63. Plaintiff requests a judicial determination that the use of the Property without conforming to regulations outlined in SJMC Chapter 1.13 is declared a violation of the law and that such use is a public nuisance pursuant to SJMC section 1.13.040.

64. Plaintiff requests a judicial determination that the use of the Property without conforming to SJMC Chapter 17.02 is declared in violation of the law, and that such use is a Public Nuisance pursuant to SJMC section 1.13.040 and 17.02.010.

65. The activities by Defendants and DOES 1 through 20 are injurious to health, offensive to the senses, and an obstruction to the free use of property so as to interfere with the comfortable enjoyment of life or property in an entire community.

66. At all times herein mentioned, Defendants and DOES 1 through 20 had notice and knowledge that the property constituted a public nuisance.

67. Plaintiff has no adequate remedy at law in that damages are insufficient to protect the public from the harm caused by the conditions described above.

68. Plaintiff is informed and believes that Defendants will continue to maintain the Property in the above-described condition, as a public nuisance.

69. Defendants and DOES 1 through 20 permit, participate, engage, allow or fail to take adequate efforts to stop the injurious, illegal, annoying and disruptive activities described above that are allowed to occur and exist at the Property.

70. Unless said nuisance is abated, the surrounding community and neighborhood, and the residents and citizens of the City of San Jose will suffer irreparable injury and

12

COMPLAINT

Case No.:

2245937

damage, in that said conditions will continue to be violations of the Municipal Code and injurious to the enjoyment and the free use of the life and property of said citizens of the City of San Jose.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for judgement as follows:

**A.  DELCARATORY RELIEF**

1.      That the Defendants and the Property and existing conditions thereon be declared in violation of Health and Safety Code section 11570, et seq.

2.      That the Property, together with fixtures and movable property, be declared a continuing public nuisance pursuant to Health and Safety Code section 11570, et seq. and an order of abatement to permanently abate the nuisance be entered as part of the Judgement pursuant to Health and Safety Code section 11581.

3.      That the property, together with the fixtures and movable property, be declared a public nuisance under Civil Code sections 3479 and 3480 and such nuisance be permanently abated pursuant to Civil Code section 3491.

4.      That Defendants and the Property and existing conditions there on be declared a continuing public nuisance in violation of SJMC sections 1.13.040 and 17.02.010.

**B.  INJUNCTIVE RELIEF**

5.      That the Court grant a temporary restraining order, preliminary injunction, permanent injunction and order of abatement pursuant to Health and Safety Code section 11570 et seq., enjoining and restraining Defendant Lam, Defendant Christian, Defendants' representatives, agents, servants, employees, partners, co-owners, successors, and all acting in concert with, aiding and abetting, and/or participating with Defendants from owning, maintaining, or occupying the Property and/or permitting the use of the Property for the purposes of unlawfully selling, serving, manufacturing, storing, keeping, or giving away any controlled substance.

6.      That the Court grant a temporary restraining order, preliminary injunction, and

COMPLAINT                                                                              Case No.:

2245937

permanent injunction enjoining and restraining Defendants and Defendants' representatives, agents, servants, employees, partners, co-owners, successors, and all acting in concert with, aiding and abetting, and/or participating with Defendants from owning, maintaining, operating, or occupying the Property and/or permitting the use of the Property in violation of the Public Nuisance Law under Civil Code section 3479 and 3480, and/or SJMC 1.13.040 and 17.02.010.

7.     That the Court order the Property closed and vacated until the nuisance has been fully abated.

8.     That the Court issue such orders pursuant to Health and Safety Code sections 11573.5 and 17980.7 to remedy the nuisance on the Property and the contamination of the Neighboring Property, and enhance the abatement process, including but not limited to remedial improvements to the property and termination of the tenancies of those residents involved in the nuisance activity.

9.     That as part of the Judgment, an order of abatement be issued, and that the Property be closed for a period of one year, not to be used for any purpose, and be under the control and custody of this Court for said period of time, pursuant to Health and Safety Code section 11581(b)(1).

10.     That, under the Court's discretion and supervision, a Receiver be appointed pursuant to Code of Civil Procedure section 564 and Health and Safety Code section 17980.7(c).

11.     That all fixtures and movable property used in conducting, maintaining, aiding, or abetting the nuisance at the Property and/or contamination of the Neighboring Property be removed and sold in the manner provided for the sale of chattels under execution.

12.     If the proceeds of the sale do not fully discharge all such costs, fees, and allowances, that the Property shall also be sold under execution.

13.     For orders as are appropriate to remedy the nuisance on the Property and the contamination of the Neighboring Property including repairs, improvements, cleaning, or demolition, and to enhance the abatement process.

14

COMPLAINT                                                    Case No.:

2245937

**C.   PENALTIES**

1.     That Defendants be assessed a civil penalty in an amount not to exceed $25,000 pursuant to Health and Safety Code section 11581(b)(2).

2.     For a civil penalty against Defendants of $2,500 for each and every day the public nuisance occurs, continued, and/or was permitted at the Property and the Neighboring Property, pursuant to SJMC 1.13.150.

**D.   FEES AND COSTS**

1.     The Plaintiffs recover the costs of this action, including law enforcement investigative costs, other investigative costs and discovery, and any fees including attorneys' fees, pursuant to Civil Code sections 3496(b) and 1032, and SJMC section 1.08.016.

2.     For costs that may occur in abating the nuisance on the Property and the contamination of the Neighboring Property, and such other costs as the Court shall deem just and proper.

3.     That recordation of an Abstract of Judgement in this case constitutes a prior lien over any lien that may be held on the Property by Defendants to this action; and

4.     That the Court grant such other further relief as this Court should find just and proper.

Dated:  January 8, 2026                          Respectfully submitted,

SUSANA ALCALA WOOD, City Attorney

By: _*Hannah Odekirk*_____
     HANNAH ODEKIRK
     Deputy City Attorney

Attorneys for Plaintiff
CITY OF SAN JOSE

15

COMPLAINT                                                        Case No.:

2245937

# EXHIBIT 2

NICHOLAS CHRISTIAN
CHERYL LAM
72 N. Buena Vista Ave.
San Jose, CA 95126
(408) 940-2424
Defendants, Pro Se

SUPERIOR COURT OF CALIFORNIA
COUNTY OF SANTA CLARA
UNLIMITED JURISDICTION

| | |
|---|---|
| THE PEOPLE OF THE STATE OF CALIFORNIA; and CITY OF SAN JOSE,<br><br>　　　　Plaintiffs,<br><br>v.<br><br>CHERYL LAM, an individual; NICHOLAS KEITH CHRISTIAN, an individual,<br><br>　　　　Defendants. | Case No.: 26CV484023<br><br>DEFENDANTS' CORE REBUTTAL TO EX PARTE APPLICATION; DECLARATION OF NICHOLAS CHRISTIAN<br><br>Date: January 13, 2026<br>Time: 8:30 AM<br>Dept: |

I, NICHOLAS CHRISTIAN, declare:

1. PLAINTIFF'S CLAIM OF "NON-COOPERATION" IS A DEMONSTRABLE FALSEHOOD

The City Attorney represented to this Court that Defendants "ignored" compliance efforts. This is a material falsehood. Defendants engaged in active communication regarding this matter. On January 7, 2026, Deputy City Attorney Hannah Odekirk acknowledged in writing my intent to oppose this action, then abruptly ceased communication to file this Ex Parte application without proper notice. The Application is founded upon a material misrepresentation to the Court regarding Defendant's participation.

1.5 FALSE PROPOSED FINDINGS SUBMITTED TO THE COURT

Plaintiffs' proposed Temporary Restraining Order asks this Court to adopt factual findings that are demonstrably false, including that the property is currently occupied, that Defendants failed to cooperate, and that multiple valid notices and orders were issued and ignored. Each of these

assertions is untrue. Plaintiffs offer no admissible evidence supporting the proposed findings they request the Court to adopt.

## 2. NO EMERGENCY EXISTS; THE AGENCY ABANDONED THE STATUTORY PATH

The Department of Environmental Health formally stated in writing that this matter was being referred for a court order, as required by statute. No court order was ever sought by DEH. That failure is agency inaction, not noncompliance by Defendants. An Ex Parte application cannot substitute for an enforcement path the agency chose and then failed to pursue. The claimed "emergency" is self-manufactured and legally void.

## 3. TWO YEARS OF INACTION BARS EMERGENCY JURISDICTION (LACHES)

In 26 months, the City issued one Notice to Abate. That notice is legally void on its face due to material defects. Despite this, the City posted and maintained condemnation signage for the entire period without a valid notice or hearing. A condition tolerated for over two years cannot suddenly justify Ex Parte relief. Delay alone defeats emergency jurisdiction under the doctrine of Laches.

## 4. FALSE CLAIMS OF CONTAMINATION ARE PHYSICALLY IMPOSSIBLE

The City knows the units are structurally isolated: they are separate buildings with no shared ventilation, no shared utilities, and fire-rated separation walls. Contamination of neighboring units is physically impossible under these conditions. The City nonetheless continues to assert cross-unit contamination to justify Ex Parte relief, relying on statements known to be false.

## 5. NO EVIDENCE OF OCCUPANCY OR ONGOING HAZARD

Plaintiffs claim ongoing activity and occupancy to manufacture an imminent hazard. Defendants have continuous 24/7 camera footage of the sole accessible entrance proving the property has not been occupied. Plaintiffs offer no evidence to the contrary. This is not a factual dispute; Plaintiff's claims of occupancy are objectively untrue.

## 5.5 CAMERA EVIDENCE IS UNDISPUTED

Plaintiffs do not dispute the existence, authenticity, or continuity of Defendants' twenty-four-hour video surveillance of the sole accessible entrance to the property and offer no contrary evidence.

### 6. RETALIATORY TIMING ELIMINATES GOOD-FAITH BASIS

The Ex Parte filing occurred only after Defendants served formal demands and placed Plaintiffs on notice of liability. There are no new facts, no new conditions, and no intervening hazard. The only change was Defendants asserting their rights against the City. Retaliation against a Defendant for asserting legal rights constitutes Unclean Hands and invalidates the basis for equitable relief.

### 7. THE PREMISE OF A "LABORATORY" IS FACTUALLY FALSE AND UNSUBSTANTIATED

The City relies on the existence of a "clandestine laboratory." This is false. The official DHS inventory lists no precursors or manufacturing equipment. The alleged "methamphetamine" seized was proven to be Epsom salts; the alleged "cocaine" was lapping abrasive. Consequently, all criminal charges were dismissed by the Superior Court for lack of evidence. The City cannot base a civil receivership on a criminal allegation that has already been disproven in court.

### 8. EVIDENCE WAS OBTAINED UNLAWFULLY (FRUIT OF THE POISONOUS TREE)

The underlying warrant was legally defective, based on stale information and a separate, invalid motion. Furthermore, Inspector Nguyen's initial entry was obtained through coercion—threatening a homeowner with arrest while I was incarcerated. Any evidence derived from these unlawful acts is inadmissible and cannot support an equitable remedy like a receivership.

### 9. NO VALID NOTICE — NO JURISDICTION

Only one Notice to Abate was issued in 26 months, and that notice is legally void on its face due to retroactive deadlines. No corrected notice was ever issued, and no hearing followed. The City substituted the posting of placards for lawful process. Without a valid, operative notice, the

Court lacks jurisdiction to grant enforcement relief.

10. CONDEMNATION WITHOUT PROCESS

The property has been treated as condemned for over two years without adjudication, findings, hearings, or orders. This constitutes a completed unconstitutional deprivation of property, not a pending emergency. Ex Parte relief cannot be used to retroactively legalize two years of unconstitutional conduct.

11. ANY ALLEGED EMERGENCY WAS CREATED BY PLAINTIFFS

Plaintiffs waited 26 months to take action. Plaintiffs admitted in writing that a court order was required to proceed, yet they failed to seek one for over two years. Plaintiffs took no corrective action during this period and now claim urgency. Courts do not reward agencies for their own delay; a self-created emergency cannot support Ex Parte relief.

12. LACHES BARS EX PARTE RELIEF AS A MATTER OF LAW

The time elapsed is extreme (over 26 months). No change in conditions is alleged, and no new facts are presented. The City's delay has severely prejudiced Defendants by preventing earlier judicial review. Delay alone defeats emergency jurisdiction. Equity bars relief as a matter of law under the doctrine of Laches.

13. FALSE STATEMENTS TO THE COURT (UNCLEAN HANDS)

Plaintiffs claim contamination that is structurally impossible and occupancy that is disproven by video evidence. Furthermore, Plaintiffs omitted the Agency's own letter admitting a court order was required and omitted their failure to seek that order. Relief is barred by the doctrine of Unclean Hands.

14. RETALIATORY USE OF EX PARTE PROCEDURE

No emergency existed before Defendants' legal demand was served. This Ex Parte filing followed immediately after Defendants placed Plaintiffs on notice of liability. No intervening hazard occurred; this is retaliation, not enforcement. Retaliatory use of the judicial process is

improper per se and warrants denial.

## 15. RELIEF SOUGHT IS NOT NARROWLY TAILORED (OVERBREADTH)

Plaintiffs seek sweeping control over the property without establishing a factual basis for such broad scope. There are no findings supporting necessity, and the City has made no attempt at lesser measures (such as answering the Defendants' request for a hearing). Ex Parte relief must be denied or vacated as overbroad.

## 15.5 PROPOSED RECEIVER OFFERS NO INDEPENDENT EVIDENCE

The declaration of proposed receiver Gerard F. Keena II provides no independent factual support for the relief sought. Mr. Keena does not claim to have inspected the property or to possess personal knowledge of any alleged conditions and relies entirely on unverified representations provided by the City.

## 16. SUMMARY OF FATAL DEFICIENCIES

This Application fails at every fundamental threshold required by law. It lacks an emergency due to the twenty-six month delay. It lacks evidence, as the underlying criminal charges were dismissed and the substance was proven to be Epsom salts. It lacks notice, relying on void documents with retroactive deadlines. It lacks jurisdiction, as no hearing was ever held. It lacks good faith, appearing solely as retaliation for Defendants' legal demands. Finally, it lacks equity, as the City approaches this Court with unclean hands based on demonstrable falsehoods.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed on January 12, 2026, at San Jose, California.

_____

NICHOLAS CHRISTIAN, Defendant

# EXHIBIT 3

26CV484023
Santa Clara ? Civil

CIV-130
R. Fleming

| ATTORNEY OR PARTY WITHOUT ATTORNEY | STATE BAR NUMBER: | FOR COURT USE ONLY |
|---|---|---|

NAME: SUSANA ALCALA WOOD, City Att156366; HANNAH ODEKIRK, Dep Att 352779

FIRM NAME: Office of the City Attorney

STREET ADDRESS: 200 East Santa Clara Street, 16th Floor

CITY: San Jose    STATE: CA    ZIP CODE: 95113

TELEPHONE NO.: 408-535-1900    FAX NO.:

EMAIL ADDRESS: cao.main@sanjoseca.gov

ATTORNEY FOR (name): City of San Jose

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** SANTA CLARA

STREET ADDRESS: 191 N. First Street

MAILING ADDRESS: 191 N. First Street

CITY AND ZIP CODE: San Jose 95113

BRANCH NAME: Downtown Superior Court

**FOR COURT USE ONLY**

**Electronically Filed
by Superior Court of CA,
County of Santa Clara,
on 1/27/2026 3:18 PM
Reviewed By: R. Fleming
Case #26CV484023
Envelope: 22425077**

PLAINTIFF/PETITIONER: City of San Jose

DEFENDANT/RESPONDENT: Cheryl Lam et al

| NOTICE OF ENTRY OF JUDGMENT OR ORDER | CASE NUMBER: 26CV484023 |
|---|---|

**NOTICE OF ENTRY OF JUDGMENT
OR ORDER**

(Check one):    [X] **UNLIMITED CASE**
(Amount demanded
exceeded $35,000)

[ ] **LIMITED CASE**
(Amount demanded was
$35,000 or less)

CASE NUMBER:
26CV484023

**TO ALL PARTIES :**

1.  A judgment, decree, or order was entered in this action on (date): 1/12/2026

2.  A copy of the judgment, decree, or order is attached to this notice.

Date: January 27, 2026

Hannah Odekirk

(TYPE OR PRINT NAME OF [X] ATTORNEY [ ] PARTY WITHOUT ATTORNEY)

► *Hannah Odekirk*
(SIGNATURE)

**Page 1 of 2**

**CIV-130**

| | |
|---|---|
| PLAINTIFF/PETITIONER: City of San Jose<br>DEFENDANT/RESPONDENT: Cheryl Lam et al | CASE NUMBER:<br>26CV484023 |

## PROOF OF SERVICE BY FIRST-CLASS MAIL
### NOTICE OF ENTRY OF JUDGMENT OR ORDER

***(NOTE: You cannot serve the** Notice of Entry of Judgment or Order **if you are a party in the action.  The person who served the notice must complete this proof of service.)***

1. I am at least 18 years old and **not a party to this action.** I am a resident of or employed in the county where the mailing took place, and my residence or business address is *(specify):*
Office of the City Attorney | City of San José
200 East Santa Clara Street, 16th Floor | San José, CA 95113-1905

2. I served a copy of the *Notice of Entry of Judgment or Order* by enclosing it in a sealed envelope with postage fully prepaid and *(check one):*

   a. ☐ deposited the sealed envelope with the United States Postal Service.

   b. ☒ placed the sealed envelope for collection and processing for mailing, following this business's usual practices, with which I am readily familiar. On the same day correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service.

3. The *Notice of Entry of Judgment or Order* was mailed:

   a. on *(date):*  January 27, 2026

   b. from *(city and state):*

4. The envelope was addressed and mailed as follows:

   a. Name of person served: Cheryl Lam

   Street address: 72 North Buena Vista
   City: San Jose
   State and zip code:

   b. Name of person served: Nicholas Keith Christian

   Street address: 72 North Buena Vista
   City: San Jose
   State and zip code:

   c. Name of person served:

   Street address:
   City:
   State and zip code:

   d. Name of person served:

   Street address:
   City:
   State and zip code:

   ☐ Names and addresses of additional persons served are attached. *(You may use form POS-030(P).)*

5. Number of pages attached: 22

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: 1/27/2026

George Touba
(TYPE OR PRINT NAME OF DECLARANT)

▶ /s/ George Touba
(SIGNATURE OF DECLARANT)

Page 2 of 2

CIV-130 [Rev. January 1, 2024]   **NOTICE OF ENTRY OF JUDGMENT OR ORDER**

SUSANA ALCALA WOOD, City Attorney (156366)
ARDELL JOHNSON, Assistant City Attorney (95340)
MAREN J. CLOUSE, Chief Deputy City Attorney (228726)
HANNAH ODEKIRK, Deputy City Attorney (352779)
Office of the City Attorney
200 East Santa Clara Street, 16th Floor
San José, California  95113-1905
Telephone Number: (408) 535-1900
Facsimile Number:  (408) 998-3131
E-Mail Address:  cao.main@sanjoseca.gov

Attorneys for Plaintiffs CITY OF SAN JOSE
And THE PEOPLE OF THE STATE OF CALIFORNIA

Filed
January 13, 2026
Clerk of the Court
Superior Court of CA
County of Santa Clara
26CV484023
By:  CRoman

SUPERIOR COURT OF CALIFORNIA

COUNTY OF SANTA CLARA

UNLIMITED JURISDICTION

| | |
|---|---|
| THE PEOPLE OF THE STATE OF CALIFORNIA, acting by and through San Jose City Attorney Susana Alcala Wood; and CITY OF SAN JOSE, a municipal corporation and charter city,<br><br>Plaintiffs,<br>v.<br><br>CHERYL LAM, an individual; NICHOLAS KEITH CHRISTIAN, an individual; and DOES 1 through 20, inclusive,<br><br>Defendant(s). | Case Number:    26CV484023<br><br>**[PROPOSED] TEMPORARY RESTRAINING ORDER, ORDER TO SHOW CAUSE REGARDING PRELIMINARY INJUNCTION, AND APPOINTMENT OF RECEIVER**<br><br>*Exempt from Filing Fees (Govt. Code § 6103)* |

On reading the Plaintiffs' Ex Parte Application in this matter, the Declarations, and Memorandum of Points and Authorities submitted therewith, it appears to the satisfaction of the Court that this is a proper case for granting a Temporary Restraining Order and an Order to Show Cause for a Preliminary Injunction, and that unless the temporary restraining order prayed for be granted, great or irreparable injury will result to Plaintiff before the matter can be heard on notice. The court also finds the appointment of a receiver to be appropriate and necessary under Health and Safety Code Section 17980.7(c) and Health and Safety Code Section 11582, Plaintiffs nominated Gerard F.

1

Case No.:

2249022

Keena II from the Bay Area Receivership Group and he is hereby appointed as Receiver until further notice ("Receiver").

## FINDINGS OF FACT

1. The property at issue in this case located at 72 North Buena Vista Avenue, San Jose, CA 94126, with Assessor's Parcel No. 274-42-204 ("Property"). The Property is owned by Defendant CHERYL LAM ("LAM"). The Property is currently occupied by Defendant NICHOLAS CHRISTIAN ("CHRISTIAN"). LAM, CHRISTIAN, and DOES 1-20 are collectively referred to herein as the "Defendants".

2. The Property is substandard as defined under California Health and Safety Code Section 17920.3 and is a public nuisance. The conditions existing at the Property violate the California Health and Safety Code and the San Jose Municipal Code.

3. The violations at the Property are so extensive and of such a nature that they substantially endanger the health and safety of the occupants and the general public.

4. The City of San Jose, as a local enforcement agency, issued and served a notice and order to abate to Defendants pursuant to California Health and Safety Code Section 17980.6. The City of San Jose also served multiple warnings, citations, administrative orders and resolutions requiring Defendants to abate the public nuisance on the Property.

5. Defendants have been afforded a reasonable opportunity to take action to correct the conditions cited in the City's notices and orders and have failed to comply as requested.

6. The Property's substandard conditions will likely persist unless the Court appoints a receiver to take possession of the Property and undertake its rehabilitation.

7. California Health and Safety Code Sections 17980.7(c) and 11570 and the Court's inherent equitable powers authorize the Court to appoint a receiver to take possession of the Property and undertake its rehabilitation.

8. California Rules of Court, Rule 3.1175 authorizes the Court to appoint a receiver to

[PROPOSED] TEMPORARY RESTRAINING ORDER, ORDER TO SHOW CAUSE   Case No.:
REGARDING PRELIMINARY INJUNCTION, AND APPOINTMENT OF RECEIVER

2249022

take possession of the Property by *ex parte* order.

9. Defendants and all persons with an interest in the Property were afforded notice of the City's intention to petition the Court for appointment of a receiver of the Property.

10. Gerard F. Keena, II, as the City's receiver nominee, has demonstrated the capacity and expertise to undertake and supervise the rehabilitation of the Property.

**ORDER TO SHOW CAUSE REGARDING PRELIMINARY INJUNCTION**

**IT IS ORDERED** that:

1. The application for a **Temporary Restraining Order** ("TRO") is granted, the terms of which are stated below and are effective upon the service of process of the First Amended Complaint, Summons, this Order, and the Ex Parte Application.

**IT IS FURTHER ORDERED** that:

2. The request for an Order to Show Cause regarding a Preliminary Injunction ("OSC") is granted;

3. Defendants LAM, CHRISTIAN, and DOES 1-20, and each of them, appear in Department __16__ on __February 24__,2026, at __9:00__ A.M.. or as soon thereafter as the matter may be heard, to show cause, if any they have, why they and their agents, servants, employees, and representatives, and all persons acting in concert or participating with them, should not be enjoined and restrained during the pendency of this action from engaging in committing, or performing, directly or indirectly, any and all of the following acts at the Property:

   a.    From engaging in any use of the Property not consistent with the San Jose Municipal Code, including, using or permitting the Property to be used for:

      i.    Being the situs for other nuisance activity as defined under San Jose Municipal Code (SJMC) Section 1.13.050(A)(2)

      ii.    Any nuisance conditions in violation of California Civil Code Sections 3479 and 3480, California Health and Safety Code Sections 17920.3 and 11570, and SJMC Sections 1.13.040, 17.02.010, and 17.72.020.

3

b.     Entering or otherwise accessing the Property in violation of City of San Jose Code Enforcement's condemnation of the Property dated November 9, 2023, or in violation of County of Santa Clara's Methamphetamine Contaminated Property Cleanup Order.

**IT IS FURTHER ORDERED** that:

4.   Plaintiff shall serve this Order by _____**January 16**_____ 2026, on Defendants consistent with Code of Civil Procedure sections 527, subdivision (d), section 1011, and Rule 3.1150(a) of the California Rules of Court.

5.   Proof of such service shall be filed and delivered in the manner provided by California Code of Civil Procedure § 527.

6.   The parties shall adhere to the following briefing schedule:

a.  Defendants' Opposition Papers, if any, to be filed and served by **February 10**, 2026. Plaintiff's Reply Papers to be filed and served by ____**February 17**____, 2026.

b.  The Temporary Restraining Order shall expire on disposition of the OSC or further order of the Court.

**IT IS FURTHER ORDERED** that copies of the Complaint, Declarations, Memorandum of Points and Authorities, and this Order be served on Defendants no later than _____**January 16**_____, 2026. Briefs and all related documents may be served via fax, email, or any manner permitted by law.

**TEMPORARY RESTRAINING ORDER**

**IT IS FURTHER ORDERED** that pending the hearing and determination of the Order to Show Cause, the Defendants LAM, CHRISTIAN, and DOES 1-20, and their officers, agents, employees, representatives, and all persons acting in concert or participating with them, **are restrained and enjoined from engaging in or performing, directly or indirectly, all of the following acts**:

1.   Maintaining the Property in violation of state and local building laws and as a public nuisance which is a threat to the health, safety, and welfare of the public.

2. Entering or otherwise accessing the Property in violation of City of San Jose Code Enforcement's condemnation of the Property dated November 9, 2023, or in violation of County of Santa Clara's Methamphetamine Contaminated Property Cleanup Order.

### APPOINTMENT OF RECEIVER

**IT IS FURTHER ORDERED** that:

1. Gerard F. Keena II of the Bay Area Receivership Group ("BARG") be appointed as the receiver ("Receiver") over the Property immediately. The Receiver is authorized to engage and employ BARG to assist him in carrying out his duties as Receiver. The Receiver is appointed over the Property pursuant to California Health and Safety Code Section 17980.7(c), and is given those powers granted under California Code of Civil Procedure "CCP" § 564 et seq., California Health and Safety Code Section 17980.7(c)(4), this Order, and future orders of the Court. The resulting receivership estate created by the Receiver's appointment shall be referred to herein as the "Receivership Estate."

2. Defendants however, reserve the right to monitor the Receiver's abatement and to challenge any mismanagement of the Receiver during the receivership in this Action by filing objections to the Receiver's reports pursuant to California Rule of Court 3.1183. As well as to the Receiver's Final Report and Accounting, which must be submitted pursuant to California Rule of Court 3.1184.

3. The Receiver shall immediately, and before performing any duties: (1) execute and file a Receiver's oath; and (2) file the bond required by the Civil Code of Procedure section 567(b), in the amount of $10,000, conditioned upon the faithful performance of the Receiver's duties. Upon filing the oath and bond, the Receiver is authorized to immediately borrow up to $125,000 on behalf of the Receivership Estate, and this $125,000 along with other receiver fees and expenses accrued in this matter shall be a first-priority lien over all other recorded interests. The Court finds that the $125,000 amount is reasonable and

[PROPOSED] TEMPORARY RESTRAINING ORDER, ORDER TO SHOW CAUSE
REGARDING PRELIMINARY INJUNCTION, AND APPOINTMENT OF RECEIVER

Case No.:

2249022

necessary given the concerns addressed in the Keena Declaration, executed on _____**January 6**_____, 2026 and filed with the Plaintiff's Application.

**IT IS FURTHER ORDERED** that

7. The Receiver shall be entitled to compensation for its services as Receiver over the Property. Additionally, the Receiver may employ the services of a property management company and environmental consultant as needed.

8. The Receiver's compensation shall be subject to review and final approval by this Court upon notice and hearing at the time the Receiver presents a Final Report and Final Accounting, which accounting shall be accompanied by records adequately documenting the rehabilitation and property management services rendered by the Receiver.

9. In addition to the powers granted to receivers under the Code of Civil Procedure, the Receiver is given the following specific powers and duties:

    a. To take full, complete, and sole possession and control of the Property, including tangible and intangible personal property located in or about said real properties or used in connection with said real properties. The Property are to be properly secured and closed to all unauthorized individuals not approved by the Receiver, until all nuisances are abated, and the Property are made safe for its zoned use.

    b. The court authorizes, and orders, entry onto the Property and all structures located thereon, for purposes of executing this order by the Court-appointed Receiver, his staff and/or designees, and/or Santa Clara County Department of Health and Environmental Safety ("DEH"). The Court further authorizes the Receiver to enlist the assistance of the Santa Clara County Sheriff and/or San Jose Police Department and has authority through this Order to forcibly remove anyone occupying the Property in violation of this Order and to support the Receiver in

[PROPOSED] TEMPORARY RESTRAINING ORDER, ORDER TO SHOW CAUSE REGARDING PRELIMINARY INJUNCTION, AND APPOINTMENT OF RECEIVER

Case No.:

2249022

effectuating his duties.

c. To maintain the Property vacant during the pendency of the receivership, should the Receiver believe vacating the Property is required to safely and adequately carry out the purposes of this receivership. If the Defendants or any occupant refuses to vacate the Property, the Receiver may obtain a writ of possession, or equivalent legal authority under the circumstances, to remove Defendants or any occupant from the Property.

d. Upon removal of anyone occupying the Property, the Receiver is authorized to board up and/or secure the Property to prevent trespassing and/or illegal occupancy.

e. To remove and dispose of all debris, waste, and any excess materials on the Property, including any hazardous materials, and to pay the reasonable costs and fees associated with such removal and disposition.

f. To contract with utility service providers for any modifications to the Property's existing utilities that may be necessary in connection with the rehabilitation, demolition, or reconstruction of the Property, and for the restoration of any discontinued utility services.

g. To manage the Property and pay operating expenses, including taxes, insurance, utilities, and general maintenance on the Property, and including the complete management of any lease or rental agreements related to the Property, specifically allowing the Receiver to terminate, renew, or put in place new or existing leases related to the Property. Such management further includes receiving any rent or other income from any current or new rental or leasing agreements or other contracts related to the Property, which income and payments shall be deposited into the account established by the Receiver pursuant to this Order.  To the extent there is any outstanding debt, the Receiver shall not be required to pay for debt secured by the Property, including mortgages or

[PROPOSED] TEMPORARY RESTRAINING ORDER, ORDER TO SHOW CAUSE        Case No.:
REGARDING PRELIMINARY INJUNCTION, AND APPOINTMENT OF RECEIVER
                                                                                                            2249022

promissory notes secured by deeds of trust on the Property. The Receiver may, but shall not be obligated to, contribute funds in the performance of the duties hereunder.  No obligation received by the Receiver of the duties in accordance with this and other Orders of this Court shall be the Receiver's personal obligation, but shall be the obligation of the Receivership Estate.

h.  To secure a cost estimate and rehabilitation plan, including financing if necessary, as necessary from a licensed contractor for the repairs necessary to correct the violations, and submit this plan to the Court for approval.

i.  Within seven (7) days of his engagement of a firm to assist in the management or operation of the Property, the Receiver is to disclose to all parties any financial relationship between the Receiver and any such firm.

j.  To collect all rent and income from the Property, to collect any debt associated with the Property, and to use these funds to pay for the costs of operating, managing, maintaining, or rehabilitating the Property.

k.  To rehabilitate the Property consistent with the rehabilitation plan submitted to the Court, to put the Property into compliance with all applicable state and local codes, including the Uniform Code for the Abatement of Dangerous Buildings, the California State Building Standards Code, the San Jose Municipal Code, and to otherwise render the Property as a whole habitable as a decent, safe, and sanitary housing and to abate the violations and nuisance conditions at or emanating from the Property.

l.  To employ agents, employees, clerks, accountants, forensic computer consultants and property managers and attorneys to represent, advise, and assist the Receiver in administering the Property, purchase materials,

[PROPOSED] TEMPORARY RESTRAINING ORDER, ORDER TO SHOW CAUSE    Case No.:
REGARDING PRELIMINARY INJUNCTION, AND APPOINTMENT OF RECEIVER

2249022

supplies, and services, and pay for them at the ordinary and usual rates out of the funds which shall come into the Receiver's possession and shall do all things and incur the risks and obligations ordinarily incurred by owners, property managers and operators of similar properties and enterprises. No such risk or obligation so incurred shall be the personal risk or obligation of the Receiver but shall be the risk and obligation of the Receivership Estate.

10. To enter into contracts for goods and services and employ licensed contractors for repairs as necessary to bring the Property into compliance with applicable codes and to render the Property habitable as decent, safe, and sanitary housing, including, without limitation, contracts with:

- Any maintenance and repair companies or personnel;
- Any licensed engineer(s) or other building professionals to inspect and evaluate the condition and rehabilitation potential of the Property.
- Any licensed specialists in methamphetamine cleanup.
- Any licensed architect or other design professional to furnish plans and specifications for the rehabilitation of the Property;
- Any licensed general contractor, subcontractor, supplier, or manufacturer to provide labor services, goods, materials, or equipment needed to manage, maintain, or rehabilitate the Property;
- Any construction manager
- Any bank, lending institution, or government housing finance agency;
- Any title company
- Any real estate appraiser
- Any licensed real estate broker
- Any licensed property manager
- Any licensed general or specialty contractor, laboratory for testing of toxic materials

[PROPOSED] TEMPORARY RESTRAINING ORDER, ORDER TO SHOW CAUSE    Case No.:
REGARDING PRELIMINARY INJUNCTION, AND APPOINTMENT OF RECEIVER

2249022

- Any accountant; and

- Any locksmith or security company to obtain access or to maintain the security of the Property.

11. To apply for permits and other governmental approvals as necessary to undertake and complete the rehabilitation work.

12. To establish bank accounts for the deposit of monies and funds collected and received in connection with the estate at federally insured banking institutions or savings associations. Monies coming into possession of the Receiver and not expended for any purpose herein authorized shall be held by the Receiver in interest-bearing accounts. The Receiver may retain funds that he reasonably believes necessary for the operation of the Receivership Estate.

13. To borrow funds as necessary to pay for the cost of rehabilitation work, relocation benefits, design and engineering work, permits, property management and maintenance, taxes, insurance, legal fees, receiver's fees and interim fees, and other costs of the Receivership, and to secure that debt with a recorded first priority lien on the Property for the amount borrowed. As allowed by Health and Safety Code section 17980.7, the Receiver may also record at the County Recorder's Office a first lien (also known as Receiver's Certificate of Indebtedness) on the Property that shall have super-priority as to any preexisting private lien(s) and encumbrance(s), except against federal, state, and county tax lien(s), for any monies owed to the Receiver for the estimated costs of operating the receivership, including Receiver's fee and costs advanced or expended by the Receiver for the purposed authorized by this order or subsequent orders issued in this action.

14. To issue and record Certificates of Indebtedness and/or a deed of trust with the power of sale against the Property to evidence and secure the above debt, which shall become a first lien on the Property superior to all preexisting liens and encumbrances.  Each Receiver's Certificate shall be issued for such amounts and for such items as the Court may hereafter expressly authorize, upon notice and

10

after hearing as herein provided. The debt evidenced by said Certificates shall be due and payable upon the completion of the Receiver's duties hereunder with respect to the rehabilitation of the Property. If at the time this debt is not satisfied, the Receiver may apply to this Court for an order approving and confirming the sale of the Property pursuant to the Code of Civil Procedure Section 568.5, free and clear of subordinate liens and encumbrances.

15. To determine if sufficient insurance coverage exists for the Property. With respect to any existing insurance coverage, the Receiver shall be named as an additional insured on the policies for the period that the Receiver shall be in possession of the Property. Defendants shall notify the Receiver on said Receiver's taking possession of the Property whether or not there is sufficient insurance coverage on the Property. Defendants shall also supply to the Receiver copies of any and all current and historical insurance related to the business operations at the Property and the Property. If sufficient insurance coverage does exist, Defendants shall be responsible and are hereby ordered to make certain that the Receiver is named as an additional insured on that policy for the period that the receivership shall be in possession of the Property. If sufficient insurance coverage does not exist or Defendants fail to add the Receiver to the insurance within 15 days of this Order, it is hereby ordered that the Receiver shall have thirty (30) working days to procure said insurance for the Property, provided the Receiver has funds available to do so, and during such period said Receiver shall not be personally responsible for claims arising from or for the procurement of insurance.

16. To obtain from Defendants, who are ordered to immediately provide to the Receiver following demand, all tax identification numbers of other identification numbers utilized in connection with the ownership or operation of the Property or any property in the possession and control of the Receiver.

17. The Receiver may open one or more bank accounts as Receiver or in the name of the receivership estate at any federally-insured bank, savings & loan, credit union,

11

or other financial institution using a Defendant's taxpayer identification number, and funds of the receivership estate may be deposited in these accounts, from which disbursements may be made as provided in this order or any subsequent order of this Court.

18. To have all mail addressed to the Property or any property in the possession and control of the Receiver through this or any order forwarded to an address designated by the Receiver.

19. To instruct the United States Postal Department and its employees, at the Post Department branches where the Property is located, to deliver any mail, other than as may be labeled "personal", addressed to the persons or entities hereinabove set forth, to the Receiver rather than depositing said mail in post office boxes. The Receiver shall, subsequent to the Receiver's review of the contents of said mail, deliver to the Defendants said mail other than those checks, money orders, and payments in any form made payable to any of the parties named hereinabove, which shall be retained by the Receiver.

20. If one or more of the Defendants files bankruptcy during the Receivership, the Receiver shall promptly inform the Court and all parties and shall comply with California Rule of Court 3.300 by filing a Notice of Related Case.

21. If a bankruptcy case is filed by one or more of the Defendants, the automatic stay will not impact the receivership because the application to appoint a receiver is the use of the State's police power and, therefore, the police power exception to the automatic stay applies.

22. To prepare monthly reports to all parties and parties with a recorded interest pursuant to California Rule of Court 3.1182, which must include the total amount of any rent received, the nature and amount of any operating or repair contracts, payments made to repair and operate the Property, other payments made or expenses incurred, and the progress of necessary repairs to the Property.

23. To file with the Court within 30 calendar days of the effective date of this Order an

[PROPOSED] TEMPORARY RESTRAINING ORDER, ORDER TO SHOW CAUSE    Case No.:
REGARDING PRELIMINARY INJUNCTION, AND APPOINTMENT OF RECEIVER

2249022

inventory containing a complete and detailed list of all property of which the Receiver has taken possession, and to promptly file a supplementary inventory of any subsequently obtained property.

24. To lease the Property following rehabilitation for a term not to exceed one year, if, in the judgment of the Receiver, such leasing would serve the interest of preserving the Property.

25. To render interim accounts and reports on a quarterly basis to this Court, and to render a final accounting to this Court at the conclusion of the Receivership.

26. To exercise the powers granted to the Receiver under § 568 of the Code of Civil Procedure.

27. To sell the Property, pursuant to Code of Civil Procedure § 568.5, if necessary, subject to the prior approval and confirmation of the Court.

28. To declare as abandoned any personal property remaining at the Property upon the Receiver's taking possession of the Property and to sell, exchange, or otherwise dispose of that personal property, without liability and without warranty, and apply the sale proceeds, if any, to receivership expenses.

29. To pay Plaintiff its attorneys' fees and costs, as the prevailing party, out of the Receivership Estate, pursuant to Health and Safety Code sections 17980.7(c)(11) and 17980(d)(1).

30. To apply on an ex-parte basis for any of the following: (a) approval of the Rehabilitation Plan and Cost Estimate; (b) approval of the Receiver's borrowings and issuance of Certificates of Indebtedness; (c) approval of the distribution of net proceeds from the sale of any of the Property; (d) approval to employ legal counsel, and (e) orders to enable the Receiver to properly perform the Receiver's duties or to address unforeseen circumstances that arise; and (f) for further instructions. The Receiver will have no duty or obligations to prepare or file federal or state income taxes as to monies coming into the Receivership Estate.

31. To render a final accounting and report to the Court at the conclusion of the

13

receivership and upon his motion, the Receiver shall be discharged once the Court approves such final accounting and report in accordance with California Rules of Court, Rule 3.1184.  The receivership shall not be terminated before the Receiver is entitled to be discharged.

**IT IS FURTHER ORDERED** that Defendants, their partners, assignees, successors, representatives, managers, agents, attorneys, employees, and all other persons acting under or in concert with Defendants, are hereby ordered to:

A.  Immediately relinquish and turn over possession of the Property to the Receiver.

B.  Immediately turn over to the Receiver and direct all property managers or other agents, employees, or tenants to turn over all keys to the Property and any books or records with respect to the Property as requested by the Receiver;

C.  Immediately advise the Receiver as to the nature and extent of insurance coverage on the Property, and name the Receiver as an additional insured on liability insurance policies for so long as the Receiver remains in possession.  Immediately provide to the Receiver copies of all historical insurance related to the business that has operated at the Property and related to the ownership of the Property;

D.  Execute (in recordable form, if necessary) and deliver to the Receiver or its designee any and all documents required to implement the actions authorized by this Order, including rescission of any notice of default or notice of trustee's sale.

E.  During the pendency of the receivership, the Property shall not be used or occupied in violation of the San Jose Municipal Code or state laws.

F.  Cooperate with the Receiver's management and rehabilitation of the Property.

G.  Immediately provide the Receiver with Defendants' tax ID numbers.

[PROPOSED] TEMPORARY RESTRAINING ORDER, ORDER TO SHOW CAUSE REGARDING PRELIMINARY INJUNCTION, AND APPOINTMENT OF RECEIVER

Case No.:

2249022

H.  Forward to the Receiver all bills which they may receive in connection with the Property; and

I.  Provide the Receiver with their Social Security number, taxpayer identification numbers, or employers' identification numbers so that the Receiver may report the existence of this receivership to the Internal Revenue Service.

**IT IS FURTHER ORDERED** that Defendants, their partners, assignees, successors, representatives, managers, attorneys, employees, and all persons acting under or in concert with Defendants, are hereby enjoined during the Receivership from:

A.  Demanding, collecting, receiving, or diverting any rents, profits, or income from the Property;

B.  Interfering with the Receiver, directly or indirectly, in the operation of the Property;

C.  Encumbering, mortgaging, liening, selling, or transferring the Property;

D.  Cancelling, reducing, or modifying any existing insurance coverage with respect to the Property.

E.  Commencing or continuing any foreclosure or similar process, including non-judicial foreclosure and trustee sale proceedings, and further including the filing of any notice of default or notice of trustee's sale.

F.  Commencing or continuing any action that impairs or precludes the Receiver's ability to obtain policies of title insurance needed to implement the actions authorized by this order.

G.  Removing any furniture, fixture or item of personal property from the Property without first having received the Receiver's written consent.

H.  Interfering with the Receiver, directly or indirectly, in the conduct of the receivership.

I.  Canceling, reducing, or modifying any existing insurance coverage with respect to the Property.

15

J. Entering upon the Property or into any structure located on the Property without first having received the Receiver's written consent.

K. Commencing or continuing any foreclosure or similar process, including non-judicial foreclosure and trustee sale proceedings, and further including the filing of any notice of default or notice of trustee's sale.

L. Claiming any deduction with respect to state income taxes for interest, taxes, expenses, depreciation, or amortization paid or incurred with respect to the Property for 2024 and all future years during the pendency of the receivership.

**IT IS FURTHER ORDERED** that this Order shall be immediately effective on the date of entry as set forth below. In addition, this case shall be continued generally, and the court shall reserve full jurisdiction for other such proceedings as may be necessary to effectuate provisions of this Order, and for awarding such other relief that is recoverable, including, but not limited to, the award of attorney's fees and costs to the prevailing party.

**IT IS FURTHER ORDERED** that if there are any excess funds from the sale of the Property once the Receiver, City, as well as any liens are paid off, the Receiver shall interplead the remaining funds to the Santa Clara County Superior Court in accordance with California Code of Civil Procedure § 386 et seq.

**IT IS FURTHER ORDERED** that should any lawful direction or instruction issued by the Receiver, under the authority granted herein, be refused, that the Receiver is authorized to enlist the assistance of any duly authorized law enforcement, and further that such authorized law enforcement are authorized to employ all reasonable and necessary measures to secure cooperation and compliance with any lawful direction or instruction issued by the Receiver, including but not limited to, the use of forced entry onto/into Property should consent to enter be refused.

**IT IS FURTHER ORDERED** that the failure of Defendants or any of Defendants' agents or representatives to abide by any term or condition of this Order will be considered contempt pursuant to California Code of Civil Procedure § 1209 et seq.

16

[PROPOSED] TEMPORARY RESTRAINING ORDER, ORDER TO SHOW CAUSE          Case No.:
REGARDING PRELIMINARY INJUNCTION, AND APPOINTMENT OF RECEIVER
2249022

**IT IS FURTHER HEREBY ORDERED** that the Receiver will be compensated at a rate of $395 per hour for his services, and the billing rates for other BARG professionals are set forth in the billing rate sheet attached as Exhibit B to the Declaration of Gerard F. Keena II, filed in support of the Ex Parte Application to Appoint a Receiver.  The Receiver will be reimbursed for his reasonable costs and expenses incurred in connection with receivership activities, including the reasonable costs and expenses for the BARG professionals and the Receiver's outside professionals, and shall be entitled to interim payments subject to California Rules of Court, Rule 3.1183.  The Receiver, and his representatives, and his attorneys will be compensated as described above for expenses and costs incurred in any related bankruptcy or on appeal of any order, judgment or other ruling or determination related to or arising out of the receivership case, regardless of whether the appeal is instated by the Receiver or any party, including without limitation appeals related to the order appointing the Receiver or any other order in the case.  The Receiver may, but is not obligated to, advance money to pay for receivership expenses, including court filing fees, insurance, locksmith services, bond expense, utilities, property maintenance, debris removal, and similar receivership-related expenses (hereinafter, "Hard Costs").  The Receiver will be fully reimbursed for all Hard Costs advanced by him, plus an additional ten percent (10%) of the advanced amounts as compensation to the Receiver for administrative overhead and carrying costs.  The Receiver shall have a super-priority lien on the Property superseding all preexisting private liens and encumbrances for all unpaid fees, costs, and expenses, including Hard Costs, incurred in carrying out his duties under this Order and other Court order (the "Receiver's Lien").  The Receiver's Lien shall be perfected upon the recordation of this Order in the Official Records of Santa Clara County, but shall be junior and subordinate to any Receiver's Certificates, including the Initial Receiver's Certificate.

The Receiver shall be served a copy of all filings and orders in this matter until his discharge of his duties as receiver herein.

**IT IS FURTHER HEREBY ORDERED** that City is entitled to recover its attorney

~~[PROPOSED]~~ TEMPORARY RESTRAINING ORDER, ORDER TO SHOW CAUSE
REGARDING PRELIMINARY INJUNCTION, AND APPOINTMENT OF RECEIVER

Case No.:

2249022

fees, ordinary costs and administrative costs, inspection costs, investigation costs, and costs to repair and eliminate all substandard conditions. The amount shall be established at such time as the City makes a further application or the Receiver is ordered to pay such costs, or the Receiver is discharged, whichever comes first.

**IT IS FURTHER HEREBY ORDERED** that the Receiver, the Receiver's agents BARG, employees, accountants, attorneys, consultants, and other professionals are immune from any personal liability to the furthest extent allowed under California Health and Safety Code § 17980.7, California Code of Civil Procedure section § 568 et seq., California Business and Professions Code § 17203, California Penal Code §§ 11225, and other applicable law, including, without limitation, from liability for any of the following:

1.      Obligations incurred, and claims asserted in connection with receivership activities or on behalf of the Receivership Estate;

2.      Obligations and claims relating to the Property that were incurred before the Receiver's appointment;

3.      Claims, actions, damages, fines, liabilities, costs, and/or expenses arising out of or resulting from the presence or release of any Hazardous Substances at or emanating from the Property.  The term "Hazardous Substances" means and includes any substance, material, or waste that is included within the definitions of "hazardous substances", "hazardous materials", "hazardous waste", or words of similar import in any federal, state, or local law, whether common law, statute, ordinance, rule, regulation, or judicial or administrative decision;

4.      Obligations arising under or related to any Receiver's Certificate of Indebtedness and/or security device issued in connection with the Property; and

5.      Any fines or penalties for ongoing violations of building or health and safety codes existing during the rehabilitation of the Property.

**IT IS FURTHER HEREBY ORDERED** that the Receiver is permitted to fund an initial $125,000 Certificate of Indebtedness with super-priority status to cover the cost of securing and cleaning the Property, enlisting contractors to bid on the cost of rehabilitation,

[PROPOSED] TEMPORARY RESTRAINING ORDER, ORDER TO SHOW CAUSE    Case No.:
REGARDING PRELIMINARY INJUNCTION, AND APPOINTMENT OF RECEIVER

2249022

and the initial cost of managing the Property and administering the Receivership Estate.

**IT IS FURTHER HEREBY ORDERED** that should any lawful order issued by the Receiver, under the authority granted herein, be refused, the Receiver is authorized to enlist the assistance of any duly authorized police officer(s) and further that such police officer(s) are authorized to employ all reasonably necessary measures to secure cooperation and compliance with any lawful order issued by the Receiver, including, but not limited to, the use of forced entry onto/into the Property should consent to enter be refused, and the removal of any individual(s) occupying the Property.

**LET THE ABOVE ORDER ISSUE**.

Dated:   January 12, 2026

_____
JUDGE OF THE SUPERIOR COURT

Judge Vincent I. Parrett

---

19

[PROPOSED] TEMPORARY RESTRAINING ORDER, ORDER TO SHOW CAUSE       Case No.:
REGARDING PRELIMINARY INJUNCTION, AND APPOINTMENT OF RECEIVER

2249022

**PROOF OF SERVICE**

CASE NAME:    City of San Jose et al vs Cheryl Lam et al

CASE NO.:        26CV484023

I, the undersigned declare as follows:

I am over 18 years of age and not a party to this action.  My business address is 200 East Santa Clara Street, San Jose, California  95113-1905, and is located in the county where the service described below occurred.

On January 27, 2026, I caused to be served the within:
**NOTICE OF ENTRY OF ORDER**

☒        by MAIL, with a copy of this declaration, by depositing them into a sealed envelope, with postage fully prepaid, and causing the envelope to be deposited for collection and mailing on the date indicated above.

I further declare that I am readily familiar with the business' practice for collection and processing of correspondence for mailing with the United States Postal Service. Said correspondence would be deposited with the United States Postal Service that same day in the ordinary course of business.

☒        by ELECTRONIC TRANSMISSION, with a copy of this declaration, to an electronic address listed below.

I further declare that the electronic transmission was sent on January 27, 2026, and that the City of San Jose, City Attorney's electronic address is CAO.Main@sanjoseca.gov.

The above-described transmission was reported as sent by a transmission report available for printing from the computer.

Addressed as follows:

Lam, Cheryl                                             Nicholas Keith Christian
72 North Buena Vista in San José,       72 North Buena Vista in San José,
California 95126                                      California 95126
cheryl16@gmail.com                           christian.nicholask@gmail.com

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.  Executed on January 27, 2026, at San Jose, California.

*George Touba*
_____
George Touba

**City of San Jose v. CHERYL LAM et al**
**Santa Clara County Superior Court Case No. TBD**
**Authorization for Electronic Communication and Service of Documents.**

Print Name: Cheryl Lam

Property Address: 72 North Buena Vista in San José, California 95126

Email Address: cheryl16@gmail.com

I authorize the City of San Jose to (1) communicate with me via the email address noted above, and (2) to serve me with all documents relating to the case titled *CITY OF SAN JOSE vs CHERYL LAM et al* filed in Santa Clara County Superior Court, Case No.TBD, that would typically be served upon me by personal delivery or first class mail by either emailing copies of the documents to me at the above-stated email or emailing a link where the documents can be viewed online. I agree that documents served on me in either manner described above shall be deemed for all purposes under the law to have been served on me by personal delivery on the date the email was sent to me by the City. I understand it is my responsibility to monitor my email daily and to notify the San Jose City Attorney's Office immediately and in writing if I change email addresses or wish to withdraw this authorization. I also agree that an electronic and/or FAX copy of my signature on this document is to be treated as an original signature.

Dated: 11/01/26 _____          _____

CHERYL LAM

**City of San Jose v. CHERYL LAM et al**
**Santa Clara County Superior Court Case No. TBD**
**Authorization for Electronic Communication and Service of Documents.**

Print Name: Nicholas Keith Christian

Property Address: 72 North Buena Vista in San José, California 95126

Email Address: christian.nicholask@gmail.com

I authorize the City of San Jose to (1) communicate with me via the email address noted above, and (2) to serve me with all documents relating to the case titled *CITY OF SAN JOSE vs CHERYL LAM et al* filed in Santa Clara County Superior Court, Case No.TBD, that would typically be served upon me by personal delivery or first class mail by either emailing copies of the documents to me at the above-stated email or emailing a link where the documents can be viewed online. I agree that documents served on me in either manner described above shall be deemed for all purposes under the law to have been served on me by personal delivery on the date the email was sent to me by the City. I understand it is my responsibility to monitor my email daily and to notify the San Jose City Attorney's Office immediately and in writing if I change email addresses or wish to withdraw this authorization. I also agree that an electronic and/or FAX copy of my signature on this document is to be treated as an original signature.

Dated: ___08/01/26_____

_Nicholas Christian (Jan 8, 2026 14:04:37 PST)_____
NICHOLAS KEITH CHRISTIAN

# EXHIBIT 4

26CV484023
Santa Clara – Civil

CIV-130
R. Fleming

| ATTORNEY OR PARTY WITHOUT ATTORNEY | STATE BAR NUMBER: 352779 | FOR COURT USE ONLY |
|---|---|---|
| NAME: Hannah Odekirk, Deputy City Attorney | | **Electronically Filed by Superior Court of CA, County of Santa Clara, on 3/10/2026 11:23 AM Reviewed By: R. Fleming Case #26CV484023 Envelope: 22932769** |

ATTORNEY OR PARTY WITHOUT ATTORNEY          STATE BAR NUMBER: 352779

NAME: Hannah Odekirk, Deputy City Attorney
FIRM NAME: San Jose City Attorney's Office
STREET ADDRESS: 200 E. Santa Clara St. Fl. 16
CITY: San Jose          STATE: CA    ZIP CODE: 95113
TELEPHONE NO.: 408-535-1900    FAX NO.:
EMAIL ADDRESS: CAO.main@sanjoseca.gov
ATTORNEY FOR (name): City of San Jose, People of the State of California
**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** Santa Clara
 STREET ADDRESS: 191 N. 1st St.
 MAILING ADDRESS: 191 N. 1st St.
 CITY AND ZIP CODE: San Jose, 95113
 BRANCH NAME: Downtown Superior Courthouse

PLAINTIFF/PETITIONER: City of San Jose, People of the State of California
DEFENDANT/RESPONDENT: Cheryl Lam, Nicholas Keith Christian

FOR COURT USE ONLY

**Electronically Filed
by Superior Court of CA,
County of Santa Clara,
on 3/10/2026 11:23 AM
Reviewed By: R. Fleming
Case #26CV484023
Envelope: 22932769**

### NOTICE OF ENTRY OF JUDGMENT OR ORDER

*(Check one):*   [X] **UNLIMITED CASE**
(Amount demanded exceeded $35,000)

[ ] **LIMITED CASE**
(Amount demanded was $35,000 or less)

CASE NUMBER:
26CV484023

**TO ALL PARTIES :**

1. A judgment, decree, or order was entered in this action on *(date)*: March 25, 2026

2. A copy of the judgment, decree, or order is attached to this notice.

Date: March 10, 2026

Hannah Odekirk

(TYPE OR PRINT NAME OF [X] ATTORNEY [ ] PARTY WITHOUT ATTORNEY)

▶ *Hannah Odekirk*
(SIGNATURE)

**Page 1 of 2**

**CIV-130**

| | |
|---|---|
| PLAINTIFF/PETITIONER: City of San Jose, People of the State of California<br>DEFENDANT/RESPONDENT: Cheryl Lam, Nicholas Keith Christian | CASE NUMBER:<br>26CV484023 |

## PROOF OF SERVICE BY FIRST-CLASS MAIL
### NOTICE OF ENTRY OF JUDGMENT OR ORDER

*(NOTE: You cannot serve the Notice of Entry of Judgment or Order if you are a party in the action. The person who served the notice must complete this proof of service.)*

1. I am at least 18 years old and **not a party to this action.** I am a resident of or employed in the county where the mailing took place, and my residence or business address is *(specify):*

   N/A - SEE ATTACHED PROOF OF SERVICE

2. I served a copy of the *Notice of Entry of Judgment or Order* by enclosing it in a sealed envelope with postage fully prepaid and *(check one):*

   a. ☐ deposited the sealed envelope with the United States Postal Service.

   b. ☐ placed the sealed envelope for collection and processing for mailing, following this business's usual practices, with which I am readily familiar. On the same day correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service.

3. The *Notice of Entry of Judgment or Order* was mailed:

   a. on *(date):*

   b. from *(city and state):*     see attached POS

4. The envelope was addressed and mailed as follows:

   a. Name of person served:

   Street address:
   City:                              see attached POS
   State and zip code:

   b. Name of person served:

   Street address:
   City:                              see attached POS
   State and zip code:

   c. Name of person served:

   Street address:
   City:                              see attached POS
   State and zip code:

   d. Name of person served:

   Street address:
   City:                              see attached POS
   State and zip code:

   ☒ Names and addresses of additional persons served are attached. *(You may use form POS-030(P).)*

5. Number of pages attached: 18

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date:

_____              ▶    _____
(TYPE OR PRINT NAME OF DECLARANT)                              (SIGNATURE OF DECLARANT)

Page 2 of 2

CIV-130 [Rev. January 1, 2024]              **NOTICE OF ENTRY OF JUDGMENT OR ORDER**

## **PROOF OF SERVICE**

CASE NAME:    City of San Jose et al vs Cheryl Lam et al

CASE NO.:    26CV484023

I, the undersigned declare as follows:

I am a citizen of the United States, over 18 years of age, employed in Santa Clara County, and not a party to the within action.  My business address is 200 East Santa Clara Street, San Jose, California  95113-1905, and is located in the county where the service described below occurred.

On March 10, 2026, I caused to be served the within:

☒    **NOTICE OF ENTRY OF ORDER - PI AND CONFIRMATION OF RECEIVER** by ELECTRONIC TRANSMISSION, with a copy of this declaration, to an electronic address listed below.

I further declare that the electronic transmission was sent on March 10, 2026, and that the City of San Jose, City Attorney's electronic address is CAO.Main@sanjoseca.gov.

The above-described transmission was reported as sent by a transmission report available for printing from the computer.

Addressed as follows:

Lam, Cheryl
72 North Buena Vista in San José,
California 95126
cheryl16@gmail.com

Nicholas Keith Christian
72 North Buena Vista in San José,
California 95126
christian.nicholask@gmail.com

Brandon Carr
425 Market Street, Suite 2900
San Francisco, CA 94105
Tel: (415) 227-0900
bcarr@buchalter.com

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.  Executed on March 10, 2026, at San Jose, California.

/s/Goerge Touba
George Touba

SUSANA ALCALA WOOD, City Attorney (156366)
ARDELL JOHNSON, Assistant City Attorney (95340)
MAREN J. CLOUSE, Chief Deputy City Attorney (228726)
HANNAH ODEKIRK, Deputy City Attorney (352779)
Office of the City Attorney
200 East Santa Clara Street, 16th Floor
San José, California  95113-1905
Telephone Number: (408) 535-1900
Facsimile Number:  (408) 998-3131
E-Mail Address:  cao.main@sanjoseca.gov

Attorneys for Plaintiffs CITY OF SAN JOSE
And THE PEOPLE OF THE STATE OF CALIFORNIA

SUPERIOR COURT OF CALIFORNIA

COUNTY OF SANTA CLARA

UNLIMITED JURISDICTION

| | |
|---|---|
| THE PEOPLE OF THE STATE OF CALIFORNIA, acting by and through San Jose City Attorney Susana Alcala Wood; and CITY OF SAN JOSE, a municipal corporation and charter city,<br><br>          Plaintiffs,<br><br>          v.<br><br>CHERYL LAM, an individual; NICHOLAS KEITH CHRISTIAN, an individual; and DOES 1 through 20, inclusive,<br><br>          Defendant(s). | Case Number:  26CV484023<br><br>~~[PROPOSED]~~ **PRELIMINARY INJUNCTION, CONFIRMATION OF APPOINTMENT OF RECEIVER**<br><br>*Exempt from Filing Fees (Govt. Code § 6103)* |

On Tuesday, February 24, 2026, at 9AM in Department 16 of the above-entileed court, a hearing on the Order to Show Cause why a Preliminary Injunction should not issue was heard. Defendant Nicholas Christian and Defendant Cheryl Lam appeared in pro per, and Deputy City Attorney Hannah Odekirk appeared as counsel for Plaintiffs.

After hearing and duly considering oral arguments, after thorough of all filings on this matter, appears to the satisfaction of the Court that this is a proper case for granting a Preliminary Injunction. The court also finds the appointment of a receiver to be appropriate and necessary under Health and Safety Code Section 17980.7(c) and Health and Safety

1

Code Section 11582, Plaintiffs nominated Gerard F. Keena II from the Bay Area Receivership Group and he is hereby confirmed appointed as Receiver ("Receiver").

## PRELIMINARY INJUNCTION

**IT IS ORDERED** that:

1. The **Temporary Restraining Order** ("TRO") is dissolved at the issuance of this Preliminary Injunction.

**IT IS FURTHER ORDERED** that:

2. Defendants LAM, CHRISTIAN, and DOES 1-20, and each of them, and their agents, servants, employees, and representatives, and all persons acting in concert or participating with them, are enjoined and restrained during the pendency of this action from engaging in committing, or performing, directly or indirectly, any and all of the following acts at the Property:

   a.    From engaging in any use of the Property not consistent with the San Jose Municipal Code, including, using or permitting the Property to be used for:

      i.    Being the situs for other nuisance activity as defined under San Jose Municipal Code (SJMC) Section 1.13.050(A)(2)

      ii.   Any nuisance conditions in violation of California Civil Code Sections 3479 and 3480, California Health and Safety Code Sections 17920.3 and 11570, and SJMC Sections 1.13.040, 17.02.010, and 17.72.020.

   b.    Entering otherwise accessing the Property in violation of City of San Jose Code Enforcement's condemnation of the Property dated November 9, 2023, or in violation of County of Santa Clara's Methamphetamine Contaminated Property Cleanup Order.

## CONFIRMATION OF APPOINTMENT OF RECEIVER

**IT IS FURTHER ORDERED** that the Court's ex parte appointment of Gerard F. Keena III of the Bay Area Receivership Group ("BARG") is confirmed. The rights and

[PROPOSED] PRELIMINARY INJUNCTION, CONFIRMATION OF APPOINTMENT OF RECEIVER

26CV484023

2287204

duties of the Receiver are confirmed below as follows:

1. Gerard F. Keena II of the Bay Area Receivership Group ("BARG") be confirmed appointed as the receiver ("Receiver") over the Property immediately. The Receiver is authorized to engage and employ BARG to assist him in carrying out his duties as Receiver. The Receiver is appointed over the Property pursuant to California Health and Safety Code Section 17980.7(c), and is given those powers granted under California Code of Civil Procedure "CCP" § 564 et seq., California Health and Safety Code Section 17980.7(c)(4), this Order, and future orders of the Court. The resulting receivership estate created by the Receiver's appointment shall be referred to herein as the "Receivership Estate."

2. Defendants however, reserve the right to monitor the Receiver's abatement and to challenge any mismanagement of the Receiver during the receivership in this Action by filing objections to the Receiver's reports pursuant to California Rule of Court 3.1183. As well as to the Receiver's Final Report and Accounting, which must be submitted pursuant to California Rule of Court 3.1184.

3. The Receiver shall immediately, and before performing any duties: (1) execute and file a Receiver's oath; and (2) file the bond required by the Civil Code of Procedure section 567(b), in the amount of $10,000, conditioned upon the faithful performance of the Receiver's duties. Upon filing the oath and bond, the Receiver is authorized to immediately borrow up to $125,000 on behalf of the Receivership Estate, and this $125,000 along with other receiver fees and expenses accrued in this matter shall be a first-priority lien over all other recorded interests. The Court finds that the $125,000 amount is reasonable and necessary given the concerns addressed in the Keena Declaration, executed on January 6, 2026 and filed with the Plaintiff's Application.

**IT IS FURTHER ORDERED** that

4. The Receiver shall be entitled to compensation for its services as Receiver over the Property. Additionally, the Receiver may employ the services of a property

management company and environmental consultant as needed.

5.   The Receiver's compensation shall be subject to review and final approval by this Court upon notice and hearing at the time the Receiver presents a Final Report and Final Accounting, which accounting shall be accompanied by records adequately documenting the rehabilitation and property management services rendered by the Receiver.

6.   In addition to the powers granted to receivers under the Code of Civil Procedure, the Receiver is given the following specific powers and duties:

   a.   To take full, complete, and sole possession and control of the Property, including tangible and intangible personal property located in or about said real properties or used in connection with said real properties. The Property are to be properly secured and closed to all unauthorized individuals not approved by the Receiver, until all nuisances are abated, and the Property are made safe for its zoned use.

   b.   The court authorizes, and orders, entry onto the Property and all structures located thereon, for purposes of executing this order by the Court-appointed Receiver, his staff and/or designees, and/or Santa Clara County Department of Health and Environmental Safety ("DEH"). The Court further authorizes the Receiver to enlist the assistance of the Santa Clara County Sheriff and/or San Jose Police Department and has authority through this Order to forcibly remove anyone occupying the Property in violation of this Order and to support the Receiver in effectuating his duties.

   c.   To maintain the Property vacant during the pendency of the receivership, should the Receiver believe vacating the Property is required to safely and adequately carry out the purposes of this receivership. If the Defendants or any occupant refuses to vacate the Property, the Receiver may obtain a writ of possession, or equivalent legal authority under the

4

circumstances, to remove Defendants or any occupant from the Property.

d.  Upon removal of anyone occupying the Property, the Receiver is authorized to board up and/or secure the Property to prevent trespassing and/or illegal occupancy.

e.  To remove and dispose of all debris, waste, and any excess materials on the Property, including any hazardous materials, and to pay the reasonable costs and fees associated with such removal and disposition.

f.  To contract with utility service providers for any modifications to the Property's existing utilities that may be necessary in connection with the rehabilitation, demolition, or reconstruction of the Property, and for the restoration of any discontinued utility services.

g.  To manage the Property and pay operating expenses, including taxes, insurance, utilities, and general maintenance on the Property, and including the complete management of any lease or rental agreements related to the Property, specifically allowing the Receiver to terminate, renew, or put in place new or existing leases related to the Property. Such management further includes receiving any rent or other income from any current or new rental or leasing agreements or other contracts related to the Property, which income and payments shall be deposited into the account established by the Receiver pursuant to this Order.  To the extent there is any outstanding debt, the Receiver shall not be required to pay for debt secured by the Property, including mortgages or promissory notes secured by deeds of trust on the Property. The Receiver may, but shall not be obligated to, contribute funds in the performance of the duties hereunder.  No obligation received by the Receiver of the duties in accordance with this and other Orders of this Court shall be the Receiver's personal obligation, but shall be the obligation of the Receivership Estate.

[PROPOSED] PRELIMINARY INJUNCTION, CONFIRMATION OF APPOINTMENT OF RECEIVER

26CV484023

2287204

h.  To secure a cost estimate and rehabilitation plan, including financing if necessary, as necessary from a licensed contractor for the repairs necessary to correct the violations, and submit this plan to the Court for approval.

i.  Within seven (7) days of his engagement of a firm to assist in the management or operation of the Property, the Receiver is to disclose to all parties any financial relationship between the Receiver and any such firm.

j.  To collect all rent and income from the Property, to collect any debt associated with the Property, and to use these funds to pay for the costs of operating, managing, maintaining, or rehabilitating the Property.

k.  To rehabilitate the Property consistent with the rehabilitation plan submitted to the Court, to put the Property into compliance with all applicable state and local codes, including the Uniform Code for the Abatement of Dangerous Buildings, the California State Building Standards Code, the San Jose Municipal Code, and to otherwise render the Property as a whole habitable as a decent, safe, and sanitary housing and to abate the violations and nuisance conditions at or emanating from the Property.

l.  To employ agents, employees, clerks, accountants, forensic computer consultants and property managers and attorneys to represent, advise, and assist the Receiver in administering the Property, purchase materials, supplies, and services, and pay for them at the ordinary and usual rates out of the funds which shall come into the Receiver's possession and shall do all things and incur the risks and obligations ordinarily incurred by owners, property managers and operators of similar properties and enterprises. No such risk or obligation so incurred shall be the personal risk or obligation of the Receiver but shall be the risk and obligation of the

6

[PROPOSED] PRELIMINARY INJUNCTION, CONFIRMATION OF APPOINTMENT OF RECEIVER

26CV484023

2287204

Receivership Estate.

7. To enter into contracts for goods and services and employ licensed contractors for repairs as necessary to bring the Property into compliance with applicable codes and to render the Property habitable as decent, safe, and sanitary housing, including, without limitation, contracts with:

- Any maintenance and repair companies or personnel;
- Any licensed engineer(s) or other building professionals to inspect and evaluate the condition and rehabilitation potential of the Property.
- Any licensed specialists in methamphetamine cleanup.
- Any licensed architect or other design professional to furnish plans and specifications for the rehabilitation of the Property;
- Any licensed general contractor, subcontractor, supplier, or manufacturer to provide labor services, goods, materials, or equipment needed to manage, maintain, or rehabilitate the Property;
- Any construction manager
- Any bank, lending institution, or government housing finance agency;
- Any title company
- Any real estate appraiser
- Any licensed real estate broker
- Any licensed property manager
- Any licensed general or specialty contractor, laboratory for testing of toxic materials
- Any accountant; and
- Any locksmith or security company to obtain access or to maintain the security of the Property.

8. To apply for permits and other governmental approvals as necessary to undertake and complete the rehabilitation work.

9. To establish bank accounts for the deposit of monies and funds collected and

7

received in connection with the estate at federally insured banking institutions or savings associations. Monies coming into possession of the Receiver and not expended for any purpose herein authorized shall be held by the Receiver in interest-bearing accounts. The Receiver may retain funds that he reasonably believes necessary for the operation of the Receivership Estate.

10. To borrow funds as necessary to pay for the cost of rehabilitation work, relocation benefits, design and engineering work, permits, property management and maintenance, taxes, insurance, legal fees, receiver's fees and interim fees, and other costs of the Receivership, and to secure that debt with a recorded first priority lien on the Property for the amount borrowed. As allowed by Health and Safety Code section 17980.7, the Receiver may also record at the County Recorder's Office a first lien (also known as Receiver's Certificate of Indebtedness) on the Property that shall have super-priority as to any preexisting private lien(s) and encumbrance(s), except against federal, state, and county tax lien(s), for any monies owed to the Receiver for the estimated costs of operating the receivership, including Receiver's fee and costs advanced or expended by the Receiver for the purposed authorized by this order or subsequent orders issued in this action.

11. To issue and record Certificates of Indebtedness and/or a deed of trust with the power of sale against the Property to evidence and secure the above debt, which shall become a first lien on the Property superior to all preexisting liens and encumbrances.  Each Receiver's Certificate shall be issued for such amounts and for such items as the Court may hereafter expressly authorize, upon notice and after hearing as herein provided.  The debt evidenced by said Certificates shall be due and payable upon the completion of the Receiver's duties hereunder with respect to the rehabilitation of the Property.  If at the time this debt is not satisfied, the Receiver may apply to this Court for an order approving and confirming the sale of the Property pursuant to the Code of Civil Procedure Section 568.5, free and clear of subordinate liens and encumbrances.

8

12. To determine if sufficient insurance coverage exists for the Property. With respect to any existing insurance coverage, the Receiver shall be named as an additional insured on the policies for the period that the Receiver shall be in possession of the Property. Defendants shall notify the Receiver on said Receiver's taking possession of the Property whether or not there is sufficient insurance coverage on the Property. Defendants shall also supply to the Receiver copies of any and all current and historical insurance related to the business operations at the Property and the Property. If sufficient insurance coverage does exist, Defendants shall be responsible and are hereby ordered to make certain that the Receiver is named as an additional insured on that policy for the period that the receivership shall be in possession of the Property. If sufficient insurance coverage does not exist or Defendants fail to add the Receiver to the insurance within 15 days of this Order, it is hereby ordered that the Receiver shall have thirty (30) working days to procure said insurance for the Property, provided the Receiver has funds available to do so, and during such period said Receiver shall not be personally responsible for claims arising from or for the procurement of insurance.

13. To obtain from Defendants, who are ordered to immediately provide to the Receiver following demand, all tax identification numbers of other identification numbers utilized in connection with the ownership or operation of the Property or any property in the possession and control of the Receiver.

14. The Receiver may open one or more bank accounts as Receiver or in the name of the receivership estate at any federally-insured bank, savings & loan, credit union, or other financial institution using a Defendant's taxpayer identification number, and funds of the receivership estate may be deposited in these accounts, from which disbursements may be made as provided in this order or any subsequent order of this Court.

15. To have all mail addressed to the Property or any property in the possession and control of the Receiver through this or any order forwarded to an address

[PROPOSED] PRELIMINARY INJUNCTION, CONFIRMATION OF
APPOINTMENT OF RECEIVER

26CV484023

2287204

designated by the Receiver.

16. To instruct the United States Postal Department and its employees, at the Post Department branches where the Property is located, to deliver any mail, other than as may be labeled "personal", addressed to the persons or entities hereinabove set forth, to the Receiver rather than depositing said mail in post office boxes. The Receiver shall, subsequent to the Receiver's review of the contents of said mail, deliver to the Defendants said mail other than those checks, money orders, and payments in any form made payable to any of the parties named hereinabove, which shall be retained by the Receiver.

17. If one or more of the Defendants files bankruptcy during the Receivership, the Receiver shall promptly inform the Court and all parties and shall comply with California Rule of Court 3.300 by filing a Notice of Related Case.

18. If a bankruptcy case is filed by one or more of the Defendants, the automatic stay will not impact the receivership because the application to appoint a receiver is the use of the State's police power and, therefore, the police power exception to the automatic stay applies.

19. To prepare monthly reports to all parties and parties with a recorded interest pursuant to California Rule of Court 3.1182, which must include the total amount of any rent received, the nature and amount of any operating or repair contracts, payments made to repair and operate the Property, other payments made or expenses incurred, and the progress of necessary repairs to the Property.

20. To file with the Court within 30 calendar days of the effective date of this Order an inventory containing a complete and detailed list of all property of which the Receiver has taken possession, and to promptly file a supplementary inventory of any subsequently obtained property.

21. To lease the Property following rehabilitation for a term not to exceed one year, if, in the judgment of the Receiver, such leasing would serve the interest of preserving the Property.

[PROPOSED] PRELIMINARY INJUNCTION, CONFIRMATION OF APPOINTMENT OF RECEIVER

26CV484023

2287204

22. To render interim accounts and reports on a quarterly basis to this Court, and to render a final accounting to this Court at the conclusion of the Receivership.

23. To exercise the powers granted to the Receiver under § 568 of the Code of Civil Procedure.

24. To sell the Property, pursuant to Code of Civil Procedure § 568.5, if necessary, subject to the prior approval and confirmation of the Court.

25. To declare as abandoned any personal property remaining at the Property upon the Receiver's taking possession of the Property and to sell, exchange, or otherwise dispose of that personal property, without liability and without warranty, and apply the sale proceeds, if any, to receivership expenses.

26. To pay Plaintiff its attorneys' fees and costs, as the prevailing party, out of the Receivership Estate, pursuant to Health and Safety Code sections 17980.7(c)(11) and 17980(d)(1).

27. To apply on an ex-parte basis for any of the following: (a) approval of the Rehabilitation Plan and Cost Estimate; (b) approval of the Receiver's borrowings and issuance of Certificates of Indebtedness; (c) approval of the distribution of net proceeds from the sale of any of the Property; (d) approval to employ legal counsel, and (e) orders to enable the Receiver to properly perform the Receiver's duties or to address unforeseen circumstances that arise; and (f) for further instructions. The Receiver will have no duty or obligations to prepare or file federal or state income taxes as to monies coming into the Receivership Estate.

28. To render a final accounting and report to the Court at the conclusion of the receivership and upon his motion, the Receiver shall be discharged once the Court approves such final accounting and report in accordance with California Rules of Court, Rule 3.1184.  The receivership shall not be terminated before the Receiver is entitled to be discharged.

**IT IS FURTHER ORDERED** that Defendants, their partners, assignees, successors, representatives, managers, agents, attorneys, employees, and all other

11

persons acting under or in concert with Defendants, are hereby ordered to:

    A.  Immediately relinquish and turn over possession of the Property to the Receiver.

    B.  Immediately turn over to the Receiver and direct all property managers or other agents, employees, or tenants to turn over all keys to the Property and any books or records with respect to the Property as requested by the Receiver;

    C.  Immediately advise the Receiver as to the nature and extent of insurance coverage on the Property, and name the Receiver as an additional insured on liability insurance policies for so long as the Receiver remains in possession.  Immediately provide to the Receiver copies of all historical insurance related to the business that has operated at the Property and related to the ownership of the Property;

    D.  Execute (in recordable form, if necessary) and deliver to the Receiver or its designee any and all documents required to implement the actions authorized by this Order, including rescission of any notice of default or notice of trustee's sale.

    E.  During the pendency of the receivership, the Property shall not be used or occupied in violation of the San Jose Municipal Code or state laws.

    F.  Cooperate with the Receiver's management and rehabilitation of the Property.

    G.  Immediately provide the Receiver with Defendants' tax ID numbers.

    H.  Forward to the Receiver all bills which they may receive in connection with the Property; and

    I.  Provide the Receiver with their Social Security number, taxpayer identification numbers, or employers' identification numbers so that the Receiver may report the existence of this receivership to the Internal Revenue Service.

12

**IT IS FURTHER ORDERED** that Defendants, their partners, assignees, successors, representatives, managers, attorneys, employees, and all persons acting under or in concert with Defendants, are hereby enjoined during the Receivership from:

A.  Demanding, collecting, receiving, or diverting any rents, profits, or income from the Property;

B.  Interfering with the Receiver, directly or indirectly, in the operation of the Property;

C.  Encumbering, mortgaging, liening, selling, or transferring the Property;

D.  Cancelling, reducing, or modifying any existing insurance coverage with respect to the Property.

E.  Commencing or continuing any foreclosure or similar process, including non-judicial foreclosure and trustee sale proceedings, and further including the filing of any notice of default or notice of trustee's sale.

F.  Commencing or continuing any action that impairs or precludes the Receiver's ability to obtain policies of title insurance needed to implement the actions authorized by this order.

G.  Removing any furniture, fixture or item of personal property from the Property without first having received the Receiver's written consent.

H.  Interfering with the Receiver, directly or indirectly, in the conduct of the receivership.

I.  Canceling, reducing, or modifying any existing insurance coverage with respect to the Property.

J.  Entering upon the Property or into any structure located on the Property without first having received the Receiver's written consent.

K.  Commencing or continuing any foreclosure or similar process, including non-judicial foreclosure and trustee sale proceedings, and further including the filing of any notice of default or notice of trustee's sale.

L.  Claiming any deduction with respect to state income taxes for interest, taxes,

expenses, depreciation, or amortization paid or incurred with respect to the Property for 2024 and all future years during the pendency of the receivership.

**IT IS FURTHER ORDERED** that this Order shall be immediately effective on the date of entry as set forth below. In addition, this case shall be continued generally, and the court shall reserve full jurisdiction for other such proceedings as may be necessary to effectuate provisions of this Order, and for awarding such other relief that is recoverable, including, but not limited to, the award of attorney's fees and costs to the prevailing party.

**IT IS FURTHER ORDERED** that if there are any excess funds from the sale of the Property once the Receiver, City, as well as any liens are paid off, the Receiver shall interplead the remaining funds to the Santa Clara County Superior Court in accordance with California Code of Civil Procedure § 386 et seq.

**IT IS FURTHER ORDERED** that should any lawful direction or instruction issued by the Receiver, under the authority granted herein, be refused, that the Receiver is authorized to enlist the assistance of any duly authorized law enforcement, and further that such authorized law enforcement are authorized to employ all reasonable and necessary measures to secure cooperation and compliance with any lawful direction or instruction issued by the Receiver, including but not limited to, the use of forced entry onto/into Property should consent to enter be refused.

**IT IS FURTHER ORDERED** that the failure of Defendants or any of Defendants' agents or representatives to abide by any term or condition of this Order will be considered contempt pursuant to California Code of Civil Procedure § 1209 et seq.

**IT IS FURTHER HEREBY ORDERED** that the Receiver will be compensated at a rate of $395 per hour for his services, and the billing rates for other BARG professionals are set forth in the billing rate sheet attached as Exhibit B to the Declaration of Gerard F. Keena II, filed in support of the Ex Parte Application to Appoint a Receiver.  The Receiver will be reimbursed for his reasonable costs and expenses incurred in connection with receivership activities, including the reasonable costs and expenses for the BARG

14

[PROPOSED] PRELIMINARY INJUNCTION, CONFIRMATION OF APPOINTMENT OF RECEIVER

26CV484023

2287204

professionals and the Receiver's outside professionals, and shall be entitled to interim payments subject to California Rules of Court, Rule 3.1183.  The Receiver, and his representatives, and his attorneys will be compensated as described above for expenses and costs incurred in any related bankruptcy or on appeal of any order, judgment or other ruling or determination related to or arising out of the receivership case, regardless of whether the appeal is instated by the Receiver or any party, including without limitation appeals related to the order appointing the Receiver or any other order in the case.  The Receiver may, but is not obligated to, advance money to pay for receivership expenses, including court filing fees, insurance, locksmith services, bond expense, utilities, property maintenance, debris removal, and similar receivership-related expenses (hereinafter, "Hard Costs").  The Receiver will be fully reimbursed for all Hard Costs advanced by him, plus an additional ten percent (10%) of the advanced amounts as compensation to the Receiver for administrative overhead and carrying costs.  The Receiver shall have a super-priority lien on the Property superseding all preexisting private liens and encumbrances for all unpaid fees, costs, and expenses, including Hard Costs, incurred in carrying out his duties under this Order and other Court order (the "Receiver's Lien").  The Receiver's Lien shall be perfected upon the recordation of this Order in the Official Records of Santa Clara County, but shall be junior and subordinate to any Receiver's Certificates, including the Initial Receiver's Certificate.

The Receiver shall be served a copy of all filings and orders in this matter until his discharge of his duties as receiver herein.

**IT IS FURTHER HEREBY ORDERED** that City is entitled to recover its attorney fees, ordinary costs and administrative costs, inspection costs, investigation costs, and costs to repair and eliminate all substandard conditions. The amount shall be established at such time as the City makes a further application or the Receiver is ordered to pay such costs, or the Receiver is discharged, whichever comes first.

**IT IS FURTHER HEREBY ORDERED** that the Receiver, the Receiver's agents BARG, employees, accountants, attorneys, consultants, and other professionals are

15

[PROPOSED] PRELIMINARY INJUNCTION, CONFIRMATION OF
APPOINTMENT OF RECEIVER

26CV484023

2287204

immune from any personal liability to the furthest extent allowed under California Health and Safety Code § 17980.7, California Code of Civil Procedure section § 568 et seq., California Business and Professions Code § 17203, California Penal Code  §§ 11225, and other applicable law, including, without limitation, from liability for any of the following:

1.    Obligations incurred, and claims asserted in connection with receivership activities or on behalf of the Receivership Estate;

2.    Obligations and claims relating to the Property that were incurred before the Receiver's appointment;

3.    Claims, actions, damages, fines, liabilities, costs, and/or expenses arising out of or resulting from the presence or release of any Hazardous Substances at or emanating from the Property.  The term "Hazardous Substances" means and includes any substance, material, or waste that is included within the definitions of "hazardous substances", "hazardous materials", "hazardous waste", or words of similar import in any federal, state, or local law, whether common law, statute, ordinance, rule, regulation, or judicial or administrative decision;

4.    Obligations arising under or related to any Receiver's Certificate of Indebtedness and/or security device issued in connection with the Property; and

5.    Any fines or penalties for ongoing violations of building or health and safety codes existing during the rehabilitation of the Property.

**IT IS FURTHER HEREBY ORDERED** that the Receiver is permitted to fund an initial $125,000 Certificate of Indebtedness with super-priority status to cover the cost of securing and cleaning the Property, enlisting contractors to bid on the cost of rehabilitation, and the initial cost of managing the Property and administering the Receivership Estate.

**IT IS FURTHER HEREBY ORDERED** that should any lawful order issued by the Receiver, under the authority granted herein, be refused, the Receiver is authorized to enlist the assistance of any duly authorized police officer(s) and further that such police officer(s) are authorized to employ all reasonably necessary measures to secure

cooperation and compliance with any lawful order issued by the Receiver, including, but not limited to, the use of forced entry onto/into the Property should consent to enter be refused, and the removal of any individual(s) occupying the Property.

**LET THE ABOVE ORDER ISSUE**.

DATED: February 25, 2026

_____
JUDGE OF THE SUPERIOR COURT

Judge Vincent I. Parrett

17

[PROPOSED] PRELIMINARY INJUNCTION, CONFIRMATION OF APPOINTMENT OF RECEIVER

26CV484023

2287204

# EXHIBIT 5

Court of Appeal, Sixth Appellate District
Baltazar Vazquez, Clerk/Executive Officer
Electronically FILED on 3/27/2026 by J. Ornelas, Deputy Clerk

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA
SIXTH APPELLATE DISTRICT


CITY OF SAN JOSE et al.,
Plaintiffs and Respondents,
v.
CHERYL LAM et al.,
Defendants and Appellants.

H054015
Santa Clara County Super. Ct. No. 26CV484023


BY THE COURT:

The petition for writ of supersedeas and the application for immediate temporary stay are denied.


(Danner, Acting P.J., Lie, J., and Wilson, J.
participated in this decision.)


Date: ___03/27/2026___                    _____ Acting P.J.

# CERTIFICATE OF SERVICE

CASE NAME:   *NICHOLAS CHRISTIAN, et al. v. CITY OF SAN JOSE, et al.*

CASE NO.:      5:26-cv-03708-EJD

I, the undersigned declare as follows:

I am a citizen of the United States, over 18 years of age, employed in Santa Clara County, and not a party to the within action.  My business address is 200 East Santa Clara Street, San Jose, California  95113-1905, and is located in the county where the service described below occurred.

On August 10, 2026, I caused to be served the within:

**DECLARATION OF BRIAN S. KREGER IN SUPPORT OF CITY OF SAN JOSE DEFENDANTS' MOTION TO DISMISS**

☐    by MAIL, with a copy of this declaration, by depositing them into a sealed envelope, with postage fully prepaid, and causing the envelope to be deposited for collection and mailing on the date indicated above.

I further declare that I am readily familiar with the business' practice for collection and processing of correspondence for mailing with the United States Postal Service. Said correspondence would be deposited with the United States Postal Service that same day in the ordinary course of business.

☒    by ELECTRONIC TRANSMISSION, with a copy of this declaration, to an electronic address listed below.

I further declare that the electronic transmission was sent on August 10, 2026, before 6:00 p.m., and that the City of San José, City Attorney's electronic address is cao.main@sanjoseca.gov.

The above-described transmission was reported as sent by a transmission report available for printing from the computer.

Addressed as follows:

Nicholas Christian
72 N. Buena Vista Ave
San Jose, CA 95126
Telephone: (408) 940-2424
E-Mail: christian.nicholask@gmail.com

**Pro Se**

Cherly Lam, Ph.D.
72 N. Buena Vista Ave
San Jose, CA 95126
Telephone: (408) 421-7162
E-Mail: cheryl16@gmail.com

**Pro Se**

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.  Executed on August 10, 2026, at San Jose, California.

Verónica Martinez

3

PROOF OF SERVICE

Case Number: 5:26-cv-03708-EJD

2333795