Nicholas Christian, Plaintiff In Pro Se
72 N. Buena Vista Ave.
San Jose, CA 95126
(408) 940-2424
christian.nicholask@gmail.com

Cheryl Lam, Ph.D., Plaintiff In Pro Se
72 N. Buena Vista Ave.
San Jose, CA 95126
(408) 421-7162
cheryl16@gmail.com

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

| | |
|---|---|
| NICHOLAS CHRISTIAN, an individual; and CHERYL LAM, Ph.D., an individual, <br><br> Plaintiffs, <br><br> v. <br><br> CITY OF SAN JOSE, a California municipal corporation; COUNTY OF SANTA CLARA, a California public entity; et al., <br><br> Defendants. | Case No. 5:26-cv-03708-EJD <br> Judge: Edward J. Davila <br><br> **PLAINTIFFS' OPPOSITION TO DEFENDANTS COUNTY OF SANTA CLARA AND JOANNE TRACEY'S MOTION TO CHANGE TIME AND MOTION FOR ADMINISTRATIVE RELIEF** <br><br> **(DKT. NO. 18)** |

Filed under Civil L.R. 6-3(b) and Civil L.R. 7-11(b).

1.     Plaintiffs do not oppose a single responsive pleading deadline for the five County Defendants and support it. Plaintiffs oppose September 11, 2026 as that date and propose August 25, 2026, the latest deadline already running under Rule 12(a)(1)(A)(i). If the Court sets a later date, Plaintiffs ask only that it not be September 11, 2026. Plaintiffs also move to strike ten paragraphs of the supporting declaration under Civil L.R. 7-5(b).

## AUGUST 25 SUPPLIES THE RELIEF REQUESTED

2.     Three deadlines are now running: the County, August 11; Tracey, August 12; Nguyen, Underwood, and Wills, August 25. Mot. § III.D. August 25 as the single date accelerates nothing. It extends the County by fourteen days and Tracey by thirteen, and consolidates all five responses into one filing on one date. That supplies the efficiency and judicial economy the motion invokes. Mot. §§ IV.A, IV.B.

3.     The motion identifies the work counsel must do: one response for five parties to a ten-claim complaint raising jurisdictional and abstention issues. Mot. § IV.A. That work is identical under either date. The motion does not address why it requires seventeen days beyond August 25, when three of the five County Defendants are already due to respond on that date, one office has represented all five since July 24, 2026, Johns Decl. ¶ 6, and the Initial Case Management Conference is not until October 29, 2026.

4.     September 11, 2026 is the date of the case management conference in the parallel state action. The motion recites that date in its own statement of facts, Mot. § III.A, and requests it twice in its conclusion. Of every date available, the motion selects the one on which these self-represented Plaintiffs are already committed in another courtroom.

5.     Movants state that Plaintiffs already agreed to September 30, 2026 and therefore cannot claim prejudice. Mot. §§ IV.A, IV.B. Plaintiffs agreed to September 30 as one term of a package: September 30 for all five County Defendants, service resolved through one delivery to counsel's office, and the draft's provision deeming those Defendants served upon that delivery. Christian Decl. ¶ 13, Ex. 8. No stipulation was executed. Plaintiffs served these Defendants themselves and paid the process server fees the exchange was to have avoided. Christian Decl. ¶¶ 11-12. Movants seek the extension without the term it was exchanged for.

**MOTION TO STRIKE PORTIONS OF THE JOHNS DECLARATION**

OPP. TO DKT. 18 - 2

6.   A declaration "may contain only facts," "must avoid conclusions and argument," and any statement made on information or belief "must specify the basis therefor." Civil L.R. 7-5(b). A declaration not in compliance "may be stricken in whole or in part." Id.

7.   **Information and belief, with no basis specified.** Strike ¶¶ 4, 5, and 21.

(a)   Paragraphs 4 and 5 recite Plaintiffs' service dates "[b]ased on information made available to me," identifying neither the information nor its source, while paragraph 2 declares that counsel knows "the facts herein stated of my own personal knowledge."

(b)   Paragraph 21 recites what "the Clerk of the Board… received" on August 4, 2026, an event in another office at which counsel does not place himself and which he does not qualify.

8.   **Conclusions and argument.** Strike ¶¶ 9, 10, 18, and 23.

(a)   Paragraph 9 declares the draft "a standard stipulation" and that counsel "cannot recall any other litigant having a problem with the stipulation." What unnamed litigants did in other cases is argument.

(b)   Paragraph 10 calls Plaintiffs' July 28 revisions "confusing additions" and "other legal phrases that were confusing." Counsel's reply the same day states, "I am not have an issue with adding 'Ph.D.' or changing the case number," and "The current draft incorporates these issues." Christian Decl. ¶ 7, Ex. 5.

(c)   Paragraph 18 calls Plaintiffs' July 31 email an attempt "in essence, [to] renegotiate the stipulation." That email requested no change to any draft. Christian Decl. ¶ 14, Ex. 9.

(d)   Paragraph 23 certifies under Civil L.R. 7-11(a) that "a stipulation could not be obtained because Plaintiffs refused to agree," while paragraph 12 of the same declaration states

that Plaintiffs "offered to sign the stipulation after the changes were made." The certification also rests on Plaintiffs' not meeting a deadline counsel set for them: his August 1 email gave Plaintiffs "until 3:00 p.m. on Monday, August 3, 2026, to file the stipulation," having "added your name as the person who will be… filing the document." Johns Decl. Ex. A. No rule permits one party to set a filing deadline for another, or to designate an opponent as the filer of the movant's instrument. No stipulation was executed, and the deadlines ran under Rule 12 throughout.

9.    **Statements the movants' own exhibit contradicts.** Strike ¶¶ 7, 17, and 19.

(a)    Paragraph 17 declares that on July 31, 2026 counsel "circulated the latest draft of the stipulation." The file attached to that email, "… Final. 07. 29. 2026.pdf," is the file transmitted on July 29, unchanged in name and date. Compare Ex. 11 with Ex. 12. Christian Decl. ¶¶ 8-9, 17-18.

(b)    Paragraph 19 declares that counsel "agreed to his requests" and that "the parties had negotiated every aspect of the stipulation." On July 28 Plaintiffs wrote that the third draft was acceptable subject to four conforming corrections and that Plaintiffs would execute and return signature pages the same day. Christian Decl. ¶ 13, Ex. 8. The July 29 draft was transmitted as "the redlined draft with your proposed revisions incorporated." Ex. 6. The attestation term Plaintiffs asked to have corrected does not appear in that draft. Compare Ex. 10 with Ex. 11; Christian Decl. ¶ 14, Ex. 9. Counsel's August 1 email then offered to supply, as new, "an explicit provision that the Office of the County Counsel will accept service on behalf of the County Defendants." Johns Decl. Ex. A.

(c)    Paragraph 7 declares that Plaintiff Christian "agreed that the County and its employees would respond to the complaint by September 30, 2026," omitting the terms stated with it. Christian Decl. ¶ 3, Ex. 2.

10.    Plaintiffs request that the Court (a) grant the request for a single responsive pleading deadline for the County of Santa Clara, Joanne Tracey, Jean Nguyen, Marilyn C. Underwood,

Ph.D., and Sonia Wills; (b) set that deadline at August 25, 2026 and deny the request to set it at September 11, 2026; and (c) strike ¶¶ 4, 5, 7, 9, 10, 17, 18, 19, 21, and 23 of the Johns declaration under Civil L.R. 7-5(b).

11.    Plaintiffs do not respond here to the assertions at Section I of the motion concerning the subject matter and outcome of the pending state court action, which are supported by no citation to any record and are not reasons supporting a change in a responsive pleading deadline, and reserve all rights and remedies as to them.

Dated: August 10, 2026

NICHOLAS CHRISTIAN, Plaintiff, Pro Se

CHERYL LAM, Ph.D., Plaintiff, Pro Se

OPP. TO DKT. 18 - 5