Nicholas Christian, Plaintiff In Pro Se
72 N. Buena Vista Ave., San Jose, CA 95126
(408) 940-2424 | christian.nicholask@gmail.com

Cheryl Lam, Ph.D., Plaintiff In Pro Se
72 N. Buena Vista Ave., San Jose, CA 95126
(408) 421-7162 | cheryl16@gmail.com

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

| | |
|---|---|
| NICHOLAS CHRISTIAN, an individual; and CHERYL LAM, Ph.D., an individual,<br>Plaintiffs,<br>v.<br><br>CITY OF SAN JOSE, a California municipal corporation; COUNTY OF SANTA CLARA, a California public entity; et al.,<br>Defendants. | Case No. 5:26-cv-03708-EJD<br>Date: October 15, 2026<br>Time: 9:00 a.m.<br>Courtroom: 4, 5th Floor<br>Judge: Hon. Edward J. Davila<br><br>**DECLARATION OF NICHOLAS CHRISTIAN IN SUPPORT OF PLAINTIFFS' OPPOSITION TO CITY OF SAN JOSE DEFENDANTS' MOTION TO DISMISS**<br><br>**(DKT. NO. 19)** |

I, Nicholas Christian, declare:

1. I am a plaintiff in this action, appearing pro se. I have personal knowledge of the facts stated below, and if called to testify I could and would testify competently to them. Each exhibit identified below is a true and correct copy of a document I received, sent, or obtained from the state-court record in Santa Clara County Superior Court No. 26CV484023 or from service in that action, and each is submitted for the purposes stated in the opposition: the Younger inquiry and response to Defendants’ Request for Judicial Notice.

2. Attached as **Exhibit 1** is a true and correct copy of Receiver’s Invoice No. 13335, produced in the state action, containing time entries including entries dated October 24, 2025, November 3, 2025, November 12, 2025, December 9, 2025, January 6, 2026, and January 9, 2026.

3. Attached as **Exhibit 2** is a true and correct copy of the Declaration of Hannah Odekirk filed January 8, 2026 in No. 26CV484023, bearing "Case #26CV484023, Envelope: 22206116" on its first page, together with its Exhibit A, the Notice and Order to Abate Nuisance dated December 15, 2025, which states a compliance deadline of "January 2, 2025" on its face.

4. Attached as **Exhibit 3** is a true and correct copy of the Declaration of Jean Nguyen filed in support of the City's ex parte application, executed November 20, 2025, stating at paragraph 3 that he was informed by Inspector Joseph Hatfield from the City of San Jose Code Enforcement Division.

5. Attached as **Exhibit 4** is a true and correct copy of the Declaration of Joanne Tracey filed in support of the City's ex parte application, executed November 4, 2025.

6. Attached as **Exhibit 5** is a true and correct copy of the January 9, 2026 written communication from Deputy City Attorney Odekirk to Plaintiffs stating that no stamped versions, docket number, or hearing date had been received from the Court.

7. Attached as **Exhibit 6** is a true and correct copy of the notice page of the City's ex parte application as filed, with the hearing date, time, and department left blank.

8. Attached as **Exhibit 7** is a true and correct copy of the Declaration of Joseph Hatfield filed in support of the City's ex parte application, stating at paragraph 7 that he conducted an inspection of the Property and confirmed drug manufacturing.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on August 24, 2026, at San Jose, California.

N Christian

Nicholas Christian, Plaintiff, Pro Se

# EXHIBIT 1

to the Declaration of Nicholas Christian in Support of
Plaintiffs' Opposition to City of San Jose Defendants'
Motion to Dismiss (Dkt. No. 19)

*Christian v. City of San Jose*, No. 5:26-cv-03708-EJD (N.D. Cal.)

**Bay Area Receivership Group**
**1925 Martin Luther King Jr. Way**
**Berkeley, CA 94704**
**Phone: 510-995-0158, Fax: 510-244-4447**
**Email: GKeena@BayAreaRG.com**

Invoice submitted to:
**72 N Buena Vista Ave, San Jose, CA 95126**

**Invoice # 13335**

Invoice Date: 02/28/26
Services Through: 02/28/26

| Date | By | Service Summary | Hours/Qty | Rate | Amount |
|---|---|---|---|---|---|
| In Reference To: | | **72 N Buena Vista Ave, San Jose, CA 95126 (Professional Services)** | | | |
| 10/24/25 | GK | 72 North Buena Vista Ave, San Jose: Phone call with H. Odekirk from the City re her preparing to file a TRO to assign a Receiver over the property | 0.20 | 395.00 | 79.00 |
| 10/24/25 | GK | 72 North Buena Vista Ave., San Jose: Review email from H. Odekirk re requesting a TRO and Receiver being Appointed (.1); review email from V. Chang re may be tricky due to affordability restriction (.1) | 0.20 | 395.00 | 79.00 |
| 11/03/25 | GK | Review email from R. Griffith re status of property (.1); prepare email to R. Griffith re needing a Title Report and Litigation Guarantee (.1); review correspondence from R. Griffith and V. Chang re status (.1); review correspondence from H. Odekirk re discussing case with Receiver and happy to discuss further (.1); review email from V. Chang re H. Odekirk will provide Declaration and Proposed Order to Receiver when the City is ready to file (.1); | 0.50 | 395.00 | 197.50 |
| 11/06/25 | GK | Review email from R. Griffith with attached Title Report and their being a Deed of Trust and a City Lien | 0.10 | 395.00 | 39.50 |
| 11/12/25 | GK | Review email from R. Griffith re status of Receivership (.1); prepare email to R. Griffith re moving forward and suing the lienholder (.1) | 0.20 | 395.00 | 79.00 |
| 12/03/25 | GK | Review correspondence from R. Griffith and H. Odekirk re any updates on the property | 0.10 | 395.00 | 39.50 |
| 12/09/25 | GK | Review correspondence from H. Odekirk re getting all the declarations back, posting and mailing notice on 12/15/25, and filing the complaint and ex parte application on 1/5/26 (.1); review correspondence from R. Griffith and H. Odekirk re same and Receiver's Declaration and Proposed Order (.1); review email from R. Griffith with attachments re same, review attachments (.2) | 0.40 | 395.00 | 158.00 |
| 12/23/25 | HS | Respond to D Bouchard's email re policy period for Buena Vista | 0.10 | 250.00 | 25.00 |
| 01/06/26 | GK | Review correspondence from H. Odekirk and R. Griffith re filing the matter on 1/8/26 and needing approval on the attached Declaration of Receiver and Proposed Order, review attachments re same (.3); prepare email to J. Blakeley re same (.1); prepare email to H. Odekirk with approval of documents (.1) | 0.50 | 395.00 | 197.50 |
| 01/07/26 | GK | Review email from H. Odekirk re Declaration (.1); review email from A. Sien re the signing of the Declaration in Support of Ex Parte (.1); prepare email to J. Blakeley re same (.1) | 0.20 | 395.00 | 79.00 |

| Date | By | Service Summary | Hours/Qty | Rate | Amount |
|---|---|---|---|---|---|
| 01/09/26 | GK | Review correspondence from R. Griffith and H. Odekirk re final draft and filing of the Petition and confirming Ex Parte (.1); review correspondence from H. Odekirk and R. Griffith re TRO and OSC re preliminary injunction and appointment of Receiver (.1); review correspondence re Declaration of J. Nguyen (.1); review email from R. Griffith re uploading the attached conformed copies, review 8 attachments re case (.3); review correspondence re phone conference 1/12/26 (.1) | 0.70 | 395.00 | 276.50 |
| 01/12/26 | GK | Teams meeting with H. Odekirk and R. Griffith to discuss case, hearing date, Notice to Abate, and the County's Methamphetamine Contaminated Property Clean Up Order | 0.50 | 395.00 | 197.50 |
| 01/12/26 | GK | Review correspondence from H. Odekirk and R. Griffith re upcoming Teams Call, waiting for Court to assign a hearing date, but received a case number (.1); prepare email to R. Griffith re whether or not the loan is insured by Freddie and Fannie (.1); review correspondence from H. Odekirk and R. Griffith re City using a different attached method to comply with the notice requirement, instead of using a pleading and the attached County's Methamphetamine Contaminated Property Clean Up Order, review attachments (.3) | 0.50 | 395.00 | 197.50 |
| 01/13/26 | DE | Review, organize and distribute Court information for Department 16 judicial realignment (0.2). | 0.20 | 175.00 | 35.00 |
| 01/13/26 | GK | Review email from D. Engerman re BARG being appointed on the property (.1); prepare email to D. Sundberg re being assigned as the Project Manager for the property and B. Carr as our counsel, along with challenges due to Drug Lab on property (.1); review email from R. Griffith re attached Fannie Mae Loan on the property, review attachment (.2) | 0.40 | 395.00 | 158.00 |
| 01/13/26 | AH | Meeting with Receiver to discuss best strategic approach for resolving issues at 72 N. Buena Vista Ave. | 1.00 | 300.00 | 300.00 |
| 01/13/26 | AH | Read and respond to email from Receiver outlining that I will be field agent on 72 N. Buena Vista | 0.20 | 300.00 | 60.00 |
| 01/14/26 | GK | Review email from H. Odekirk with attached Order re TRO granted and hearing date of 2/24/26, review attachment (.2); prepare email to D. Sundberg re reaching out to B. Carr re needing counsel on the case and the City did not sue the lender (.1); review email from H. Odekirk re Defendant filed a Notice of Appeal re TRO (.1); review email from R. Griffith re same (.1); review email from H. Odekirk re both the PO and tenant are pro per (.1) | 0.60 | 395.00 | 237.00 |
| 01/14/26 | DS | Discuss Notice of Appeal with B. Carr and next steps based on possible roadblock | 0.30 | 350.00 | 105.00 |
| 01/14/26 | GK | Phone call with D. Sundberg re contact from H. Odekirk re TRO granted and hearing date of 2/24/26, and B. Carr for counsel | 0.40 | 395.00 | 158.00 |
| 01/16/26 | CS | Review appointment order for next steps | 0.40 | 250.00 | 100.00 |
| 01/16/26 | CS | Email K Rosales re funding certificate no. 1 | 0.10 | 250.00 | 25.00 |
| 01/16/26 | CS | Email P Fazzio re obtaining Bond of Receiver | 0.10 | 250.00 | 25.00 |
| 01/16/26 | GK | Review correspondence from C. Sherrod and K. Rosales re lender from Certificate No. 1 | 0.10 | 395.00 | 39.50 |
| 01/17/26 | CS | Review preliminary title report for interested parties | 0.40 | 250.00 | 100.00 |
| 01/17/26 | CS | Research and Draft Master Caption and Proof of Service | 0.60 | 250.00 | 150.00 |
| 01/17/26 | CS | Draft Oath of Receiver | 0.30 | 250.00 | 75.00 |
| 01/17/26 | CS | Draft Receiver's Lien | 0.40 | 250.00 | 100.00 |

| Date | By | Service Summary | Hours/Qty | Rate | Amount |
|---|---|---|---|---|---|
| 01/17/26 | CS | Email R Griffin re obtaining address and owner information | 0.10 | 250.00 | 25.00 |
| 01/19/26 | GK | Review correspondence from R. Griffith and C. Sherrod re providing information on the case | 0.10 | 395.00 | 39.50 |
| 01/20/26 | CS | Update proof of service to include Sonia Wills | 0.20 | 250.00 | 50.00 |
| 01/20/26 | JB | Update the contact database with the contact information for the Santa Clara County Department of Environmental Health contacts (0.2). | 0.20 | 225.00 | 45.00 |
| 01/20/26 | DE | Review multiple emails from R. Griffiths and J. Blakeley regarding updated communications from City of San Jose regarding receivership appointment (0.1). | 0.10 | 175.00 | 17.50 |
| 01/20/26 | GK | Review email from S. Morris with link to upload documents (.1); prepare email to J. Blakeley re uploading all pleadings to the link provided by S. Morris and copy B. Carr re same (.1); prepare email to S. Morris re uploading documents to her (.1); prepare email to K. Rosales re same (.1) | 0.40 | 395.00 | 158.00 |
| 01/21/26 | CS | File Oath of Receiver | 0.20 | 250.00 | 50.00 |
| 01/21/26 | CS | Update proof of service per A Sien | 0.20 | 250.00 | 50.00 |
| 01/21/26 | CS | Email a Sien re obtaining bond of receiver | 0.20 | 250.00 | 50.00 |
| 01/21/26 | AS | Email with C. Sherrod re; bond received and next step in getting it recorded. | 0.10 | 150.00 | 15.00 |
| 01/21/26 | CS | Prepare Bond of Receiver and Appointment order for filing and recording | 0.30 | 250.00 | 75.00 |
| 01/21/26 | CS | Email exchange with process server re filing bond and recording appointment order | 0.10 | 250.00 | 25.00 |
| 01/22/26 | CS | Conversation with process server re recording appointment order | 0.20 | 250.00 | 50.00 |
| 01/22/26 | CS | Update Local Rules for filing and scheduling hearing dates | 0.30 | 250.00 | 75.00 |
| 01/22/26 | CS | Email Counsel requesting copy of Notice of Entry of Order | 0.20 | 250.00 | 50.00 |
| 01/22/26 | DE | Meeting with R. Griffith regarding status of appointment and purchase of bond (0.1). | 0.10 | 175.00 | 17.50 |
| 01/23/26 | CS | Provide court order to D Bouchard for arrangement of bank account | 0.20 | 250.00 | 50.00 |
| 01/25/26 | GK | Review email from N. Christian re Courtesy Notice and request for Designated Service Email under Appeal Case Number, review attached Petition and Exhibits, forward same to B. Carr (.4); review email from B. Carr and respond re whether or not the City is taking the lead in opposing the Writ (.1) | 0.50 | 395.00 | 197.50 |
| 01/26/26 | AH | Review email from Receiver with appeal to Appointment order (.1); read Appeal (.2) | 0.30 | 300.00 | 90.00 |
| 01/27/26 | CS | Review filed Bond of Receiver for completeness and accuracy | 0.20 | 250.00 | 50.00 |
| 01/27/26 | CS | Review recorded appointment order for completeness and accuracy | 0.20 | 250.00 | 50.00 |
| 01/27/26 | DB | Review and process the property expenses. | 0.20 | 225.00 | 45.00 |
| 01/27/26 | DE | Review status of eFile documents in First Connect for conformed copies (0.1). | 0.10 | 175.00 | 17.50 |
| 01/28/26 | DE | Phone call with counsel, O. Blumenfeld, regarding follow up on document review prior to court filing (0.2). Review and reply to email from H. Shigematsu of Shigematsu Insurance regarding adding property to master policy and seeking a stand alone policy (0.2). | 0.40 | 175.00 | 70.00 |
| 01/28/26 | DE | Organize, prepare and distribute email to A. Holschuh and H. Shigematsu of Shigematsu Insurance request to cover property on master policy while concurrently seeking stand alone coverage (0.3). | 0.30 | 175.00 | 52.50 |
| 01/28/26 | CS | Prepare Receiver's Lien for recording | 0.20 | 250.00 | 50.00 |

| Date | By | Service Summary | Hours/Qty | Rate | Amount |
|---|---|---|---|---|---|
| 01/28/26 | GK | Review correspondence from N. Christian re Ex Parte (.1); review email from B. Carr re whether or not the City Attorney will take the lead in opposing the Ex Parte (.1) | 0.20 | 395.00 | 79.00 |
| 01/28/26 | HS | Call to D Engerman re: 72 N Buena Vista appointment order, confirm GL + Property for both new appointments, need to quote stand alone appointments, Receiver concern with regard to a claim jeopardizing master policy | 0.20 | 250.00 | 50.00 |
| 01/28/26 | HS | Generate email to Todd Cady (Triple Crown) request quote for GL + Property | 0.10 | 250.00 | 25.00 |
| 01/29/26 | DE | Phone call and email from H. Shigematsu of Shigematsu Insurance regarding quote to add property to the master policy while seeking a stand alone policy (0.1). | 0.10 | 175.00 | 17.50 |
| 01/29/26 | GK | Review correspondence from N. Christian and H. Odekirk re Defendants asking for a temporary stay of all Receiver activity and Plaintiff's to oppose same (.1); review correspondence from N. Christian and H. Odekirk re additional Ex Parte issues (.1); review additional correspondence from H. Odekirk and N. Christian re addressing the merits of the case in pleading and before the Court and to stop contacting the City Clerk as they are a represented party (.1); review correspondence from B. Carr and B. Lecomte re checking in about the Ex Parte and the Appeal filings recently filed (.1); review correspondence from H. Odekirk and B. Carr re trial court matter and appeal and she and M. Laskowska will take the lead in attached opposition, review attachments (.3) | 0.70 | 395.00 | 276.50 |
| 01/29/26 | HS | Email quote received to D Engerman and Receiver | 0.10 | 250.00 | 25.00 |
| 01/29/26 | DB | Open a QuickBooks file to keep track of the property financial reports. | 1.60 | 225.00 | 360.00 |
| 01/30/26 | JB | Begin collecting documents for the loan underwriting process and drafting the broker's letter requesting the loan (0.4). | 0.40 | 225.00 | 90.00 |
| 02/02/26 | CS | Review notarized Receiver's lien for completeness and accuracy | 0.20 | 250.00 | 50.00 |
| 02/02/26 | DE | Weekly meeting with H. Shigematsu of Shigematsu Insurance to review current coverage levels, upcoming renewals, cost effective prospective loss payee endorsements and prospective new brokers (0.1). | 0.10 | 175.00 | 17.50 |
| 02/02/26 | GK | Meeting with Mobile Notary to notarize Receiver's Lien | 0.30 | 395.00 | 118.50 |
| 02/02/26 | GK | Review email from B. Carr re good phone call with H. Oderkirk re her taking the lead on the appeal and Ex Parte Opposition and attached draft Ex Parte documents, review 6 attachments (.3); prepare email to A. Sien re sending signed Ex Parte documents to B. Carr (.1) | 0.40 | 395.00 | 158.00 |
| 02/02/26 | GK | Phone call with hazmat company to discuss options entering the property. | 0.20 | 395.00 | 79.00 |
| 02/02/26 | LB | Review emails from G. Keena II re documents for Ex Parte to Employ Counsel, review, download and upload same | 0.30 | 250.00 | 75.00 |
| 02/02/26 | DE | Review and reply to email from H. Shigematsu regarding follow up on loss payee endorsement for property (0.1) | 0.10 | 175.00 | 17.50 |
| 02/03/26 | DE | Multiple emails with Receiver and H. Shigematsu of Shigematsu Insurance regarding loss payee listing on insurance policy (0.2). | 0.20 | 175.00 | 35.00 |
| 02/03/26 | GK | Review email from R. Griffith re owner information and case summaries | 0.10 | 395.00 | 39.50 |
| 02/03/26 | DB | Review and process the property expenses. | 0.40 | 225.00 | 90.00 |

| Date | By | Service Summary | Hours/Qty | Rate | Amount |
|---|---|---|---|---|---|
| 02/04/26 | DE | Utility review and audit for appropriate need, use and cost control (0.1). | 0.10 | 175.00 | 17.50 |
| 02/04/26 | KR | Review and process January 2025 property related expenses. | 0.30 | 325.00 | 97.50 |
| 02/04/26 | LB | Review Declaration of Receiver and upload draft version and final version | 0.20 | 250.00 | 50.00 |
| 02/05/26 | DE | Review and audit vendor COI compliance (0.1) | 0.10 | 175.00 | 17.50 |
| 02/06/26 | BM | Research project documentation and begin preparing budget outline and template (1.4). | 1.40 | 300.00 | 420.00 |
| 02/06/26 | DE | Review HM Vreeland invoice for bond services and approve for payment (0.2). | 0.20 | 175.00 | 35.00 |
| 02/09/26 | GK | Review email from M. Tolentino re Court granted the Ex Parte Application to Employ Counsel, with attached Court filed documents, review same (.2) | 0.20 | 395.00 | 79.00 |
| 02/10/26 | GK | Meeting with the Team to discuss overall operational strategy | 1.00 | 395.00 | 395.00 |
| 02/10/26 | GK | Review correspondence from B. Carr and N. Christian re his Ex Parte Notice for 2/11/26 for an Order to Vacate TRO and Appointment of Receiver | 0.10 | 395.00 | 39.50 |
| 02/10/26 | DB | Review and process the property expenses. | 0.40 | 225.00 | 90.00 |
| 02/17/26 | DE | Attend bi-monthly insurance review with H. Shigematsu to examine renewal, coverage sufficiency, premium invoices, additional insured and loss payees (0.2). | 0.20 | 175.00 | 35.00 |
| 02/17/26 | GK | Teams meeting with D. Engerman, Jordan Blakely, and K. Rosales regarding plans for property takeover. | 0.50 | 395.00 | 197.50 |
| 02/17/26 | DB | Review and process the property expenses | 0.20 | 225.00 | 45.00 |
| 02/19/26 | GK | Review email from D. Bouchard re attached first Time Tracker on the case that started in October, review attachment (.1); prepare email to J. Engerman re case in the appeal process and attached Temporary Appointment Order (.1) | 0.20 | 395.00 | 79.00 |
| 02/19/26 | CS | Research Santa Clara County Superior Court docket re appeal filed (.40); research court of appeals docket for status of appeal per D Sundberg (.40) | 0.80 | 250.00 | 200.00 |
| 02/19/26 | CS | Review recorded Receiver's Lien for completeness and accuracy | 0.20 | 250.00 | 50.00 |
| 02/20/26 | JB | Review declarations and appointment order and provide notes to D. Sundberg on important contacts and items relevant to the Receivership project (1.3). | 1.30 | 225.00 | 292.50 |
| 02/20/26 | JB | Left a voicemail and email for the Certified Industrial Hygienist that wrote a Preliminary Site Assessment work plan for this property to see if we could get a copy (0.2). | 0.20 | 225.00 | 45.00 |
| 02/20/26 | GK | Prepare email to D. Sundberg re status of the case (.1); review email from J. Engerman and respond re fees incurred (.1); review email from D. Sundberg re Defendant filing a Notice of Appeal and Plaintiff's filed a Reply to Opposition and moving forward (.1) | 0.30 | 395.00 | 118.50 |
| 02/20/26 | GK | Phone conference with J. Alessi re potential funding | 1.00 | 395.00 | 395.00 |
| 02/20/26 | GK | Teams meeting for outline for Receives First Report. | 0.50 | 395.00 | 197.50 |
| 02/20/26 | DS | Follow up with C. Sherrod on status of filings. Work with J. Blakeley on introductory plan for inventory utilizing Preliminary Site Assessment Work Plan from the DEH to ensure PPE requirements and safety considerations. | 1.20 | 350.00 | 420.00 |
| 02/23/26 | JB | Review the preliminary site assessment plan sent by the certified industrial hygienist (0.5). | 0.50 | 225.00 | 112.50 |

| Date | By | Service Summary | Hours/Qty | Rate | Amount |
|---|---|---|---|---|---|
| 02/23/26 | JB | Research recommended PPE for entering a property that is contaminated with chemicals from a clandestine meth lab (0.3). | 0.30 | 225.00 | 67.50 |
| 02/23/26 | CS | Email exchange with D Sundberg re Order to Show Cause hearing | 0.20 | 250.00 | 50.00 |
| 02/23/26 | CS | Research docket for tentative ruling | 0.60 | 250.00 | 150.00 |
| 02/23/26 | CS | Email counsel re order to show cause hearing | 0.20 | 250.00 | 50.00 |
| 02/23/26 | AS | Check tentative ruling for 2/24 hearing and update calendar with Zoom hearing link. | 0.10 | 150.00 | 15.00 |
| 02/23/26 | GK | Phone conference with lender to discuss his willingness to fund case | 1.00 | 395.00 | 395.00 |
| 02/23/26 | GK | Prepare email to R. Maile with attached Fee Analysis (.1); prepare email to D. Sundberg re Order needed for tomorrow and Tentative Ruling (.1); prepare email to K. Rosales re Fee Analysis (.1); review email from B. Carr re not needing to appear at the hearing tomorrow as H. Odekirk will do so (.1) | 0.40 | 395.00 | 158.00 |
| 02/23/26 | DS | Prepare information and communications with DEH resource in order to gain information on PPE and hazmat expectations for property inventory. Work with J. Blakeley on vendors for hazmat quotes. | 0.90 | 350.00 | 315.00 |
| 02/24/26 | JB | Read and respond to emails from the certified industrial hygienist regarding a quote for independent testing prior to clean out and recommendations for clean out companies (0.2). | 0.20 | 225.00 | 45.00 |
| 02/24/26 | GK | Review email from B. Carr re preliminary injunction was granted and the Court confirmed the Receiver (.1); review message from H. Odekirk re same (.1); prepare email to D. Sundberg re scheduling the kick-off meeting for the case (.1); prepare email to B. Carr with attached Preliminary Title Report (.1); review email from J. Blakeley and respond re Title Report being from September (.1); prepare email to B. Carr re believing the loan on the property is a Fannie Mae Loan (.1) | 0.60 | 395.00 | 237.00 |
| 02/24/26 | GK | Phone call with B. Carr re Preliminary Injunction granted and the Court confirmed the Receiver | 0.60 | 395.00 | 237.00 |
| 02/25/26 | JB | Review the estimate for independent PSA work plan from a certified industrial hygienist and send to D. Sundberg (0.4). | 0.40 | 225.00 | 90.00 |
| 02/25/26 | JB | Prepare vendor onboarding and insurance templates for use on the project (0.7) | 0.70 | 225.00 | 157.50 |
| 02/25/26 | GK | Prepare email to D. Bouchard with attached Analysis on Receivership Fees (.1) Follow-up with lender regarding funding the work that may be necessary after court re-affirmed court approval. (.3) | 0.40 | 395.00 | 158.00 |
| 02/25/26 | BM | Prepare preliminary project timeline for dual scenarios (0.8). | 0.80 | 300.00 | 240.00 |
| 02/27/26 | DE | Review of COI and follow up with H. Shigematsu of Shigematsu Insurance regarding unknown reference in the property coverage section (0.2). | 0.20 | 175.00 | 35.00 |
| 02/27/26 | GK | Prepare email to R. Maile re fee analysis (.1); review email from A. Holschuh needing assistance on the First Report and Accounting (.1); prepare email to A. Holschuh re outcome of hearing (.1); review email from A. Holschuh re completing the First Report (.1); review email from K. Rosales re First Report for property and including items re same (.1); | 0.50 | 395.00 | 197.50 |
| 02/27/26 | GK | Phone call with A. Holschuh re outcome of hearing and preliminary injunction granted | 0.30 | 395.00 | 118.50 |
| 02/27/26 | KR | Audit and finalize financial statements through January 2026. | 1.30 | 325.00 | 422.50 |
| 02/27/26 | AH | Drafted body for first Monthly Report and Accounting for 72 N. Buena Vista; change in approach at end of month | 2.20 | 300.00 | 660.00 |

| | |
|---|---|
| Total Hours: | 44.00 |
| Total Labor: | 13,607.00 |
| **Total Invoice Amount:** | **13,607.00** |
| **Total Amount Due:** | **13,607.00** |

**Bay Area Receivership Group**
1925 Martin Luther King Jr Way
Berkeley, CA 94704 US
gkeena@bayarearg.com

**BILL TO**
72 N Buena Vista, San Jose
72 N Buena Vista, San Jose

# INVOICE RE72BuenaVista012026

**DATE** 01/31/2026

| DATE | ACTIVITY | AMOUNT |
|---|---|---|
| 01/29/2026 | Federal Express - Bond | 32.19 |
| 01/31/2026 | January Postage Exp | 4.34 |

TOTAL DUE **$36.53**

**Bay Area Receivership Group**
1925 Martin Luther King Jr Way
Berkeley, CA 94704 US
gkeena@bayareag.com

**BILL TO**
72 N Buena Vista, San Jose
72 N Buena Vista, San Jose

# INVOICE RE72BV022026

**DATE** 02/28/2026

| DATE | ACTIVITY | AMOUNT |
|---|---|---|
| 02/12/2026 | Federal Express - Receiver's Lien | 32.26 |
| 02/28/2026 | Feb 2026 QuickBooks Expense | 24.04 |

TOTAL DUE **$56.30**

# EXHIBIT 2

to the Declaration of Nicholas Christian in Support of Plaintiffs' Opposition to City of San Jose Defendants' Motion to Dismiss (Dkt. No. 19)

*Christian v. City of San Jose*, No. 5:26-cv-03708-EJD (N.D. Cal.)

SUSANA ALCALA WOOD, City Attorney (156366)
ARDELL JOHNSON, Assistant City Attorney (95340)
MAREN CLOUSE, Chief Deputy City Attorney (228726)
HANNAH ODEKIRK, Deputy City Attorney (352779)
Office of the City Attorney
200 East Santa Clara Street, 16th Floor
San José, California 95113-1905
Telephone Number: (408) 535-1900
Facsimile Number: (408) 998-3131
E-Mail Address: cao.main@sanjoseca.gov

Attorneys for Plaintiffs CITY OF SAN JOSE
And THE PEOPLE OF THE STATE OF CALIFORNIA

**Electronically Filed**
**by Superior Court of CA,**
**County of Santa Clara,**
**on 1/8/2026 4:46 PM**
**Reviewed By: C. Roman**
**Case #26CV484023**
**Envelope: 22206116**

SUPERIOR COURT OF CALIFORNIA

COUNTY OF SANTA CLARA

UNLIMITED JURISDICTION

THE PEOPLE OF THE STATE OF CALIFORNIA, acting by and through San Jose City Attorney Susana Alcala Wood; and CITY OF SAN JOSE, a municipal corporation and charter city,

Plaintiffs,

v.

CHERYL LAM, an individual; NICHOLAS KEITH CHRISTIAN, an individual; and DOES 1 through 20, inclusive,

Defendant(s).

Case Number: 26CV484023

**DECLARATION OF HANNAH ODEKIRK IN SUPPORT OF EX PARTE APPLICATION FOR TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE REGARDING WHY A PRELIMINARY INJUNCTION SHOULD NOT BE ISSUED, AND APPOINTMENT OF A RECEIVER**

**Exempt from filing fees (Govt. Code §6103)**

I, Hannah Odekirk, declare:

1. I am attorney of record for the City of San Jose in this action and am a deputy city attorney for the City of San Jose. This declaration is provided in support of the City's Ex Parte Application for a Temporary Restraining Order, and an Order to Show Cause regarding issuance of a Preliminary Injunction and Appointment of a Receiver. If called to testify as to any of the facts below, I could competently testify as to all identified facts below.

2. In June of 2025, the County of Santa Clara Department of Environmental Health ("DEH") referred a case to San Jose Code Enforcement division involving a property located at 72 North Buena Vista Avenue, San Jose, CA 95126 ("Subject Property") which was severely contaminated with methamphetamine, and had been condemned by San Jose Code Enforcement division. Code Enforcement in turn referred the case to my office in July of 2025.

3. In October of 2025, I received evidence of the contamination of the Subject Property and of communications between the County and Defendant CHERYL LAM ("LAM") and Defendant NICHOLAS KEITH CHRISTIAN ("CHRISTIAN") where Defendants repeatedly refuse to cooperate with DEH to resolve the contamination of the Subject Property. As soon thereafter as reasonably possible, I coordinated with the City of San Code Enforcement to post a Notice and Order to Abate Nuisance ("Notice to Abate"), and then after Defendants failed to comply with the Notice to Abate I filed this matter.

4. On or about December 15, 2025, my office sent a Notice to Abate to Defendants. A copy of the Notice to Abate is attached hereto as **Exhibit A**. On or about December 15, 2025, the Notice to Abate was posted at the front door of the Subject Property by Code Enforcement. The Notice to Abate listed several violations of state and local law present at the Subject Property and requested all parties of interest correct the violations by January 2, 2026. The Notice to Abate also warned that the City may pursue other remedies, including a petition to request the appointment of a receiver under Health and Safety Code section 17980.7.

5. To this date, neither Defendant LAM nor Defendant CHRISTIAN have complied with the Notice to Abate. Defendant CHRISTIAN reached out to our office via email and indicated that he does not believe the City's enforcement actions are valid, and requested that the City withdraw the Notice to Abate and cease all enforcement activity. Defendant LAM's electronic signature was included in this communication, and an email appearing to belong to Defendant LAM was CC'd on the email sent by Defendant CHRISTIAN.

6. On January 7, 2025, at approximately 8:00AM, I emailed Defendant LAM and Defendant CHRISTIAN notifying them that Plaintiff was filing this Ex Parte Application for

Temporary Restraining Order, Order to Show Cause Regarding why a Preliminary Injunction should not be issued, and Appointment of a Receiver. Defendant CHRISTIAN replied via email, with Defendant LAM copied, that Defendants would oppose the City's Ex Parte Application, and demanded electronic service of all documents to his email address.

7. Defendant CHRISTIAN's last known email is christian.nicholask@gmail.com. Defendant LAM's last know email is cheryl16@gmail.com.

8. Due to the serious health, safety, and contamination hazard at the Subject Property which poses a threat to the nearby residents, the City of San Jose is filing this Ex Parte Application to seek immediate relief to abate the nuisance condition.

9. The City also seeks the appointment of a receiver without further delay due to the imminent danger posed by the Subject Property. For that purpose, the City nominates Gerard F. Keena II, an expert in the field. Mr. Keena's resume and bio are attached to Mr. Keena's declaration, which is filed concurrently with this declaration. Mr. Keena was previously appointed in other matters to manage nuisance properties in the City.

I declare under penalty of perjury under the Laws of the State of California that the foregoing is true and correct, except as to those matters stated on information and belief, and as to those, I believe them to be true. Executed this 8th day of January 2026, in San Jose, California.

Hannah Odekirk

Hannah Odekirk
Deputy City Attorney

# EXHIBIT A

CITY OF SAN JOSE
CAPITAL OF SILICON VALLEY

*Office of the City Attorney*
SUSANA ALCALA WOOD, CITY ATTORNEY
200 E. Santa Clara Street, 16th Floor
San Jose, CA 95113
408-535-1900
cao.main@sanjoseca.gov

# NOTICE AND ORDER TO ABATE NUISANCE

# Compliance Deadline:

# January 2, 2025

**Via Posting on Subject Property and U.S. Mail**

**Subject Property:**

72 Buena Vista Avenue,
San Jose, CA 95126

**Interested Parties:**

Attn: All Occupants
72 Buena Vista Avenue,
San Jose, CA 95126

Attn: Caliber Home Loans
1525 S Belt Line Rd Ste 200
Coppell, TX 75019-4913

Cheryl Lam
72 Buena Vista Avenue,
San Jose, CA 95126

Cheryl Lam
6132 Johnston Drive,
Oakland CA 94611

Nicholas Keith Christian
72 Buena Vista Avenue,
San Jose, CA 95126

**To all interested parties, please take notice:**

The City of San Jose hereby issues you this Notice and Order to Abate, Repair, Vacate, or Demolish pursuant to California Health and Safety Code Sections 17980, et seq., the San Jose Municipal Code ("SJMC"), the California Fire Code, and any other applicable law. The Subject Property identified above poses serious and immediate hazards to the health, safety, and quality of the community. It is an ongoing and unlawful nuisance.

Below is an outline of the San Jose Municipal Code, California Fire Code, and Health and Safety Code ("H&S") provisions you are currently violating by maintaining the Subject Property in its current condition. You must correct all of these violations during the timeline specified above to avoid further enforcement action.

**CURRENT VIOLATIONS**

1. **SJMC § 1.13.040 (Public Nuisance Prohibited)**

The Subject Property is maintained and used in a manner that creates or fosters the creation of a public nuisance.

2. **SJMC § 1.13.050(A)(1), (A)(3) (Public Nuisance Defined)**

The Subject Property is maintained and used in a manner that endangers the health, safety, or welfare of persons on the premises or in the surrounding area. Further, the Subject Property has been the situs of numerous violations of the San Jose Municipal Code and state law, described further herein.

3. **SJMC § 17.20.010 (Nuisance)**

The Subject Property is kept in a condition that threatens injury or damage to the health, safety, welfare or property of members of the public and obstructs the free use of property of others and interferes with the comfortable enjoyment of life or property. For example, the Subject Property is severely contaminated with meth, and that contamination has spread to the Neighboring Property at 78 N. Buena Vista Avenue, through a shared wall.

4. **SJMC § 17.20.900 (Substandard Housing)**

The Subject Property is maintained in such a manner that it threatens injury or damage to the health, safety, welfare, or property of members of the public and obstructs the free use of property of others or interferes with the comfortable enjoyment of life of the

community. The Subject Property fails to provide the minimum standards of safety and habitability in housing and is therefore a public nuisance.

**5. SJMC § 17.72.020 (Public Nuisance)**

The Subject Property is in a substandard condition with numerous violations of the San Jose Municipal Code and state laws cited herein and poses a public nuisance. The building needs to be repaired to meet all code requirements, and properly maintained thereafter free from any public nuisances. The Subject Property, in its current condition, is a public nuisance.

**6. SJMC § 17.72.030 (Prohibition of Property Blight)**

The Subject Property is blighted. For example, the interior of the Subject Property is severely contaminated with methamphetamine. The Subject Property is accordingly a health hazard

**7. SJMC § 17.72.040 (General Conditions of Property)**

The Subject Property is kept in a condition that is detrimental to the public health, safety, or general welfare of the community.

**8. Civil Code § 3479 (Public Nuisance)**

The Subject Property is kept in a condition which is injurious to health, indecent, or offensive to the senses, or an obstruction to the free use of property, so as to substantially and unreasonably interfere with the comfortable enjoyment of life or property by those persons living in the surrounding community.

**9. H&S § 11570 (Narcotics Abatement Law)**

The Subject Property is being used for the purpose of unlawfully selling, serving, storing, keeping, manufacturing, or giving away a controlled substance, precursor, or analog – specifically methamphetamine.

As noted, these manifold unlawful conditions pose an immediate and serious threat to the health, safety, and security of the Subject Property's occupants and neighbors. **The City hereby orders you to repair or abate all violations of law on the Subject Property**, including all of the unlawful conditions outlined above. **The City further orders that you comply with all orders in the Methamphetamine Contaminated Property Cleanup Order issued by Santa Clara County Department of Environmental Services**, a copy of which is attached hereto. **The City further orders that you contact the City of San Jose, City Attorney Office to discuss your plan to correct these violations within 7 days of the date of this Notice and Order.**

If the owner of this property fails to begin repairs on the property within 7 days of this notice, the City of San Jose's City Attorney's Office will seek an order from the Santa Clara County Superior Court requesting an Order to Abate the substandard building and file a petition requesting the Santa Clara Superior Court to appoint a receiver of the Subject Property under H&S Section 17980.7.

**Please take further notice:**

Under H&S Section 17980.6(c), you cannot retaliate against lessees of the Subject Property as specified in California Civil Code Section 1942.5.

**Please take further notice:**

Under H&S Section 17980(d), an in accordance with California Revenue and Taxation Codes Sections 17274 and 24436.5, you may not claim any tax deduction for interest, taxes, depreciation, or amortization paid or incurred for the Subject Property in this taxable year.

**Please take further notice:**

Under H&S Section 17975, you are required to pay relocation benefits to any tenant displaced from the Subject Property as a result of this Notice and Order and any related abatement process.

Very truly yours,

SUSANA ALCALA WOOD,
City Attorney

Dated: December 15, 2025

By: *Hannah Odekirk*
HANNAH ODEKIRK
Deputy City Attorney
Cao.main@sanjoseca.gov
(408) 535-1900

Attorneys for the
CITY OF SAN JOSE

**County of Santa Clara**
**Department of Environmental Health**

**Hazardous Materials Compliance Division**
1555 Berger Drive, Suite 300
San Jose, CA 95112-2716
408.918.3400
hazmat.sccgov.org

**METHAMPHETAMINE CONTAMINATED PROPERTY CLEANUP ORDER**

12/5/2023

Cheryl Lam
6132 Johnston Dr.
Oakland, CA 94611

Re: Cleanup Order for 72 N. Buena Vista Ave., San Jose (SR0875261)

Cheryl Lam,

On November 9, 2023, the County of Santa Clara Department of Environmental Health (DEH) received notification from the U.S. Department of Homeland Security that there was evidence of a methamphetamine laboratory in a residence owned by you at **72 N. Buena Vista Ave., San Jose (APN: 274-42-204).** On November 16, 2023, DEH collected wipe samples from within the residence for analytical testing. The sample results (enclosed) confirmed that the residence is contaminated above the allowable level of 1.5 micrograms per 100 square centimeters for methamphetamine.

This contamination poses a hazard to human health and the environment. Pursuant to the Methamphetamine or Fentanyl Contaminated Property Cleanup Act ("Act"), per the California Health and Safety Code, section 25400.10 et seq., DEH has posted a warning notice at the main entrance that states it is unlawful for any unauthorized person to enter the contaminated portion(s) of the property until advised that it is safe to do so by DEH. Be advised that no person shall remain in or enter any such structure or dwelling that has been posted by DEH, except that entry may be made to clean, repair, demolish, and/or decontaminate such dwelling under an approved site remediation plan. Additionally, remediation work that involves demolition and/or replacement of walls and fixtures may require a permit from the local Building Department.

The following items must be complied with in order to reoccupy the residence:

1. Immediately vacate the hazardous areas of the property as deemed contaminated by this Department, including all residents. A copy of Guidelines for Assessment and Remediation of Properties Contaminated by Methamphetamine Laboratory Activities, HMCD-121 is enclosed with this correspondence.

2. Within 30 days, retain the services of a Certified Industrial Hygienist (CIH) who will submit to this office a Preliminary Site Assessment (PSA) Work Plan.

**Board of Supervisors: Sylvia Arenas, Cindy Chavez, Otto Lee, Susan Ellenberg, S. Joseph Simitian**
**County Executive: James R. Williams**

3. Within 60 days from the date of this Cleanup Order, submit a PSA Work Plan for the remediation of the methamphetamine contamination.

4. Within 90 days of approval of the PSA Work Plan, a Preliminary Site Assessment must be performed in accordance with the PSA Work Plan, a PSA Report must be submitted, and all remediation work is to be completed.

5. Until remediation has been completed, all prospective buyers and prospective tenants of this property must be notified of this order.

6. Pursuant to the Act a nuisance abatement lien in the amount of $10,000.00 dollars has been placed against this property on behalf of DEH. This lien will not be released until the property has been remediated in accordance with the approved PSA Report.

7. DEH will not grant approval for reoccupancy until reimbursement for all inspection and oversight costs is received from the property owner. Furthermore, any person in violation of any section of this order is subject to a civil penalty in an amount up to $5,000.00 dollars pursuant to Health and Safety Code, Section 25400.45.

If you have any questions regarding this matter, or if you need further information, please contact Senior Hazardous Materials Specialist Jean Nguyen at (408) 918-4789 or at jean.nguyen01@deh.sccgov.org.

DocuSigned by:
Joanne Tracey
04F87A04A2244E3...

Date: 12/5/2023

Joanne Tracey
Hazardous Materials Program Manager
Department of Environmental Health
County of Santa Clara

cc: (via email only)
Joseph Hatfield
Acting Division Manager
City of San Jose Code Enforcement Division
joseph.hatfield@sanjoseca.gov

Enclosures:
Guidelines for Assessment and Remediation of Properties Contaminated by Methamphetamine Laboratory Activities; ALS Analytical Report 34-2332156

# EXHIBIT 3

to the Declaration of Nicholas Christian in Support of
Plaintiffs' Opposition to City of San Jose Defendants'
Motion to Dismiss (Dkt. No. 19)

*Christian v. City of San Jose*, No. 5:26-cv-03708-EJD (N.D. Cal.)

Electronically Filed
by Superior Court of CA,
County of Santa Clara,
on 1/8/2026 4:46 PM
Reviewed By: C. Roman
Case #26CV484023
Envelope: 22206116

SUSANA ALCALA WOOD, City Attorney (156366)
ARDELL JOHNSON, Assistant City Attorney (95340)
MAREN CLOUSE, Chief Deputy City Attorney (228726)
HANNAH ODEKIRK, Deputy City Attorney (352779)
Office of the City Attorney
200 East Santa Clara Street, 16th Floor
San José, California 95113-1905
Telephone Number: (408) 535-1900
Facsimile Number: (408) 998-3131
E-Mail Address: cao.main@sanjoseca.gov

Attorneys for Plaintiffs CITY OF SAN JOSE
And THE PEOPLE OF THE STATE OF CALIFORNIA

SUPERIOR COURT OF CALIFORNIA

COUNTY OF SANTA CLARA

UNLIMITED JURISDICTION

| | |
|---|---|
| THE PEOPLE OF THE STATE OF CALIFORNIA, acting by and though San Jose City Attorney Nora Frimann; and CITY OF SAN JOSE, a municipal corporation and charter city,<br><br>Plaintiff(s),<br><br>v.<br><br>CHERYL LAM, an individual; NICHOLAS KEITH CHRISTIAN, an individual; and DOES 1 through 20, inclusive,<br><br>Defendant(s). | Case Number: 26CV484023<br><br>**DECLARATION OF JEAN NGUYEN IN SUPPORT OF PETITION FOR TEMPORARY RESTRAINING ORDER, ORDER TO SHOW CAUSE RE PRELIMINARY INJUNCTION, AND APPOINTMENT OF A RECEIVER** |

I, JEAN NGUYEN, declare:

1. At all relevant times I was employed as a Senior Hazardous Materials Specialist by the County of Santa Clara. I make this declaration based upon my own knowledge, and if called upon to do so, I could and would competently testify to the matters stated herein.

2. My duties included, among other things, inspecting and overseeing the cleanup of suspected methamphetamine and fentanyl laboratory properties (also known as

"clandestine drug labs" or "Clan Labs"). Since October of 2022, I have inspected and overseen cleanup of approximately ten properties and have attended a 32-hour training related to identifying Clan Labs, including recognizing various methods and ingredients used to manufacture illicit drugs. I have also attended a training known as the Hazardous Waste Operations and Emergency Response ("HAZWOPER"), which are standards issued by the California Occupational Safety and Health Administration ("OSHA"). My HAZWOPER training, and the periodic refresher courses I attend to maintain my certification, train me on how I can safely inspect sites impacted by hazardous substances, like Clan Labs. I additionally received on-the-job training with direct supervision from experienced Santa Clara County Department of Environmental Health ("DEH") staff. I have also been trained on collecting wipe samples to identify and quantify contamination from Clan Labs in accordance with the National Institute for Occupational Safety and Health ("NIOSH") Manual of Analytical Methods ("NMAM") standard 9111, the industry-recognized standard. I understand that this method was originally developed specifically for determining concentrations of methamphetamine on surfaces. In the normal course of my duties, I collaborate with and learn from many private industry professionals in the field of Clan Lab remediation.

3. On November 9, 2023, I was informed by Inspector Joseph Hatfield from the City of San Jose Code Enforcement Division that the federal Department of Homeland Security ("DHS") was conducting a search of a residence located at 72 N. Buena Vista Ave. in San Jose, California ("the Property"). Mr. Hatfield informed me that DHS had happened upon a Clan Lab located inside the Property.

4. On November 13, 2023, I contacted CHERYL LAM ("Defendant Lam"), whom I am informed and believe is currently the owner of the Property, by phone using a number provided to me by Supervisory Special Agent Patrick Malate from DHS. During my call with Defendant Lam, I explained that access to her property was restricted and that DEH needed to determine whether it was contaminated with methamphetamine above safe

thresholds, and asked for her consent to access the Property to inspect and collect samples. Defendant Lam provided me with verbal consent. Attached hereto as **Exhibit A** is a true and correct copy of an email where Defendant Lam stated she would meet me and my team at the Property on November 16, 2023.

5. On the morning of November 16, 2023, I and other DEH employees inspected the Property. Defendant Lam personally unlocked the residence to allow me and my colleagues to enter the Property.

6. During my inspection I observed flasks and other laboratory equipment, some of which had chemical residue, as well as significant staining in the form of a white powdery substance in and around the kitchen. Attached hereto as **Exhibit B** are true and correct copies of the photographs I took during the inspection that depict the conditions I observed at the Property.

7. After conducting a visual inspection, I took wipe samples from various services based on their proximity to staining, proximity to suspected manufacturing areas, and "high-touch" areas including drywall near light switches. My choices of where to sample are consistent with the training I have received and with DEH's protocols. At least one sample was taken from a surface in each individual room in the Property, not including closets. In total, I collected nine samples from the living room, kitchen, bedrooms, bathrooms, and garage.

8. I sealed the samples in the sample containers, which were supplied by DEH's contracted certified laboratory, ALS Global, at the time of collection, prepared a chain of custody form, and sent the samples to ALS Global by overnight delivery. Attached hereto as **Exhibit C** is a true and correct copy of the chain of custody form I prepared, as signed by ALS Global. True and correct copies of the photographs I took depicting the sample locations and wipe samples I collected are contained in Exhibit B.

9. On November 28, 2023, I received an email from the ALS Global laboratory, which included the analytical results from the wipe samples. A true and correct copy of the analytical results are attached hereto as **Exhibit D**.

10. Out of the nine wipe samples I collected from the Property, all nine showed levels of methamphetamine contamination above the state threshold of 1.5 micrograms per 100 square centimeters (µg/100 cm$^2$). The highest concentration was in the kitchen, where the reported levels were 2,000 µg/100 cm$^2$ – over 1300 times the regulatory threshold. All results are captured in summary in the below table:

| **Location** | **Sample result µg/100 cm$^2$** |
|---|---|
| Garage | 16 |
| Bathroom 1 | 17 |
| Bedroom 1 | 2.4 |
| Bathroom 2 | 3.5 |
| Bedroom 2 | 6.4 |
| Kitchen Location A | 2000 |
| Kitchen Location B | 440 |
| Living Room | 3.5 |
| Bathroom 3 | 24 |

11. In accordance with the California Health and Safety Code, Chapter 6.9.1, titled Methamphetamine or Fentanyl Contaminated Property Cleanup Act (the "Act"), I understand the State threshold used to determine whether the concentration of methamphetamine contamination is above levels considered safe for human occupancy is 1.5 micrograms µg/100 cm$^2$ or less on indoor surfaces. On information and belief, I understand that this level was calculated by California's Department of Toxic Substances

Control as a health-based remediation standard, which was determined from various scientific studies.

12. Based on my observations during my inspection of the Property including my observation of various laboratory-grade equipment and my review of the analytical results of the wipe samples I collected at the Property, I consulted with my supervisor and determined that the residence is contaminated at a level that requires remediation in accordance with the Act. Consequently, I helped prepare a Methamphetamine Contaminated Property Cleanup Order (the "Order"), which was issued to Defendant Lam on December 5, 2023. A true and correct copy of the Order and the email I sent to Defendant Lam transmitting the order are attached as **Exhibit E**.

13. On January 30, 2024, I oversaw collection of samples inside the property located at 78 N. Buena Vista Ave ("Neighboring Property"). The Property and the Neighboring Property share a common wall. Per my instructions, my colleagues completed a walkthrough of the Neighboring Property to identify surfaces that were considered to be shared walls with Defendant Lam's property. They identified surfaces in the living room, kitchen, two bedrooms, two bathrooms, and the garage. In the kitchen, the sample was taken from above the range, because it was the closest approximation to where the severely high sample was taken in Defendant Lam's property. I am informed and believe that my colleagues took a total of seven samples.

14. I sealed each laboratory-supplied sample container as I received them from one colleague while the other took photographs to document the locations. I took photographs of the sample containers after collection. I prepared a chain of custody form, and sent the samples to ALS Global by overnight delivery. Attached as **Exhibit F** is a true and correct copy of the chain of custody form I prepared, as signed by ALS Global.

15. On February 7, 2024, I received an email from the ALS Global laboratory, which included as an attachment the analytical results and the completed chain of custody I initially filled out. A true and correct copy of the analytical report is attached as **Exhibit G**.

Out of the seven wipe samples collected from Property C, one showed a level of contamination above the State threshold of 1.5µg/100 $cm^2$, and three other samples showed methamphetamine was present, but were below the State threshold. In consultation with my supervisor, we determined that this property was contaminated, and ordered the resident to seal off the contaminated area.

16. On February 21, 2024, I gained access to the Neighboring Property again in order to determine that the resident had sealed off the contaminated area as required. During this time, I also briefly discussed with the resident the steps required of Defendant Lam to remediate her Property and Neighboring Property, and a general timeline. The resident, in turn, shared information with me that he had personally witnessed unknown individuals entering the Lam Property on a prior date. The resident reported that these individuals, after exiting the Lam Property, met with a person he knew to be Defendant Lam's boyfriend, Defendant NICHOLAS CHRISTIAN ("Defendant Christian") who resided at the Property. The resident shared some videos with me taken on his phone depicting individuals putting boxes into a vehicle. He also stated that he had shared this information with Defendant Lam directly, but that she did not respond.

17. The Order requires, among other things, that the property owner vacate the Property. In order to prevent public exposure to the methamphetamine contamination, access to the impacted property must be prevented unless DEH provides written advance approval confirming that such access is only performed by appropriately qualified individuals donning the requisite level of personal protective equipment ("PPE") and is done in a manner intended to prevent risk of further exposure (e.g., unauthorized removal of contaminated media from the premises which poses a risk to public health and safety). To aid in identifying any unpermitted entry to the Property, I had posted tamper-resistant tape on the front door and the garage door of the Property – the only two entrances to the residence – immediately after my inspection on November 16, 2023.

18. On February 15, 2024, while I was conducting a routine check of the status of the tamper-resistant tape, I observed that the tape placed on the garage door was broken, and took photographs of the broken tape as evidence. True and correct copies of the photographs I took depicting the broken tape are attached as **Exhibit H.** I then replaced the tape with a new strip of tape, left the property, and returned the following day to find the new tape was intact.

19. The second and third requirements outlined in the Order require the property owner to hire a Certified Industrial Hygienist ("CIH") to submit a Preliminary Site Assessment ("PSA") Work Plan to DEH for review. On February 7, 2024, I received a PSA Work Plan from Jorge Vizcaino, an individual previously identified by Defendant Lam as her hired CIH.

20. On February 8, 2024, I received an email from Defendant Lam claiming that the submitted PSA Work Plan had not been approved by her, and specifically asked that any review by DEH be paused. Defendant Lam never notified me that she would authorize our review of the previously-submitted PSA Work Plan nor did she submit a new PSA Work Plan for my review during the course of my employment by the County of Santa Clara.

21. On February 23, 2024, I received an email from Defendant Christian, who claimed to be contacting me on behalf of Defendant Lam. In his email, Defendant Christian indicated he and Defendant Lam did not intend to comply with the Order.

22. Based on my training, knowledge, and belief, I understand that access of a methamphetamine-contaminated property by unauthorized and/or unqualified individuals poses a heightened risk of exposure to the individual and to the public due to the heightened risk the individual may track out contaminated residue on their person (i.e., by failing to appropriately don and doff PPE) and remove contaminated objects from the property, posing a risk of spreading the contamination to other previously uncontaminated properties and/or locations. Based on my training, knowledge, and experience, I

understand that methamphetamine (and the chemical precursors used to make methamphetamine) contamination poses a health risk to any individuals who come into contact with it. The health risks are particularly acute in more vulnerable individuals like children, pregnant people, and the elderly.

23. I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Dated: 11/20/2025

Jean Nguyen
Jean Nguyen (Nov 20, 2025 16:37:17 PST)
JEAN NGUYEN

# EXHIBIT 4

to the Declaration of Nicholas Christian in Support of
Plaintiffs' Opposition to City of San Jose Defendants'
Motion to Dismiss (Dkt. No. 19)

*Christian v. City of San Jose*, No. 5:26-cv-03708-EJD (N.D. Cal.)

NORA FRIMANN, City Attorney (93249)
ARDELL JOHNSON, Assistant City Attorney (95340)
MAREN CLOUSE, Chief Deputy City Attorney (228726)
HANNAH ODEKIRK, Deputy City Attorney (352779)
Office of the City Attorney
200 East Santa Clara Street, 16th Floor
San José, California 95113-1905
Telephone Number: (408) 535-1900
Facsimile Number: (408) 998-3131
E-Mail Address: cao.main@sanjoseca.gov

Attorneys for Plaintiffs CITY OF SAN JOSE
And THE PEOPLE OF THE STATE OF CALIFORNIA

**Electronically Filed**
**by Superior Court of CA,**
**County of Santa Clara,**
**on 1/8/2026 4:46 PM**
**Reviewed By: C. Roman**
**Case #26CV484023**
**Envelope: 22206116**

SUPERIOR COURT OF CALIFORNIA

COUNTY OF SANTA CLARA

UNLIMITED JURISDICTION

| | |
|---|---|
| THE PEOPLE OF THE STATE OF CALIFORNIA, acting by and though San Jose City Attorney Nora Frimann; and CITY OF SAN JOSE, a municipal corporation and charter city,<br><br>Plaintiff(s),<br><br>v.<br><br>CHERYL LAM, an individual; NICHOLAS KEITH CHRISTIAN, an individual; and DOES 1 through 20, inclusive,<br><br>Defendant(s). | Case Number: 26CV484023<br><br>**DECLARATION OF JOANNE TRACEY IN SUPPORT OF PETITION FOR TEMPORARY RESTRAINING ORDER, ORDER TO SHOW CAUSE RE PRELIMIARY INJUNCTION, AND APPOINTMENT OF A RECEIVER** |

I, JOANNE TRACEY, declare:

1. I am employed as the Hazardous Materials Compliance Division Director of the Environmental Health Branch of the Public Health Department by the County of Santa Clara. I make this declaration based upon my own knowledge, and if called upon to do so, I could and would competently testify to the matters stated herein.

2. My duties include overseeing the implementation of the regulatory requirements for several state and local hazardous materials and waste compliance

programs including California Health and Safety Code, Chapter 6.9.1, Methamphetamine or Fentanyl Contaminated Property Cleanup Act (the "Act"). I manage and supervise personnel that perform the duties specified in the Act.

3. On February 28, 2024, I received an email from Senior Hazardous Materials Specialist Jean Nguyen asking for guidance on how to respond to an email from CHERYL LAM ("Defendant Lam") where she said she intended to contest the Methamphetamine Contaminated Property Cleanup Order (the "Order"), which was issued to Defendant Lam on December 5, 2023, and wanted to know how to proceed. Defendant Lam's email contained a forwarded email from NICHOLAS CHRISTIAN ("Defendant Christian") challenging the Order.

4. From that day on, I communicated repeatedly with both Defendant Lam and Defendant Christian regarding the requirements of the Methamphetamine or Fentanyl Contaminated Property Cleanup Act, and the process of complying with the Order. Defendant Christian was the primary correspondent, and claimed to have authority to speak for Defendant Lam. Defendant Lam corroborated that Defendant Christian had authority to speak for her, and ultimately confirmed that they would not comply with the Order.

5. To this day, neither Defendant Lam nor Defendant Christian have taken any steps to resolve the severe methamphetamine contamination in the Property, or the property with which it shares a common wall ("Neighboring Property").

6. I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Dated: 11/04/2025

Joanne Tracey

JOANNE TRACEY

# EXHIBIT 5

to the Declaration of Nicholas Christian in Support of
Plaintiffs' Opposition to City of San Jose Defendants'
Motion to Dismiss (Dkt. No. 19)

*Christian v. City of San Jose*, No. 5:26-cv-03708-EJD (N.D. Cal.)

Subject: RE: Clarification of Authority - 72 N Buena Vista Ave

From: Hannah.Odekirk@sanjoseca.gov
Date: Tue, 23 Dec 2025 15:03:17 PST
To: christian.nicholask@gmail.com

Mr. Christian,

Thank you for reaching out regarding the status of 72 N Buena Vista Ave.

My office has not filed an action in Santa Clara County Superior Court. The City is investigating the matter.

Do you intend to comply with the Notice and Order to Abate, and/or with the Order from County DEH?

I have no information regarding any CPRA request you referenced, as it is not being handled by the City Attorney's Office.

My best,
Hannah

Hannah Odekirk | Deputy City Attorney
Office of the City Attorney | City of San Jose

---

Verbatim Gmail API capture, thread 19b4d73e5dfd6277 — sha256:727a512d26efd579603716fece4eccc71a12ab91d07a9f54e8a735d338e31cbd — rendered 2026-08-12

Subject: Automatic reply - out of office until January 5

From: Hannah.Odekirk@sanjoseca.gov
Date: Wed, 24 Dec 2025 00:47:41 UTC (Dec 23 4:47 PM PST)

Hello, I am out of the office and will return Monday, January 5th. For urgent matters, please contact George Tuba at George.tuba@sanjoseca.gov. Otherwise, I will respond to your email when I return.

---

Verbatim Gmail API capture, thread 19b4d73e5dfd6277 — sha256:0a1424395e8f8e1d2b427ba299de0a2fc1951193ce1df967523d55abc56d3b0e — rendered 2026-08-12

Subject: RE: Clarification - phone call offer

From: Hannah.Odekirk@sanjoseca.gov
Date: Mon, 5 Jan 2026 11:12:57 PST
To: christian.nicholask@gmail.com

Hi Mr. Christian,

I would be happy to set up a phone call with you. Would tomorrow at 10AM work?

I would be happy to give you a call at the number you provided below, but if you are concerned about your phone screening my call you could call me at my office number - 408-975-1484.

My best,
Hannah

---

Verbatim Gmail API capture, thread 19b4d73e5dfd6277 — sha256:68b44989da4638b214fba43151bc7beed28044fc010275330fa943782c6e5963 — rendered 2026-08-12

Gmail message id: 19b994224bafbec0
Date: 2026-01-07T16:20:04Z
From: Hannah.Odekirk@sanjoseca.gov
To: christian.nicholask@gmail.com
Cc: cheryl16@gmail.com
Subject: RE: URGENT: NOTICE OF MATERIAL FALSEHOOD, LIBEL & CONSTITUTIONAL VIOLATIONS: Demand to Cease Enforcement at 72 N Buena Vista Ave

Good Morning, Mr. Christian and Dr. Lam,

Thank you for your detailed response below. I have removed Nora Frimann from this email chain as she is no longer with our office.

I write to provide notice that the City of San Jose will file an Ex Parte Application for Temporary Restraining Order, Order to Show Cause Regarding why a Preliminary Injunction should not be issued, and Appointment of a Receiver tomorrow, January 8th, with the Superior Court of California, County of Santa Clara.

The City will request that the Court enjoin you both, and any agents, servants, employees, representatives, persons acting in concert or participating with you, from (1) maintaining 72 N Buena Vista, San Jose, CA 95126, in violation of state and local building laws as a public nuisance which is a threat to the health, safety, and welfare of the public, and (2) from entering or otherwise accessing the property in violation of City of San Jose Code Enforcement's condemnation dated November 9, 2023, or in violation of County of Santa Clara's Methamphetamine Contaminated Property Cleanup Order.

Please advise whether either of you intend to oppose this petition.

My best,

Hannah Odekirk

Hannah Odekirk | Deputy City Attorney
Office of the City Attorney | City of San José
200 East Santa Clara Street, 16th Floor | San José, CA 95113-1905
Direct: (408) 975-1484 | Main: (408) 535-1900 | Fax: (408) 998-3131
Pronouns: she/her/hers – why pronouns matter<https://www.forbes.com/sites/juliekratz/2024/02/07/why-pronouns-are-important-and-how-they-should-be-used/>

[cid:image001.jpg@01DC7F13.BFB700E0]

---

NOTICE TO RECIPIENT: This communication is intended only for the person to whom it is addressed, and may be protected by law. If you receive this in error, any review, use, dissemination, distribution, or copying is strictly prohibited. Please notify us immediately of the error and delete this communication and any attached documents from your system Thank you for your cooperation.

From: nicholas christian <christian.nicholask@gmail.com>
Sent: Monday, January 5, 2026 5:56 PM
To: Odekirk, Hannah <Hannah.Odekirk@sanjoseca.gov>
Cc: Frimann, Nora <Nora.Frimann@sanjoseca.gov>; Cheryl Lam <cheryl16@gmail.com>
Subject: URGENT: NOTICE OF MATERIAL FALSEHOOD, LIBEL & CONSTITUTIONAL VIOLATIONS: Demand to Cease Enforcement at 72 N Buena Vista Ave

[External Email. Do not open links or attachments from untrusted sources. Learn more<https://aka.ms/LearnAboutSenderIdentification>]

Ms. Odekirk

I attempted to contact you informally regarding this matter and, as usual, felt dismissed.

The Notice you served was void on its face due to sloppy drafting, specifically the arbitrary compliance deadline of January 2, 2025, a date during which your office was closed and you were unreachable until January 5th 2026. Furthermore, the inclusion of an incorrect email address for what I assume is a paralegal demonstrates a distinct lack of seriousness regarding this situation on the part of your agency.

I hereby rescind my offer of an informal, off-the-record conversation. That offer was for your benefit, yet my efforts were ignored.

Given your new status, I do not necessarily blame you personally; however, I have taken the initiative to elevate this matter to the appropriate level of authority, given your refusal to acknowledge or respond to the valid questions raised in my previous emails. Under your Rules of Professional Conduct, those inquiries should have been addressed or escalated to a supervisor.

To that end, our official response follows below:

Counselors,

We are writing to formally notify you that the "Notice and Order to Abate Nuisance" signed by you on December 15, 2025, regarding the property at 72 N Buena Vista Ave, is legally void, factually fraudulent, and constitutes a violation of our constitutional rights.

As counsel for the City, you have an ethical duty under California Rule of Professional Conduct 1.13 to investigate the validity of the claims you are advancing. The facts below demonstrate that the enforcement action taken by your agency and your client is pretextual, retaliatory, and based on demonstrably false affidavits.

I. MATERIAL FALSEHOOD & JUDICIAL EXONERATION

On Page 2, Item 9 of your Order, you cite H&S § 11570, stating as a matter of fact that: "The Subject Property is being used for the purpose of unlawfully selling, serving, storing, keeping, manufacturing... specifically methamphetamine."

This statement is a physical impossibility and a legal fabrication.

Judicial Exoneration (No Convictions): You are attempting to enforce a Nuisance Order based on alleged criminal conduct that the Superior Court has already rejected. The arrest associated with the 2023 raid resulted in zero convictions. Charges for manufacturing were never filed, and possession charges were dismissed entirely due to a complete lack of evidence. By signing this Order, you are accusing us of criminal acts that the criminal justice system has already determined could not be proven.

False Allegation of "Current" Use: You have attested that a property which has been vacant, red-tagged, and under strict government control since December 2023 is currently operating as an active drug laboratory. This is factually impossible.

No Evidence of Sales or Trafficking: Your Order explicitly accuses us of "selling" and "serving" narcotics. The City possesses zero evidence to support this: no "controlled buys," no surveillance logs, no witness statements, and no seizure of distribution paraphernalia. You have cut-and-pasted criminal statutes into a civil order without a shred of proof.

II. BAD FAITH "CHARGE STACKING" & ABUSE OF PROCESS

The structure of your Order constitutes an Abuse of Process. You have cited five separate code sections (H&S § 11570, SJMC § 17.72.020, § 17.72.030, § 17.72.040, and Civil Code § 3479) to describe a single, non-existent condition.

The Intent: This "Charge Stacking," or the piling on of redundant allegations to artificially inflate the severity of a case, is a transparent bad-faith tactic designed to intimidate property owners and to hide the fact that the City lacks the single piece of evidence (a positive lab test) required to enforce any of these codes.

III. FIRST AMENDMENT RETALIATION & COERCIVE INTENT

The timing and severity of your December 15, 2025 Order constitutes First Amendment Retaliation with coercive intent.

Causal Link: We exercised our First Amendment right to petition the government by filing CPRA requests into the dealings of this situation as they relate to the City Of San Jose. Which have been in violation of basically every rule pertaining to release of records. Immediately following these requests, the City escalated enforcement by issuing a new Nuisance Order based on stale, two-year-old data.

Improper Purpose: It is evident that the intent of this escalation is to force our acquiescence to the City's prior unconstitutional acts and to evade liability for the damages already accrued. The City appears to be doubling down on false charges to create leverage, hoping to force a surrender that would shield the agency from the inevitable consequences of its two-year illegal seizure.

IV. DEFAMATION AND LIBEL PER SE (Civil Code § 45)

The issuance and distribution of this Order constitutes Libel Per Se.

False Accusation of a Crime: Your Order falsely accuses the owners of the felony acts of manufacturing and selling controlled substances, despite the fact that all charges regarding this matter were dismissed for lack of evidence.

Publication to Third Parties: You have published these false statements to third parties, specifically Caliber Home Loans.

Damages: Sending a false official notice to a mortgage lender claiming the collateral property is an active drug lab places our financing in jeopardy and causes immediate, severe damage to our creditworthiness.

V. SELECTIVE ENFORCEMENT & PHYSICAL IMPOSSIBILITY (Equal Protection)

The City is engaging in discriminatory enforcement in violation of the Equal Protection Clause (Village of Willowbrook v. Olech, 528 U.S. 562).

The Neighbor (78 N Buena Vista): The City possesses data confirming the adjacent property tested positive for methamphetamine. You have taken no enforcement action against it.

Our Property (72 N Buena Vista): Our property shares no utilities or ventilation with the adjacent unit and is separated by two (2) independent one-hour fire-rated party walls with a 6-inch fire break.

Conclusion: Targeting a non-contaminated property while ignoring the confirmed source in the adjacent unit proves that this enforcement is arbitrary, capricious, and motivated by bad faith.

VI. FOURTH AMENDMENT VIOLATION (Unreasonable Seizure)

The City’s continued exclusion of the owners from the property constitutes an Unreasonable Seizure in violation of the Fourth Amendment. Since the initial allegation of a laboratory was fabricated and rejected by the courts, the continued two-year seizure of the home is constitutionally invalid, and we are entitled to damages for loss of use.

VII. CONSPIRACY TO INTERFERE WITH CIVIL RIGHTS (42 U.S.C. § 1985)

The coordinated actions between City Code Enforcement and County DEH, specifically the cross-agency enforcement of a void order without independent verification, constitute a conspiracy to deprive us of our property rights under 42 U.S.C. § 1985.

DEMAND FOR REMEDY

You are now on notice that the factual basis for your Order is false.

Be advised that we will be pursuing all applicable legal remedies for the damages already inflicted by your agency, your client, and all those acting in your client's name, including claims for defamation, conspiracy, and deprivation of civil rights under 42 U.S.C. § 1983.

To prevent further liability, we demand that the City of San Jose take the following actions within three (3) business days of this notice:

Rescind the Notice and Order to Abate Nuisance dated December 15, 2025, and notify all third parties (including Caliber Home Loans) of the rescission.

Cease and Desist all enforcement activities against 72 N Buena Vista Ave.

Provide Written Confirmation that the Order has been withdrawn.

Failure to respond by Thursday, January 8, 2026, will be interpreted as a final refusal to cure these violations, and we will proceed with immediate filings of all legal remedies afforded to us by law.

Should you require this in writing or have any questions please advise I'll personally deliver it and/or address your concerns.

Governed accordingly,

Nicholas Christian

Dr. Cheryl Lam

72 N Buena Vista Ave, San Jose, CA 95126

On Mon, Jan 5, 2026, 11:13 AM Odekirk, Hannah
<Hannah.Odekirk@sanjoseca.gov<mailto:Hannah.Odekirk@sanjoseca.gov>> wrote:
Hi Mr. Christian,

I would be happy to set up a phone call with you. Would tomorrow at 10AM work?

I would be happy to give you a call at the number you provided below, but if you are concerned about your phone screening my call you could call me at my office number – 408-975-1484.

My best,

Hannah

Hannah Odekirk | Deputy City Attorney
Office of the City Attorney | City of San José
200 East Santa Clara Street<https://www.google.com/maps/search/200+East+Santa+Clara+Street?entry=gmail&source=g>, 16th Floor | San José, CA 95113-1905
Direct: (408) 975-1484 | Main: (408) 535-1900 | Fax: (408) 998-3131
Pronouns: she/her/hers – why pronouns matter<https://www.forbes.com/sites/juliekratz/2024/02/07/why-pronouns-are-important-and-how-they-should-be-used/>

[https://mail.google.com/mail/?ui=2&ik=40b832465b&attid=0.2&th=19b9070626348d52&view=fimg&fur=ip&rm=19b9070626348d52&sz=w1600-h1000&attbid=ANGjdJ-T1PLwS2vRlBKRKc37dNHthOQv6usFaGtcJfYbq-Oi6jbCXVfuVhp764UiIAQd2rSLwMuvALP6mKV7IAxJU4DQ9iAh4aRFmTLFwqQamTcwXVdkfrI_SxmFrnU&disp=emb&realattid&zw]

---

NOTICE TO RECIPIENT: This communication is intended only for the person to whom it is addressed, and may be protected by law. If you receive this in error, any review, use, dissemination, distribution, or copying is strictly prohibited. Please notify us immediately of the error and delete this communication and any attached documents from your system Thank you for your cooperation.

From: nicholas christian <christian.nicholask@gmail.com<mailto:christian.nicholask@gmail.com>>
Sent: Tuesday, December 23, 2025 4:47 PM
To: Odekirk, Hannah <Hannah.Odekirk@sanjoseca.gov<mailto:Hannah.Odekirk@sanjoseca.gov>>
Subject: Re: Subject: Clarification of Authority, Referral, and Judicial Posture – 72 N Buena Vista Ave

[External Email. Do not open links or attachments from untrusted sources. Learn more<https://aka.ms/LearnAboutSenderIdentification>]

Before I respond to this email—

If you want to call me, I think that’s in your interest and in the interest of the entities you represent. This can occur in any forum you deem appropriate; a phone call is fine. Please coordinate via email or text as my phone aggressively screens calls.

If you think a conversation would go nowhere, I can respond without further delay.

Nicholas Christian

408 940 2424

On Tue, Dec 23, 2025, 3:03 PM Odekirk, Hannah <Hannah.Odekirk@sanjoseca.gov<mailto:Hannah.Odekirk@sanjoseca.gov>> wrote:
Mr. Christian,

Thank you for reaching out regarding the status of 72 N Buena Vista Ave<https://www.google.com/maps/search/72+N+Buena+Vista+Ave?entry=gmail&source=g>.

My office has not filed an action in Santa Clara County Superior Court. The City is investigating the matter.

Do you intend to comply with the Notice and Order to Abate, and/or with the Order from County DEH?

I have no information regarding any CPRA request you referenced, as it is not being handled by the City Attorney’s Office.

My best,

Hannah

Hannah Odekirk | Deputy City Attorney
Office of the City Attorney | City of San José
200 East Santa Clara Street<https://www.google.com/maps/search/200+East+Santa+Clara+Street?entry=gmail&source=g>, 16th Floor | San José, CA 95113-1905
Direct: (408) 975-1484 | Main: (408) 535-1900 | Fax: (408) 998-3131
Pronouns: she/her/hers – why pronouns matter<https://www.forbes.com/sites/juliekratz/2024/02/07/why-pronouns-are-important-and-how-they-should-be-used/>

[https://mail.google.com/mail/?ui=2&ik=40b832465b&attid=0.2&th=19b4db0d5be40b28&view=fimg&fur=ip&rm=19b4db0d5be40b28&sz=w1600-h1000&attbid=ANGjdJ_Vyvvn75tlWNPcw6LzqMbzb2OGFg73tKwfl7QbAQi35J6IedqHP6-tTNeWVN99RHJo-J74cRuyf_iiPT76t8k7gOLfHRBVUphTmZAdHTs8zCiNBqq80V58w7U&disp=emb&realattid&zw]

________________________________________________________

NOTICE TO RECIPIENT: This communication is intended only for the person to whom it is addressed, and may be protected by law. If you receive this in error, any review, use, dissemination, distribution, or copying is strictly prohibited. Please notify us immediately of the error and delete this communication and any attached documents from your system Thank you for your cooperation.

From: nicholas christian <christian.nicholask@gmail.com<mailto:christian.nicholask@gmail.com>>
Sent: Tuesday, December 16, 2025 12:00 PM
To: CAO Main <cao.main@sanjoseca.gov<mailto:cao.main@sanjoseca.gov>>
Subject: Subject: Clarification of Authority, Referral, and Judicial Posture – 72 N Buena Vista Ave<https://www.google.com/maps/search/72+N+Buena+Vista+Ave?entry=gmail&source=g>

Counsel,

We are attempting to understand the current procedural posture of the City’s actions regarding 72 N Buena Vista Ave<https://www.google.com/maps/search/72+N+Buena+Vista+Ave?entry=gmail&source=g>.

Please confirm the following:

1. Whether the City Attorney has filed any action in Santa Clara County Superior Court concerning this property, and if so, the case number and assigned judge.

2. Whether the City is acting pursuant to an independent City inspection and findings, or solely based on a County DEH “referral.”

3. The statutory authority the City relies on to post public condemnation or restriction notices affecting use and occupancy absent a court order.

4. The basis for publicly posting statements alleging narcotics-related nuisance, including whether those statements are supported by current findings attributable to this property.

5. The status of our pending CPRA requests seeking the records underlying the City’s actions, which remain unproduced after more than three months.

We are requesting clarification so we can determine the appropriate procedural response.

Regards,

Nicholas Christian

This message is from outside the City email system. Do not open links or attachments from untrusted sources.

This message is from outside the City email system. Do not open links or attachments from untrusted sources.

Gmail message id: 19b9b1bfee7c22ee
Date: 2026-01-08T00:57:38Z
From: Hannah.Odekirk@sanjoseca.gov
To: christian.nicholask@gmail.com
Cc: cheryl16@gmail.com
Subject: RE: URGENT: NOTICE OF MATERIAL FALSEHOOD, LIBEL & CONSTITUTIONAL VIOLATIONS: Demand to Cease Enforcement at 72 N Buena Vista Ave

Good afternoon, Dr. Lam and Mr. Christian,

Thank you for informing me of your intent to oppose the City's application.

To clarify, the City is filing the matter tomorrow (1/8), so we do not yet have a court date. As soon as we do have a court date, I will inform you.

That being said, I would be happy to electronically serve you with our moving papers. Shortly I will send you each a Consent to Electronic Service PDF for your signatures, to confirm you consent to electronic service. Please sign and return at your earliest convenience.

My best,

Hannah

Hannah Odekirk | Deputy City Attorney
Office of the City Attorney | City of San José
200 East Santa Clara Street, 16th Floor | San José, CA 95113-1905
Direct: (408) 975-1484 | Main: (408) 535-1900 | Fax: (408) 998-3131
Pronouns: she/her/hers – why pronouns matter<https://www.forbes.com/sites/juliekratz/2024/02/07/why-pronouns-are-important-and-how-they-should-be-used/>

[cid:image001.jpg@01DC7FF6.BA6A8E20]

---

NOTICE TO RECIPIENT: This communication is intended only for the person to whom it is addressed, and may be protected by law. If you receive this in error, any review, use, dissemination, distribution, or copying is strictly prohibited. Please notify us immediately of the error and delete this communication and any attached documents from your system Thank you for your cooperation.

From: nicholas christian <christian.nicholask@gmail.com>
Sent: Wednesday, January 7, 2026 4:31 PM
To: Odekirk, Hannah <Hannah.Odekirk@sanjoseca.gov>
Cc: Cheryl Lam <cheryl16@gmail.com>; City Clerk <city.clerk@sanjoseca.gov>
Subject: Re: URGENT: NOTICE OF MATERIAL FALSEHOOD, LIBEL & CONSTITUTIONAL VIOLATIONS: Demand to Cease Enforcement at 72 N Buena Vista Ave

[External Email. Do not open links or attachments from untrusted sources. Learn more<https://aka.ms/LearnAboutSenderIdentification>]

I don't quite understand why you want to ride this fafo train.... but ok.

7
Counselor.

WE INTEND TO VIGOROUSLY OPPOSE THIS PETITION.
Let this email serve as formal notice that Claimants Nicholas Christian and Dr. Cheryl Lam OPPOSE the City's Ex Parte Application for Appointment of a Receiver.

DEMAND FOR NOTICE:

Pursuant to California Rules of Court, Rules 3.1203 and 3.1204, we demand:

The Time and Department for the hearing tomorrow, January 8th.

Immediate Electronic Service of all moving papers to this email address.

BASIS FOR OPPOSITION & REQUEST FOR DISMISSAL:

The City's application constitutes a frantic abuse of the Ex Parte process and is barred by the doctrine of Laches, Res Judicata, and prior constitutional violations:

1. SEIZED WITHOUT DUE PROCESS (4th Amendment Violation):
The City alleges an "emergency" exists, yet you seized the property on November 9, 2023 without a warrant or court order.
You have physically excluded the owners for 790 days in direct violation of our constitutional rights.
The "status quo" has remained unchanged and under government seal for over two years.
Waiting 26 months to act, and then claiming a sudden "emergency" exists the very next day after receiving a litigation threat, is a transparent fabrication. There is no exigency.

2. MATERIAL FALSEHOOD (Evidence Proves NO Active Lab):
Your application alleges the property is an "active" nuisance. This is contradicted by the very evidence you rely on. The Hazmat Report (Incident #23-3139060) explicitly states that federal agents "did not notice any active lab processes."
This report was intended to exonerate the property, not condemn it.
The field samples referenced were inconsistent and false positives, which is why the associated criminal case was dismissed.
Presenting this report as proof of an "active lab" when it specifically documents the absence of one is a violation of candor to the Tribunal.

3. RETALIATORY EVICTION & MALICE:
The timing of this filing proves First Amendment Retaliation. You took no action for over two years. Yesterday, you received our Notice of Tort Claim and Demand to Cease Enforcement. Less than 24 hours later, you filed for a Receivership.
Despite having taken an oath to defend the Constitution, the City chose to attempt this bad-faith Ex Parte application immediately after we provided actionable proof that exculpatory evidence exists.
The City is weaponizing the Ex Parte process to punish us for exercising our right to petition the government.

4. VOID ORDER (Impossibility of Performance):
The underlying "Notice to Abate" is void ab initio. It was signed by you in December 2025 but commanded compliance by January 2, 2025—a date 11 months in the past. The Court cannot appoint a Receiver to enforce an order that demanded "time travel" and was impossible to perform.

5. SELECTIVE ENFORCEMENT (78 N Buena Vista):
The City is engaging in arbitrary enforcement. The adjacent property (78 N Buena Vista Ave) is a separate independent structure that also tested positive for contamination. Despite knowing this, the City has taken zero enforcement action against that property while seeking the most extreme remedy against ours.
We will appear at the hearing to expose these defects and request immediate sanctions.
Governed accordingly,

Nicholas Christian
Dr. Cheryl Lam

On Wed, Jan 7, 2026, 8:20 AM Odekirk, Hannah
<Hannah.Odekirk@sanjoseca.gov<mailto:Hannah.Odekirk@sanjoseca.gov>> wrote:
Good Morning, Mr. Christian and Dr. Lam,

Thank you for your detailed response below. I have removed Nora Frimann from this email chain as she is no longer with our office.

I write to provide notice that the City of San Jose will file an Ex Parte Application for Temporary Restraining Order, Order to Show Cause Regarding why a Preliminary Injunction should not be issued, and Appointment of a Receiver tomorrow, January 8th, with the Superior Court of California, County of Santa Clara.

The City will request that the Court enjoin you both, and any agents, servants, employees, representatives, persons acting in concert or participating with you, from (1) maintaining 72 N Buena Vista, San Jose, CA 95126<https://www.google.com/maps/search/72+N+Buena+Vista,+San+Jose,+CA%0D%0A+95126?entry=gmail&source=g>, in violation of state and local building laws as a public nuisance which is a threat to the health, safety, and welfare of the public, and (2) from entering or otherwise accessing the property in violation of City of San Jose Code Enforcement's condemnation dated November 9, 2023, or in violation of County of Santa Clara's Methamphetamine Contaminated Property Cleanup Order.

Please advise whether either of you intend to oppose this petition.

My best,

Hannah Odekirk

Hannah Odekirk | Deputy City Attorney
Office of the City Attorney | City of San José
200 East Santa Clara Street<https://www.google.com/maps/search/200+East+Santa+Clara+Street?entry=gmail&source=g>, 16th Floor | San José, CA 95113-1905
Direct: (408) 975-1484 | Main: (408) 535-1900 | Fax: (408) 998-3131
Pronouns: she/her/hers – why pronouns matter<https://www.forbes.com/sites/juliekratz/2024/02/07/why-pronouns-are-important-and-how-they-should-be-used/>

[https://mail.google.com/mail/?ui=2&ik=40b832465b&attid=0.2&th=19b9aff1f4c8d3ef&view=fimg&fur=ip&rm=19b9aff1f4c8d3ef&sz=w1600-h1000&attbid=ANGjdJ-ZOrCX2ThGF3v8KAZE8FeUz7i646ggt1M8IVtWlFrHK2MLrYG55bpR6Iqtfcax3Vtz1dSyoBfKFbmuqRTfJ5Q6ZX-IbfiOh4FvwGQo-YGN337HFVhI4kfyky4&disp=emb&realattid&zw]

NOTICE TO RECIPIENT: This communication is intended only for the person to whom it is addressed, and may be protected by law. If you receive this in error, any review, use, dissemination, distribution, or copying is strictly prohibited. Please notify us immediately of the error and delete this communication and any attached documents from your system Thank you for your cooperation.

From: nicholas christian <christian.nicholask@gmail.com<mailto:christian.nicholask@gmail.com>>
Sent: Monday, January 5, 2026 5:56 PM
To: Odekirk, Hannah <Hannah.Odekirk@sanjoseca.gov<mailto:Hannah.Odekirk@sanjoseca.gov>>
Cc: Frimann, Nora <Nora.Frimann@sanjoseca.gov<mailto:Nora.Frimann@sanjoseca.gov>>; Cheryl Lam <cheryl16@gmail.com<mailto:cheryl16@gmail.com>>
Subject: URGENT: NOTICE OF MATERIAL FALSEHOOD, LIBEL & CONSTITUTIONAL VIOLATIONS: Demand to Cease Enforcement at 72 N Buena Vista Ave

[External Email. Do not open links or attachments from untrusted sources. Learn more<https://aka.ms/LearnAboutSenderIdentification>]

Ms. Odekirk

I attempted to contact you informally regarding this matter and, as usual, felt dismissed.

The Notice you served was void on its face due to sloppy drafting, specifically the arbitrary compliance deadline of January 2, 2025, a date during which your office was closed and you were unreachable until January 5th 2026. Furthermore, the inclusion of an incorrect email address for what I assume is a paralegal demonstrates a distinct lack of seriousness regarding this situation on the part of your agency.

I hereby rescind my offer of an informal, off-the-record conversation. That offer was for your benefit, yet my efforts were ignored.

Given your new status, I do not necessarily blame you personally; however, I have taken the initiative to elevate this matter to the appropriate level of authority, given your refusal to acknowledge or respond to the valid questions raised in my previous emails. Under your Rules of Professional Conduct, those inquiries should have been addressed or escalated to a supervisor.

To that end, our official response follows below:

Counselors,

We are writing to formally notify you that the "Notice and Order to Abate Nuisance" signed by you on December 15, 2025, regarding the property at 72 N Buena Vista Ave, is legally void, factually fraudulent, and constitutes a violation of our constitutional rights.

As counsel for the City, you have an ethical duty under California Rule of Professional Conduct 1.13 to investigate the validity of the claims you are advancing. The facts below demonstrate that the enforcement action taken by your agency and your client is pretextual, retaliatory, and based on demonstrably false affidavits.

I. MATERIAL FALSEHOOD & JUDICIAL EXONERATION

On Page 2, Item 9 of your Order, you cite H&S § 11570, stating as a matter of fact that: "The Subject Property is being used for the purpose of unlawfully selling, serving, storing, keeping, manufacturing... specifically methamphetamine."

This statement is a physical impossibility and a legal fabrication.

Judicial Exoneration (No Convictions): You are attempting to enforce a Nuisance Order based on alleged criminal conduct that the Superior Court has already rejected. The arrest associated with the 2023 raid resulted in zero convictions. Charges for manufacturing were never filed, and possession charges were dismissed entirely due to a complete lack of evidence. By signing this Order, you are accusing us of criminal acts that the criminal justice system has already determined could not be proven.

False Allegation of "Current" Use: You have attested that a property which has been vacant, red-tagged, and under strict government control since December 2023 is currently operating as an active drug laboratory. This is factually impossible.

No Evidence of Sales or Trafficking: Your Order explicitly accuses us of "selling" and "serving" narcotics. The City possesses zero evidence to support this: no "controlled buys," no surveillance logs, no witness statements, and no seizure of distribution paraphernalia. You have cut-and-pasted criminal statutes into a civil order without a shred of proof.

II. BAD FAITH "CHARGE STACKING" & ABUSE OF PROCESS

The structure of your Order constitutes an Abuse of Process. You have cited five separate code sections (H&S § 11570, SJMC § 17.72.020, § 17.72.030, § 17.72.040, and Civil Code § 3479) to describe a single, non-existent condition.

The Intent: This "Charge Stacking," or the piling on of redundant allegations to artificially inflate the severity of a case, is a transparent bad-faith tactic designed to intimidate property owners and to hide the fact that the City lacks the single piece of evidence (a

positive lab test) required to enforce any of these codes.

III. FIRST AMENDMENT RETALIATION & COERCIVE INTENT

The timing and severity of your December 15, 2025 Order constitutes First Amendment Retaliation with coercive intent.

Causal Link: We exercised our First Amendment right to petition the government by filing CPRA requests into the dealings of this situation as they relate to the City Of San Jose. Which have been in violation of basically every rule pertaining to release of records. Immediately following these requests, the City escalated enforcement by issuing a new Nuisance Order based on stale, two-year-old data.

Improper Purpose: It is evident that the intent of this escalation is to force our acquiescence to the City's prior unconstitutional acts and to evade liability for the damages already accrued. The City appears to be doubling down on false charges to create leverage, hoping to force a surrender that would shield the agency from the inevitable consequences of its two-year illegal seizure.

IV. DEFAMATION AND LIBEL PER SE (Civil Code § 45)

The issuance and distribution of this Order constitutes Libel Per Se.

False Accusation of a Crime: Your Order falsely accuses the owners of the felony acts of manufacturing and selling controlled substances, despite the fact that all charges regarding this matter were dismissed for lack of evidence.

Publication to Third Parties: You have published these false statements to third parties, specifically Caliber Home Loans.

Damages: Sending a false official notice to a mortgage lender claiming the collateral property is an active drug lab places our financing in jeopardy and causes immediate, severe damage to our creditworthiness.

V. SELECTIVE ENFORCEMENT & PHYSICAL IMPOSSIBILITY (Equal Protection)

The City is engaging in discriminatory enforcement in violation of the Equal Protection Clause (Village of Willowbrook v. Olech, 528 U.S. 562).

The Neighbor (78 N Buena Vista): The City possesses data confirming the adjacent property tested positive for methamphetamine. You have taken no enforcement action against it.

Our Property (72 N Buena Vista): Our property shares no utilities or ventilation with the adjacent unit and is separated by two (2) independent one-hour fire-rated party walls with a 6-inch fire break.

Conclusion: Targeting a non-contaminated property while ignoring the confirmed source in the adjacent unit proves that this enforcement is arbitrary, capricious, and motivated by bad faith.

VI. FOURTH AMENDMENT VIOLATION (Unreasonable Seizure)

The City’s continued exclusion of the owners from the property constitutes an Unreasonable Seizure in violation of the Fourth Amendment. Since the initial allegation of a laboratory was fabricated and rejected by the courts, the continued two-year seizure of the home is constitutionally invalid, and we are entitled to damages for loss of use.

VII. CONSPIRACY TO INTERFERE WITH CIVIL RIGHTS (42 U.S.C. § 1985)

The coordinated actions between City Code Enforcement and County DEH, specifically the cross-agency enforcement of a void order without independent verification, constitute a conspiracy to

deprive us of our property rights under 42 U.S.C. § 1985.

DEMAND FOR REMEDY

You are now on notice that the factual basis for your Order is false.

Be advised that we will be pursuing all applicable legal remedies for the damages already inflicted by your agency, your client, and all those acting in your client's name, including claims for defamation, conspiracy, and deprivation of civil rights under 42 U.S.C. § 1983.

To prevent further liability, we demand that the City of San Jose take the following actions within three (3) business days of this notice:

Rescind the Notice and Order to Abate Nuisance dated December 15, 2025, and notify all third parties (including Caliber Home Loans) of the rescission.

Cease and Desist all enforcement activities against 72 N Buena Vista Ave.

Provide Written Confirmation that the Order has been withdrawn.

Failure to respond by Thursday, January 8, 2026, will be interpreted as a final refusal to cure these violations, and we will proceed with immediate filings of all legal remedies afforded to us by law.

Should you require this in writing or have any questions please advise I'll personally deliver it and/or address your concerns.

Governed accordingly,

Nicholas Christian

Dr. Cheryl Lam

72 N Buena Vista Ave, San Jose, CA 95126<https://www.google.com/maps/search/72+N+Buena+Vista+Ave,+San+Jose,+CA+95126?entry=gmail&source=g>

On Mon, Jan 5, 2026, 11:13 AM Odekirk, Hannah <Hannah.Odekirk@sanjoseca.gov<mailto:Hannah.Odekirk@sanjoseca.gov>> wrote:
Hi Mr. Christian,

I would be happy to set up a phone call with you. Would tomorrow at 10AM work?

I would be happy to give you a call at the number you provided below, but if you are concerned about your phone screening my call you could call me at my office number – 408-975-1484.

My best,

Hannah

Hannah Odekirk | Deputy City Attorney
Office of the City Attorney | City of San José
200 East Santa Clara Street<https://www.google.com/maps/search/200+East+Santa+Clara+Street?entry=gmail&source=g>, 16th Floor | San José, CA 95113-1905
Direct: (408) 975-1484 | Main: (408) 535-1900 | Fax: (408) 998-3131
Pronouns: she/her/hers – why pronouns matter<https://www.forbes.com/sites/juliekratz/2024/02/07/why-pronouns-are-important-and-how-they-should-be-used/>

[https://mail.google.com/mail/?ui=2&ik=40b832465b&attid=0.2&th=19b9070626348d52&view=fimg&fur=ip&rm=19b9070626348d52&sz=w1600-

h1000&attbid=ANGjdJ-T1PLwS2vRlBKRKc37dNHthOQv6usFaGtcJfYbq-Oi6jbCXVfuVhp764UiIAQd2rSLwMuvALP6mKV7IAxJU4DQ9iAh4aRFmTLFwqQamTcwXVdkfrI_SxmFrnU&disp=emb&realattid&zw]

---

NOTICE TO RECIPIENT: This communication is intended only for the person to whom it is addressed, and may be protected by law. If you receive this in error, any review, use, dissemination, distribution, or copying is strictly prohibited. Please notify us immediately of the error and delete this communication and any attached documents from your system Thank you for your cooperation.

From: nicholas christian <christian.nicholask@gmail.com<mailto:christian.nicholask@gmail.com>>
Sent: Tuesday, December 23, 2025 4:47 PM
To: Odekirk, Hannah <Hannah.Odekirk@sanjoseca.gov<mailto:Hannah.Odekirk@sanjoseca.gov>>
Subject: Re: Subject: Clarification of Authority, Referral, and Judicial Posture – 72 N Buena Vista Ave

[External Email. Do not open links or attachments from untrusted sources. Learn more<https://aka.ms/LearnAboutSenderIdentification>]

Before I respond to this email—

If you want to call me, I think that’s in your interest and in the interest of the entities you represent. This can occur in any forum you deem appropriate; a phone call is fine. Please coordinate via email or text as my phone aggressively screens calls.

If you think a conversation would go nowhere, I can respond without further delay.

Nicholas Christian

408 940 2424

On Tue, Dec 23, 2025, 3:03 PM Odekirk, Hannah <Hannah.Odekirk@sanjoseca.gov<mailto:Hannah.Odekirk@sanjoseca.gov>> wrote:
Mr. Christian,

Thank you for reaching out regarding the status of 72 N Buena Vista Ave<https://www.google.com/maps/search/72+N+Buena+Vista+Ave?entry=gmail&source=g>.

My office has not filed an action in Santa Clara County Superior Court. The City is investigating the matter.

Do you intend to comply with the Notice and Order to Abate, and/or with the Order from County DEH?

I have no information regarding any CPRA request you referenced, as it is not being handled by the City Attorney’s Office.

My best,

Hannah

Hannah Odekirk | Deputy City Attorney
Office of the City Attorney | City of San José
200 East Santa Clara Street<https://www.google.com/maps/search/200+East+Santa+Clara+Street?entry=gmail&source=g>, 16th Floor | San José, CA 95113-1905
Direct: (408) 975-1484 | Main: (408) 535-1900 | Fax: (408) 998-3131
Pronouns: she/her/hers – why pronouns matter<https://www.forbes.com/sites/juliekratz/2024/02/07/why-pronouns-are-important-and-how-they-should-be-used/>

[https://mail.google.com/mail/?

ui=2&ik=40b832465b&attid=0.2&th=19b4db0d5be40b28&view=fimg&fur=ip&rm=19b4db0d5be40b28&sz=w1600-h1000&attbid=ANGjdJ_Vyvvn75tlWNPcw6LzqMbzb2OGFg73tKwfl7QbAQi35J6IedqHP6-tTNeWVN99RHJo-J74cRuyf_iiPT76t8k7gOLfHRBVUphTmZAdHTs8zCiNBqq80V58w7U&disp=emb&realattid&zw]

---

NOTICE TO RECIPIENT: This communication is intended only for the person to whom it is addressed, and may be protected by law. If you receive this in error, any review, use, dissemination, distribution, or copying is strictly prohibited. Please notify us immediately of the error and delete this communication and any attached documents from your system Thank you for your cooperation.

From: nicholas christian <christian.nicholask@gmail.com<mailto:christian.nicholask@gmail.com>>
Sent: Tuesday, December 16, 2025 12:00 PM
To: CAO Main <cao.main@sanjoseca.gov<mailto:cao.main@sanjoseca.gov>>
Subject: Subject: Clarification of Authority, Referral, and Judicial Posture – 72 N Buena Vista Ave<https://www.google.com/maps/search/72+N+Buena+Vista+Ave?entry=gmail&source=g>

Counsel,

We are attempting to understand the current procedural posture of the City’s actions regarding 72 N Buena Vista Ave<https://www.google.com/maps/search/72+N+Buena+Vista+Ave?entry=gmail&source=g>.

Please confirm the following:

1. Whether the City Attorney has filed any action in Santa Clara County Superior Court concerning this property, and if so, the case number and assigned judge.

2. Whether the City is acting pursuant to an independent City inspection and findings, or solely based on a County DEH “referral.”

3. The statutory authority the City relies on to post public condemnation or restriction notices affecting use and occupancy absent a court order.

4. The basis for publicly posting statements alleging narcotics-related nuisance, including whether those statements are supported by current findings attributable to this property.

5. The status of our pending CPRA requests seeking the records underlying the City’s actions, which remain unproduced after more than three months.

We are requesting clarification so we can determine the appropriate procedural response.

Regards,

Nicholas Christian

This message is from outside the City email system. Do not open links or attachments from untrusted sources.

This message is from outside the City email system. Do not open links or attachments from untrusted sources.

This message is from outside the City email system. Do not open links or attachments from untrusted sources.

Gmail message id: 19ba52f38bed753a
Date: 2026-01-09T23:54:50Z
From: Hannah.Odekirk@sanjoseca.gov
To: christian.nicholask@gmail.com
Cc: cheryl16@gmail.com
Subject: RE: URGENT: NOTICE OF MATERIAL FALSEHOOD, LIBEL & CONSTITUTIONAL VIOLATIONS: Demand to Cease Enforcement at 72 N Buena Vista Ave

Good afternoon, Mr. Christian and Dr. Lam,

As stated in the email including the documents, the documents provided to you are courtesy copies of the documents filed yesterday by the City. We have not received the stamped versions back from the Court, nor have we received a docket number or hearing date from the Court. When the Court provides us a docket number, hearing date, and stamped versions of the documents, we will electronically serve that on you per your request.

My best,

Hannah

Hannah Odekirk | Deputy City Attorney
Office of the City Attorney | City of San José
200 East Santa Clara Street, 16th Floor | San José, CA 95113-1905
Direct: (408) 975-1484 | Main: (408) 535-1900 | Fax: (408) 998-3131
Pronouns: she/her/hers – why pronouns matter<https://www.forbes.com/sites/juliekratz/2024/02/07/why-pronouns-are-important-and-how-they-should-be-used/>

[cid:image001.jpg@01DC8155.33902440]
________________________________________________________

NOTICE TO RECIPIENT: This communication is intended only for the person to whom it is addressed, and may be protected by law. If you receive this in error, any review, use, dissemination, distribution, or copying is strictly prohibited. Please notify us immediately of the error and delete this communication and any attached documents from your system Thank you for your cooperation.

From: nicholas christian <christian.nicholask@gmail.com>
Sent: Friday, January 9, 2026 10:19 AM
To: Odekirk, Hannah <Hannah.Odekirk@sanjoseca.gov>
Cc: Cheryl Lam <cheryl16@gmail.com>; City Clerk <city.clerk@sanjoseca.gov>
Subject: Re: URGENT: NOTICE OF MATERIAL FALSEHOOD, LIBEL & CONSTITUTIONAL VIOLATIONS: Demand to Cease Enforcement at 72 N Buena Vista Ave

[External Email. Do not open links or attachments from untrusted sources. Learn more<https://aka.ms/LearnAboutSenderIdentification>]

Ms. Odekirk,

You served us with an unfiled draft of an Ex Parte Application without a Case Number. You stated in your email of January 7 that you would inform us as soon as you had a court date. You have failed to do so.
It is a violation of Due Process to file an action against a defendant while withholding the Case Number required for them to file a response. Your failure to provide this number is actively prejudicing our ability to oppose your petition.

Request you confirm that the files sent earlier were actually filed as they were written and provide an envelope number or case number so that we can oppose.

On Wed, Jan 7, 2026, 4:57 PM Odekirk, Hannah
<Hannah.Odekirk@sanjoseca.gov<mailto:Hannah.Odekirk@sanjoseca.gov>> wrote:
Good afternoon, Dr. Lam and Mr. Christian,

Thank you for informing me of your intent to oppose the City's application.

To clarify, the City is filing the matter tomorrow (1/8), so we do not yet have a court date. As soon as we do have a court date, I will inform you.

That being said, I would be happy to electronically serve you with our moving papers. Shortly I will send you each a Consent to Electronic Service PDF for your signatures, to confirm you consent to electronic service. Please sign and return at your earliest convenience.

My best,

Hannah

Hannah Odekirk | Deputy City Attorney
Office of the City Attorney | City of San José
200 East Santa Clara Street<https://www.google.com/maps/search/200+East+Santa+Clara+Street?entry=gmail&source=g>, 16th Floor | San José, CA 95113-1905
Direct: (408) 975-1484 | Main: (408) 535-1900 | Fax: (408) 998-3131
Pronouns: she/her/hers – why pronouns matter<https://www.forbes.com/sites/juliekratz/2024/02/07/why-pronouns-are-important-and-how-they-should-be-used/>

[cid:image001.jpg@01DC8155.33902440]
________________________________________________________

NOTICE TO RECIPIENT: This communication is intended only for the person to whom it is addressed, and may be protected by law. If you receive this in error, any review, use, dissemination, distribution, or copying is strictly prohibited. Please notify us immediately of the error and delete this communication and any attached documents from your system Thank you for your cooperation.

From: nicholas christian <christian.nicholask@gmail.com<mailto:christian.nicholask@gmail.com>>
Sent: Wednesday, January 7, 2026 4:31 PM
To: Odekirk, Hannah <Hannah.Odekirk@sanjoseca.gov<mailto:Hannah.Odekirk@sanjoseca.gov>>
Cc: Cheryl Lam <cheryl16@gmail.com<mailto:cheryl16@gmail.com>>; City Clerk
<city.clerk@sanjoseca.gov<mailto:city.clerk@sanjoseca.gov>>
Subject: Re: URGENT: NOTICE OF MATERIAL FALSEHOOD, LIBEL & CONSTITUTIONAL VIOLATIONS: Demand to Cease Enforcement at 72 N Buena Vista Ave

[External Email. Do not open links or attachments from untrusted sources. Learn more<https://aka.ms/LearnAboutSenderIdentification>]

I don't quite understand why you want to ride this fafo train.... but ok.

7
Counselor.

WE INTEND TO VIGOROUSLY OPPOSE THIS PETITION.
Let this email serve as formal notice that Claimants Nicholas Christian and Dr. Cheryl Lam OPPOSE the City's Ex Parte Application for Appointment of a Receiver.
DEMAND FOR NOTICE:

Pursuant to California Rules of Court, Rules 3.1203 and 3.1204, we demand:

The Time and Department for the hearing tomorrow, January 8th.

Immediate Electronic Service of all moving papers to this email address.

BASIS FOR OPPOSITION & REQUEST FOR DISMISSAL:

The City’s application constitutes a frantic abuse of the Ex Parte process and is barred by the doctrine of Laches, Res Judicata, and prior constitutional violations:

1. SEIZED WITHOUT DUE PROCESS (4th Amendment Violation):
The City alleges an "emergency" exists, yet you seized the property on November 9, 2023 without a warrant or court order.
You have physically excluded the owners for 790 days in direct violation of our constitutional rights.
The "status quo" has remained unchanged and under government seal for over two years.
Waiting 26 months to act, and then claiming a sudden "emergency" exists the very next day after receiving a litigation threat, is a transparent fabrication. There is no exigency.

2. MATERIAL FALSEHOOD (Evidence Proves NO Active Lab):
Your application alleges the property is an "active" nuisance. This is contradicted by the very evidence you rely on. The Hazmat Report (Incident #23-3139060) explicitly states that federal agents "did not notice any active lab processes."
This report was intended to exonerate the property, not condemn it.
The field samples referenced were inconsistent and false positives, which is why the associated criminal case was dismissed.
Presenting this report as proof of an "active lab" when it specifically documents the absence of one is a violation of candor to the Tribunal.

3. RETALIATORY EVICTION & MALICE:
The timing of this filing proves First Amendment Retaliation. You took no action for over two years. Yesterday, you received our Notice of Tort Claim and Demand to Cease Enforcement. Less than 24 hours later, you filed for a Receivership.
Despite having taken an oath to defend the Constitution, the City chose to attempt this bad-faith Ex Parte application immediately after we provided actionable proof that exculpatory evidence exists.
The City is weaponizing the Ex Parte process to punish us for exercising our right to petition the government.

4. VOID ORDER (Impossibility of Performance):
The underlying "Notice to Abate" is void ab initio. It was signed by you in December 2025 but commanded compliance by January 2, 2025—a date 11 months in the past. The Court cannot appoint a Receiver to enforce an order that demanded "time travel" and was impossible to perform.

5. SELECTIVE ENFORCEMENT (78 N Buena Vista):
The City is engaging in arbitrary enforcement. The adjacent property (78 N Buena Vista Ave) is a separate independent structure that also tested positive for contamination. Despite knowing this, the City has taken zero enforcement action against that property while seeking the most extreme remedy against ours.
We will appear at the hearing to expose these defects and request immediate sanctions.
Governed accordingly,

Nicholas Christian
Dr. Cheryl Lam

On Wed, Jan 7, 2026, 8:20 AM Odekirk, Hannah
<Hannah.Odekirk@sanjoseca.gov<mailto:Hannah.Odekirk@sanjoseca.gov>> wrote:
Good Morning, Mr. Christian and Dr. Lam,

Thank you for your detailed response below. I have removed Nora Frimann from this email chain as she is no longer with our office.

I write to provide notice that the City of San Jose will file an Ex Parte Application for Temporary Restraining Order, Order to Show Cause Regarding why a Preliminary Injunction should

not be issued, and Appointment of a Receiver tomorrow, January 8th, with the Superior Court of California, County of Santa Clara.

The City will request that the Court enjoin you both, and any agents, servants, employees, representatives, persons acting in concert or participating with you, from (1) maintaining 72 N Buena Vista, San Jose, CA 95126<https://www.google.com/maps/search/72+N+Buena+Vista,+San+Jose,+CA%0D%0A+95126?entry=gmail&source=g>, in violation of state and local building laws as a public nuisance which is a threat to the health, safety, and welfare of the public, and (2) from entering or otherwise accessing the property in violation of City of San Jose Code Enforcement's condemnation dated November 9, 2023, or in violation of County of Santa Clara's Methamphetamine Contaminated Property Cleanup Order.

Please advise whether either of you intend to oppose this petition.

My best,

Hannah Odekirk

Hannah Odekirk | Deputy City Attorney
Office of the City Attorney | City of San José
200 East Santa Clara Street<https://www.google.com/maps/search/200+East+Santa+Clara+Street?entry=gmail&source=g>, 16th Floor | San José, CA 95113-1905
Direct: (408) 975-1484 | Main: (408) 535-1900 | Fax: (408) 998-3131
Pronouns: she/her/hers – why pronouns matter<https://www.forbes.com/sites/juliekratz/2024/02/07/why-pronouns-are-important-and-how-they-should-be-used/>

[https://mail.google.com/mail/?ui=2&ik=40b832465b&attid=0.2&th=19b9aff1f4c8d3ef&view=fimg&fur=ip&rm=19b9aff1f4c8d3ef&sz=w1600-h1000&attbid=ANGjdJ-ZOrCX2ThGF3v8KAZE8FeUz7i646ggt1M8IVtWlFrHK2MLrYG55bpR6Iqtfcax3Vtz1dSyoBfKFbmuqRTfJ5Q6ZX-IbfiOh4FvwGQo-YGN337HFVhI4kfyky4&disp=emb&realattid&zw]
________________________________________________________

NOTICE TO RECIPIENT: This communication is intended only for the person to whom it is addressed, and may be protected by law. If you receive this in error, any review, use, dissemination, distribution, or copying is strictly prohibited. Please notify us immediately of the error and delete this communication and any attached documents from your system Thank you for your cooperation.

From: nicholas christian <christian.nicholask@gmail.com<mailto:christian.nicholask@gmail.com>>
Sent: Monday, January 5, 2026 5:56 PM
To: Odekirk, Hannah <Hannah.Odekirk@sanjoseca.gov<mailto:Hannah.Odekirk@sanjoseca.gov>>
Cc: Frimann, Nora <Nora.Frimann@sanjoseca.gov<mailto:Nora.Frimann@sanjoseca.gov>>; Cheryl Lam <cheryl16@gmail.com<mailto:cheryl16@gmail.com>>
Subject: URGENT: NOTICE OF MATERIAL FALSEHOOD, LIBEL & CONSTITUTIONAL VIOLATIONS: Demand to Cease Enforcement at 72 N Buena Vista Ave<https://www.google.com/maps/search/72+N+Buena+Vista+Ave?entry=gmail&source=g>

[External Email. Do not open links or attachments from untrusted sources. Learn more<https://aka.ms/LearnAboutSenderIdentification>]

Ms. Odekirk

I attempted to contact you informally regarding this matter and, as usual, felt dismissed.

The Notice you served was void on its face due to sloppy drafting, specifically the arbitrary compliance deadline of January 2, 2025, a date during which your office was closed and you were unreachable until January 5th 2026. Furthermore, the inclusion of an incorrect email address for what I assume is a paralegal demonstrates a distinct lack of seriousness regarding this

situation on the part of your agency.

I hereby rescind my offer of an informal, off-the-record conversation. That offer was for your benefit, yet my efforts were ignored.

Given your new status, I do not necessarily blame you personally; however, I have taken the initiative to elevate this matter to the appropriate level of authority, given your refusal to acknowledge or respond to the valid questions raised in my previous emails. Under your Rules of Professional Conduct, those inquiries should have been addressed or escalated to a supervisor.

To that end, our official response follows below:

Counselors,

We are writing to formally notify you that the "Notice and Order to Abate Nuisance" signed by you on December 15, 2025, regarding the property at 72 N Buena Vista Ave, is legally void, factually fraudulent, and constitutes a violation of our constitutional rights.

As counsel for the City, you have an ethical duty under California Rule of Professional Conduct 1.13 to investigate the validity of the claims you are advancing. The facts below demonstrate that the enforcement action taken by your agency and your client is pretextual, retaliatory, and based on demonstrably false affidavits.

I. MATERIAL FALSEHOOD & JUDICIAL EXONERATION

On Page 2, Item 9 of your Order, you cite H&S § 11570, stating as a matter of fact that: "The Subject Property is being used for the purpose of unlawfully selling, serving, storing, keeping, manufacturing... specifically methamphetamine."

This statement is a physical impossibility and a legal fabrication.

Judicial Exoneration (No Convictions): You are attempting to enforce a Nuisance Order based on alleged criminal conduct that the Superior Court has already rejected. The arrest associated with the 2023 raid resulted in zero convictions. Charges for manufacturing were never filed, and possession charges were dismissed entirely due to a complete lack of evidence. By signing this Order, you are accusing us of criminal acts that the criminal justice system has already determined could not be proven.

False Allegation of "Current" Use: You have attested that a property which has been vacant, red-tagged, and under strict government control since December 2023 is currently operating as an active drug laboratory. This is factually impossible.

No Evidence of Sales or Trafficking: Your Order explicitly accuses us of "selling" and "serving" narcotics. The City possesses zero evidence to support this: no "controlled buys," no surveillance logs, no witness statements, and no seizure of distribution paraphernalia. You have cut-and-pasted criminal statutes into a civil order without a shred of proof.

II. BAD FAITH "CHARGE STACKING" & ABUSE OF PROCESS

The structure of your Order constitutes an Abuse of Process. You have cited five separate code sections (H&S § 11570, SJMC § 17.72.020, § 17.72.030, § 17.72.040, and Civil Code § 3479) to describe a single, non-existent condition.

The Intent: This "Charge Stacking," or the piling on of redundant allegations to artificially inflate the severity of a case, is a transparent bad-faith tactic designed to intimidate property owners and to hide the fact that the City lacks the single piece of evidence (a positive lab test) required to enforce any of these codes.

III. FIRST AMENDMENT RETALIATION & COERCIVE INTENT

The timing and severity of your December 15, 2025 Order constitutes First Amendment Retaliation

with coercive intent.

Causal Link: We exercised our First Amendment right to petition the government by filing CPRA requests into the dealings of this situation as they relate to the City Of San Jose. Which have been in violation of basically every rule pertaining to release of records. Immediately following these requests, the City escalated enforcement by issuing a new Nuisance Order based on stale, two-year-old data.

Improper Purpose: It is evident that the intent of this escalation is to force our acquiescence to the City's prior unconstitutional acts and to evade liability for the damages already accrued. The City appears to be doubling down on false charges to create leverage, hoping to force a surrender that would shield the agency from the inevitable consequences of its two-year illegal seizure.

IV. DEFAMATION AND LIBEL PER SE (Civil Code § 45)

The issuance and distribution of this Order constitutes Libel Per Se.

False Accusation of a Crime: Your Order falsely accuses the owners of the felony acts of manufacturing and selling controlled substances, despite the fact that all charges regarding this matter were dismissed for lack of evidence.

Publication to Third Parties: You have published these false statements to third parties, specifically Caliber Home Loans.

Damages: Sending a false official notice to a mortgage lender claiming the collateral property is an active drug lab places our financing in jeopardy and causes immediate, severe damage to our creditworthiness.

V. SELECTIVE ENFORCEMENT & PHYSICAL IMPOSSIBILITY (Equal Protection)

The City is engaging in discriminatory enforcement in violation of the Equal Protection Clause (Village of Willowbrook v. Olech, 528 U.S. 562).

The Neighbor (78 N Buena Vista): The City possesses data confirming the adjacent property tested positive for methamphetamine. You have taken no enforcement action against it.

Our Property (72 N Buena Vista): Our property shares no utilities or ventilation with the adjacent unit and is separated by two (2) independent one-hour fire-rated party walls with a 6-inch fire break.

Conclusion: Targeting a non-contaminated property while ignoring the confirmed source in the adjacent unit proves that this enforcement is arbitrary, capricious, and motivated by bad faith.

VI. FOURTH AMENDMENT VIOLATION (Unreasonable Seizure)

The City’s continued exclusion of the owners from the property constitutes an Unreasonable Seizure in violation of the Fourth Amendment. Since the initial allegation of a laboratory was fabricated and rejected by the courts, the continued two-year seizure of the home is constitutionally invalid, and we are entitled to damages for loss of use.

VII. CONSPIRACY TO INTERFERE WITH CIVIL RIGHTS (42 U.S.C. § 1985)

The coordinated actions between City Code Enforcement and County DEH, specifically the cross-agency enforcement of a void order without independent verification, constitute a conspiracy to deprive us of our property rights under 42 U.S.C. § 1985.

DEMAND FOR REMEDY

You are now on notice that the factual basis for your Order is false.

Be advised that we will be pursuing all applicable legal remedies for the damages already inflicted by your agency, your client, and all those acting in your client's name, including claims for defamation, conspiracy, and deprivation of civil rights under 42 U.S.C. § 1983.

To prevent further liability, we demand that the City of San Jose take the following actions within three (3) business days of this notice:

Rescind the Notice and Order to Abate Nuisance dated December 15, 2025, and notify all third parties (including Caliber Home Loans) of the rescission.

Cease and Desist all enforcement activities against 72 N Buena Vista Ave.

Provide Written Confirmation that the Order has been withdrawn.

Failure to respond by Thursday, January 8, 2026, will be interpreted as a final refusal to cure these violations, and we will proceed with immediate filings of all legal remedies afforded to us by law.

Should you require this in writing or have any questions please advise I'll personally deliver it and/or address your concerns.

Governed accordingly,

Nicholas Christian

Dr. Cheryl Lam

72 N Buena Vista Ave, San Jose, CA
95126<https://www.google.com/maps/search/72+N+Buena+Vista+Ave,+San+Jose,+CA+95126?entry=gmail&source=g>

On Mon, Jan 5, 2026, 11:13 AM Odekirk, Hannah
<Hannah.Odekirk@sanjoseca.gov<mailto:Hannah.Odekirk@sanjoseca.gov>> wrote:
Hi Mr. Christian,

I would be happy to set up a phone call with you. Would tomorrow at 10AM work?

I would be happy to give you a call at the number you provided below, but if you are concerned about your phone screening my call you could call me at my office number – 408-975-1484.

My best,

Hannah

Hannah Odekirk | Deputy City Attorney
Office of the City Attorney | City of San José
200 East Santa Clara Street<https://www.google.com/maps/search/200+East+Santa+Clara+Street?entry=gmail&source=g>, 16th Floor | San José, CA 95113-1905
Direct: (408) 975-1484 | Main: (408) 535-1900 | Fax: (408) 998-3131
Pronouns: she/her/hers – why pronouns matter<https://www.forbes.com/sites/juliekratz/2024/02/07/why-pronouns-are-important-and-how-they-should-be-used/>

[https://mail.google.com/mail/?ui=2&ik=40b832465b&attid=0.2&th=19b9070626348d52&view=fimg&fur=ip&rm=19b9070626348d52&sz=w1600-h1000&attbid=ANGjdJ-T1PLwS2vRlBKRKc37dNHthOQv6usFaGtcJfYbq-Oi6jbCXVfuVhp764UiIAQd2rSLwMuvALP6mKV7IAxJU4DQ9iAh4aRFmTLFwqQamTcwXVdkfrI_SxmFrnU&disp=emb&realattid&zw]
________________________________________________________________

NOTICE TO RECIPIENT: This communication is intended only for the person to whom it is

addressed, and may be protected by law. If you receive this in error, any review, use, dissemination, distribution, or copying is strictly prohibited. Please notify us immediately of the error and delete this communication and any attached documents from your system Thank you for your cooperation.

From: nicholas christian <christian.nicholask@gmail.com<mailto:christian.nicholask@gmail.com>>
Sent: Tuesday, December 23, 2025 4:47 PM
To: Odekirk, Hannah <Hannah.Odekirk@sanjoseca.gov<mailto:Hannah.Odekirk@sanjoseca.gov>>
Subject: Re: Subject: Clarification of Authority, Referral, and Judicial Posture – 72 N Buena Vista Ave

[External Email. Do not open links or attachments from untrusted sources. Learn more<https://aka.ms/LearnAboutSenderIdentification>]

Before I respond to this email—

If you want to call me, I think that's in your interest and in the interest of the entities you represent. This can occur in any forum you deem appropriate; a phone call is fine. Please coordinate via email or text as my phone aggressively screens calls.

If you think a conversation would go nowhere, I can respond without further delay.

Nicholas Christian

408 940 2424

On Tue, Dec 23, 2025, 3:03 PM Odekirk, Hannah <Hannah.Odekirk@sanjoseca.gov<mailto:Hannah.Odekirk@sanjoseca.gov>> wrote:
Mr. Christian,

Thank you for reaching out regarding the status of 72 N Buena Vista Ave<https://www.google.com/maps/search/72+N+Buena+Vista+Ave?entry=gmail&source=g>.

My office has not filed an action in Santa Clara County Superior Court. The City is investigating the matter.

Do you intend to comply with the Notice and Order to Abate, and/or with the Order from County DEH?

I have no information regarding any CPRA request you referenced, as it is not being handled by the City Attorney's Office.

My best,

Hannah

Hannah Odekirk | Deputy City Attorney
Office of the City Attorney | City of San José
200 East Santa Clara Street<https://www.google.com/maps/search/200+East+Santa+Clara+Street?entry=gmail&source=g>, 16th Floor | San José, CA 95113-1905
Direct: (408) 975-1484 | Main: (408) 535-1900 | Fax: (408) 998-3131
Pronouns: she/her/hers – why pronouns matter<https://www.forbes.com/sites/juliekratz/2024/02/07/why-pronouns-are-important-and-how-they-should-be-used/>

[https://mail.google.com/mail/?ui=2&ik=40b832465b&attid=0.2&th=19b4db0d5be40b28&view=fimg&fur=ip&rm=19b4db0d5be40b28&sz=w1600-h1000&attbid=ANGjdJ_Vyvvn75tlWNPcw6LzqMbzb2OGFg73tKwfl7QbAQi35J6IedqHP6-tNeWVN99RHJo-J74cRuyf_iiPT76t8k7gOLfHRBVUphTmZAdHTs8zCiNBqq80V58w7U&disp=emb&realattid&zw]

________________________________

NOTICE TO RECIPIENT: This communication is intended only for the person to whom it is addressed, and may be protected by law. If you receive this in error, any review, use, dissemination, distribution, or copying is strictly prohibited. Please notify us immediately of the error and delete this communication and any attached documents from your system Thank you for your cooperation.

From: nicholas christian <christian.nicholask@gmail.com<mailto:christian.nicholask@gmail.com>>
Sent: Tuesday, December 16, 2025 12:00 PM
To: CAO Main <cao.main@sanjoseca.gov<mailto:cao.main@sanjoseca.gov>>
Subject: Subject: Clarification of Authority, Referral, and Judicial Posture – 72 N Buena Vista Ave<https://www.google.com/maps/search/72+N+Buena+Vista+Ave?entry=gmail&source=g>

Counsel,

We are attempting to understand the current procedural posture of the City’s actions regarding 72 N Buena Vista Ave<https://www.google.com/maps/search/72+N+Buena+Vista+Ave?entry=gmail&source=g>.

Please confirm the following:

1. Whether the City Attorney has filed any action in Santa Clara County Superior Court concerning this property, and if so, the case number and assigned judge.

2. Whether the City is acting pursuant to an independent City inspection and findings, or solely based on a County DEH “referral.”

3. The statutory authority the City relies on to post public condemnation or restriction notices affecting use and occupancy absent a court order.

4. The basis for publicly posting statements alleging narcotics-related nuisance, including whether those statements are supported by current findings attributable to this property.

5. The status of our pending CPRA requests seeking the records underlying the City’s actions, which remain unproduced after more than three months.

We are requesting clarification so we can determine the appropriate procedural response.

Regards,

Nicholas Christian

This message is from outside the City email system. Do not open links or attachments from untrusted sources.

This message is from outside the City email system. Do not open links or attachments from untrusted sources.

This message is from outside the City email system. Do not open links or attachments from untrusted sources.

This message is from outside the City email system. Do not open links or attachments from untrusted sources.

Gmail message id: 19ba5fcf08f2992f
Date: 2026-01-10T03:39:34Z
From: christian.nicholask@gmail.com
To: Hannah.Odekirk@sanjoseca.gov
Cc: cheryl16@gmail.com, city.clerk@sanjoseca.gov
Subject: Re: URGENT: NOTICE OF MATERIAL FALSEHOOD, LIBEL & CONSTITUTIONAL VIOLATIONS: Demand to Cease Enforcement at 72 N Buena Vista Ave

Please provide the envelope number.

On Fri, Jan 9, 2026, 3:54 PM Odekirk, Hannah
<Hannah.Odekirk@sanjoseca.gov>
wrote:

> Good afternoon, Mr. Christian and Dr. Lam,
>
>
>
> As stated in the email including the documents, the documents provided to
> you are courtesy copies of the documents filed yesterday by the City. We
> have not received the stamped versions back from the Court, nor have we
> received a docket number or hearing date from the Court. When the Court
> provides us a docket number, hearing date, and stamped versions of the
> documents, we will electronically serve that on you per your request.
>
>
>
> My best,
>
>
>
> Hannah
>
>
>
>
>

> *Hannah Odekirk | Deputy City Attorney*
>
> Office of the City Attorney | City of San José
>
> 200 East Santa Clara Street
> <https://www.google.com/maps/search/200+East+Santa+Clara+Street?
entry=gmail&source=g>,
> 16th Floor | San José, CA 95113-1905
>
> Direct: (408) 975-1484 | Main: (408) 535-1900 | Fax: (408) 998-3131
>
> Pronouns: she/her/hers – why pronouns matter
> <https://www.forbes.com/sites/juliekratz/2024/02/07/why-pronouns-
are-important-and-how-they-should-be-used/>
>
>
>
> ________________________________________________________________
>
>
>
> *NOTICE TO RECIPIENT*: This communication is intended *only *for the
> person to whom it is addressed, and may be protected by law. If you
receive
> this in error, any review, use, dissemination, distribution, or
copying is
> strictly prohibited. Please notify us immediately of the error and
delete
> this communication and any attached documents from your system Thank
you
> for your cooperation.
>
>
>
>
>
>
>
> *From:* nicholas christian <christian.nicholask@gmail.com>
> *Sent:* Friday, January 9, 2026 10:19 AM
> *To:* Odekirk, Hannah <Hannah.Odekirk@sanjoseca.gov>
> *Cc:* Cheryl Lam <cheryl16@gmail.com>; City Clerk <
> city.clerk@sanjoseca.gov>
> *Subject:* Re: URGENT: NOTICE OF MATERIAL FALSEHOOD, LIBEL &
> CONSTITUTIONAL VIOLATIONS: Demand to Cease Enforcement at 72 N Buena
Vista
> Ave

>
>
>
>
>
>
>
> [*External Email*. Do not open links or attachments from untrusted
> sources. Learn more <https://aka.ms/LearnAboutSenderIdentification>]
>
>
>
>
>
> Ms. Odekirk,
>
>
>
> You served us with an unfiled draft of an Ex Parte Application
without a
> Case Number. You stated in your email of January 7 that you would
inform us
> as soon as you had a court date. You have failed to do so.
>
> It is a violation of Due Process to file an action against a
defendant
> while withholding the Case Number required for them to file a
response.
> Your failure to provide this number is actively prejudicing our
ability to
> oppose your petition.
>
>
>
> Request you confirm that the files sent earlier were actually filed
as
> they were written and provide an envelope number or case number so
that we
> can oppose.
>
>
>
>
>
>
>
>

>
>
>
> On Wed, Jan 7, 2026, 4:57 PM Odekirk, Hannah
<Hannah.Odekirk@sanjoseca.gov>
> wrote:
>
> Good afternoon, Dr. Lam and Mr. Christian,
>
>
>
> Thank you for informing me of your intent to oppose the City's
> application.
>
>
>
> To clarify, the City is filing the matter tomorrow (1/8), so we do not yet
> have a court date. As soon as we do have a court date, I will inform you.
>
> That being said, I would be happy to electronically serve you with our
> moving papers. Shortly I will send you each a Consent to Electronic Service
> PDF for your signatures, to confirm you consent to electronic service.
> Please sign and return at your earliest convenience.
>
>
>
> My best,
>
>
>
> Hannah
>
>
>
> *Hannah Odekirk | Deputy City Attorney*
>
> Office of the City Attorney | City of San José
>
> 200 East Santa Clara Street
> <https://www.google.com/maps/search/200+East+Santa+Clara+Street?entry=gmail&source=g>,
> 16th Floor | San José, CA 95113-1905

>
> Direct: (408) 975-1484 | Main: (408) 535-1900 | Fax: (408) 998-3131
>
> Pronouns: she/her/hers – why pronouns matter
> <https://www.forbes.com/sites/juliekratz/2024/02/07/why-pronouns-are-important-and-how-they-should-be-used/>
>
>
>
> ___________________________________________________________
>
>
>
> *NOTICE TO RECIPIENT*: This communication is intended *only *for the
> person to whom it is addressed, and may be protected by law. If you
receive
> this in error, any review, use, dissemination, distribution, or
copying is
> strictly prohibited. Please notify us immediately of the error and
delete
> this communication and any attached documents from your system Thank
you
> for your cooperation.
>
>
>
>
>
>
>
> *From:* nicholas christian <christian.nicholask@gmail.com>
> *Sent:* Wednesday, January 7, 2026 4:31 PM
> *To:* Odekirk, Hannah <Hannah.Odekirk@sanjoseca.gov>
> *Cc:* Cheryl Lam <cheryl16@gmail.com>; City Clerk <
> city.clerk@sanjoseca.gov>
> *Subject:* Re: URGENT: NOTICE OF MATERIAL FALSEHOOD, LIBEL &
> CONSTITUTIONAL VIOLATIONS: Demand to Cease Enforcement at 72 N Buena
> Vista Ave
> <https://www.google.com/maps/search/72+N+Buena+Vista+Ave?entry=gmail&source=g>
>
>
>
>
>
>
>

> [*External Email*. Do not open links or attachments from untrusted
> sources. Learn more <https://aka.ms/LearnAboutSenderIdentification>]
>
>
>
> I don't quite understand why you want to ride this fafo train....
but
> ok.
>
>
>
> 7
>
> Counselor.
>
>
>
> WE INTEND TO VIGOROUSLY OPPOSE THIS PETITION.
>
> Let this email serve as formal notice that Claimants Nicholas
Christian
> and Dr. Cheryl Lam OPPOSE the City's Ex Parte Application for
Appointment
> of a Receiver.
>
> DEMAND FOR NOTICE:
>
>
>
> Pursuant to California Rules of Court, Rules 3.1203 and 3.1204, we
demand:
>
>
>
> The Time and Department for the hearing tomorrow, January 8th.
>
>
>
> Immediate Electronic Service of all moving papers to this email
address.
>
>
>
> BASIS FOR OPPOSITION & REQUEST FOR DISMISSAL:
>
>
>

> The City’s application constitutes a frantic abuse of the Ex Parte process
> and is barred by the doctrine of Laches, Res Judicata, and prior
> constitutional violations:
>
>
>
> 1. SEIZED WITHOUT DUE PROCESS (4th Amendment Violation):
>
> The City alleges an "emergency" exists, yet you seized the property on
> November 9, 2023 without a warrant or court order.
>
> You have physically excluded the owners for 790 days in direct violation
> of our constitutional rights.
>
> The "status quo" has remained unchanged and under government seal for
> over two years.
>
> Waiting 26 months to act, and then claiming a sudden "emergency" exists
> the very next day after receiving a litigation threat, is a transparent
> fabrication. There is no exigency.
>
>
>
> 2. MATERIAL FALSEHOOD (Evidence Proves NO Active Lab):
>
> Your application alleges the property is an "active" nuisance. This is
> contradicted by the very evidence you rely on. The Hazmat Report (Incident
> #23-3139060) explicitly states that federal agents "did not notice any
> active lab processes."
>
> This report was intended to exonerate the property, not condemn it.
>
> The field samples referenced were inconsistent and false positives,
> which is why the associated criminal case was dismissed.
>
> Presenting this report as proof of an "active lab" when it specifically
> documents the absence of one is a violation of candor to the

Tribunal.
>
>
>
> 3. RETALIATORY EVICTION & MALICE:
>
> The timing of this filing proves First Amendment Retaliation. You took no
> action for over two years. Yesterday, you received our Notice of Tort Claim
> and Demand to Cease Enforcement. Less than 24 hours later, you filed for a
> Receivership.
>
> Despite having taken an oath to defend the Constitution, the City chose
> to attempt this bad-faith Ex Parte application immediately after we
> provided actionable proof that exculpatory evidence exists.
>
> The City is weaponizing the Ex Parte process to punish us for exercising
> our right to petition the government.
>
>
>
> 4. VOID ORDER (Impossibility of Performance):
>
> The underlying "Notice to Abate" is void ab initio. It was signed by you
> in December 2025 but commanded compliance by January 2, 2025—a date 11
> months in the past. The Court cannot appoint a Receiver to enforce an order
> that demanded "time travel" and was impossible to perform.
>
>
>
> 5. SELECTIVE ENFORCEMENT (78 N Buena Vista):
>
> The City is engaging in arbitrary enforcement. The adjacent property (78 N
> Buena Vista Ave) is a separate independent structure that also tested
> positive for contamination. Despite knowing this, the City has taken zero
> enforcement action against that property while seeking the most extreme

> remedy against ours.
>
> We will appear at the hearing to expose these defects and request
> immediate sanctions.
>
> Governed accordingly,
>
>
>
>
>
> Nicholas Christian
>
> Dr. Cheryl Lam
>
>
>
>
>
>
>
>
>
>
>
>
>
> On Wed, Jan 7, 2026, 8:20 AM Odekirk, Hannah
<Hannah.Odekirk@sanjoseca.gov>
> wrote:
>
> Good Morning, Mr. Christian and Dr. Lam,
>
>
>
> Thank you for your detailed response below. I have removed Nora
Frimann
> from this email chain as she is no longer with our office.
>
>
>
> I write to provide notice that the City of San Jose will file an Ex
> Parte Application for Temporary Restraining Order, Order to Show
Cause
> Regarding why a Preliminary Injunction should not be issued, and
> Appointment of a Receiver tomorrow, January 8th, with the Superior
Court

> of California, County of Santa Clara.
>
>
>
> The City will request that the Court enjoin you both, and any
agents,
> servants, employees, representatives, persons acting in concert or
> participating with you, from (1) maintaining 72 N Buena Vista, San
Jose,
> CA 95126
>
<https://www.google.com/maps/search/72+N+Buena+Vista,+San+Jose,+CA%0D%0A+95126?entry=gmail&source=g>,
> in violation of state and local building laws as a public nuisance
which is
> a threat to the health, safety, and welfare of the public, and (2)
from
> entering or otherwise accessing the property in violation of City of
San
> Jose Code Enforcement’s condemnation dated November 9, 2023, or in
> violation of County of Santa Clara’s Methamphetamine Contaminated
Property
> Cleanup Order.
>
>
>
> Please advise whether either of you intend to oppose this petition.
>
>
>
> My best,
>
>
>
> Hannah Odekirk
>
>
>
>
>
> *Hannah Odekirk | Deputy City Attorney*
>
> Office of the City Attorney | City of San José
>
> 200 East Santa Clara Street
> <https://www.google.com/maps/search/200+East+Santa+Clara+Street?entry=gmail&source=g>,

> 16th Floor | San José, CA 95113-1905
>
> Direct: (408) 975-1484 | Main: (408) 535-1900 | Fax: (408) 998-3131
>
> Pronouns: she/her/hers – why pronouns matter
> <https://www.forbes.com/sites/juliekratz/2024/02/07/why-pronouns-are-important-and-how-they-should-be-used/>
>
>
>
> ________________________________________________________________
>
>
>
> *NOTICE TO RECIPIENT*: This communication is intended *only *for the
> person to whom it is addressed, and may be protected by law. If you receive
> this in error, any review, use, dissemination, distribution, or copying is
> strictly prohibited. Please notify us immediately of the error and delete
> this communication and any attached documents from your system Thank you
> for your cooperation.
>
>
>
>
>
>
>
> *From:* nicholas christian <christian.nicholask@gmail.com>
> *Sent:* Monday, January 5, 2026 5:56 PM
> *To:* Odekirk, Hannah <Hannah.Odekirk@sanjoseca.gov>
> *Cc:* Frimann, Nora <Nora.Frimann@sanjoseca.gov>; Cheryl Lam <
> cheryl16@gmail.com>
> *Subject:* URGENT: NOTICE OF MATERIAL FALSEHOOD, LIBEL & CONSTITUTIONAL
> VIOLATIONS: Demand to Cease Enforcement at 72 N Buena Vista Ave
> <https://www.google.com/maps/search/72+N+Buena+Vista+Ave?entry=gmail&source=g>
>
>
>
>
>
>

>
> [*External Email*. Do not open links or attachments from untrusted
> sources. Learn more <https://aka.ms/LearnAboutSenderIdentification>]
>
>
>
> *Ms. Odekirk *
>
> I attempted to contact you informally regarding this matter and, as
> usual, felt dismissed.
>
> The Notice you served was void on its face due to sloppy drafting,
> specifically the arbitrary compliance deadline of January 2, 2025, a
date
> during which your office was closed and you were unreachable until
January
> 5th 2026. Furthermore, the inclusion of an incorrect email address
for what
> I assume is a paralegal demonstrates a distinct lack of seriousness
> regarding this situation on the part of your agency.
>
> I hereby rescind my offer of an informal, off-the-record
conversation.
> That offer was for your benefit, yet my efforts were ignored.
>
> Given your new status, I do not necessarily blame you personally;
> however, I have taken the initiative to elevate this matter to the
> appropriate level of authority, given your refusal to acknowledge or
> respond to the valid questions raised in my previous emails. Under
your
> Rules of Professional Conduct, those inquiries should have been
addressed
> or escalated to a supervisor.
>
> To that end, our official response follows below:
>
> Counselors,
>
> We are writing to formally notify you that the "Notice and Order to
Abate
> Nuisance" signed by you on December 15, 2025, regarding the property
at 72
> N Buena Vista Ave
> <https://www.google.com/maps/search/72+N+Buena+Vista+Ave?
entry=gmail&source=g>,
> is legally void, factually fraudulent, and constitutes a violation
of our

> constitutional rights.
>
> As counsel for the City, you have an ethical duty under California Rule
> of Professional Conduct 1.13 to investigate the validity of the claims you
> are advancing. The facts below demonstrate that the enforcement action
> taken by your agency and your client is pretextual, retaliatory, and based
> on demonstrably false affidavits.
>
> I. MATERIAL FALSEHOOD & JUDICIAL EXONERATION
>
> On Page 2, Item 9 of your Order, you cite H&S § 11570, stating as a
> matter of fact that: "The Subject Property is being used for the purpose of
> unlawfully selling, serving, storing, keeping, manufacturing...
> specifically methamphetamine."
>
> This statement is a physical impossibility and a legal fabrication.
>
> Judicial Exoneration (No Convictions): You are attempting to enforce a
> Nuisance Order based on alleged criminal conduct that the Superior Court
> has already rejected. The arrest associated with the 2023 raid resulted in
> zero convictions. Charges for manufacturing were never filed, and
> possession charges were dismissed entirely due to a complete lack of
> evidence. By signing this Order, you are accusing us of criminal acts that
> the criminal justice system has already determined could not be proven.
>
> False Allegation of "Current" Use: You have attested that a property
> which has been vacant, red-tagged, and under strict government control
> since December 2023 is currently operating as an active drug laboratory.
> This is factually impossible.
>
> No Evidence of Sales or Trafficking: Your Order explicitly accuses us of
> "selling" and "serving" narcotics. The City possesses zero evidence to
> support this: no "controlled buys," no surveillance logs, no witness

> statements, and no seizure of distribution paraphernalia. You have
> cut-and-pasted criminal statutes into a civil order without a shred of
> proof.
>
> II. BAD FAITH "CHARGE STACKING" & ABUSE OF PROCESS
>
> The structure of your Order constitutes an Abuse of Process. You have
> cited five separate code sections (H&S § 11570, SJMC § 17.72.020, §
> 17.72.030, § 17.72.040, and Civil Code § 3479) to describe a single,
> non-existent condition.
>
> The Intent: This "Charge Stacking," or the piling on of redundant
> allegations to artificially inflate the severity of a case, is a
> transparent bad-faith tactic designed to intimidate property owners and to
> hide the fact that the City lacks the single piece of evidence (a positive
> lab test) required to enforce any of these codes.
>
> III. FIRST AMENDMENT RETALIATION & COERCIVE INTENT
>
> The timing and severity of your December 15, 2025 Order constitutes
> First Amendment Retaliation with coercive intent.
>
> Causal Link: We exercised our First Amendment right to petition the
> government by filing CPRA requests into the dealings of this situation as
> they relate to the City Of San Jose. Which have been in violation of
> basically every rule pertaining to release of records. Immediately
> following these requests, the City escalated enforcement by issuing a new
> Nuisance Order based on stale, two-year-old data.
>
> Improper Purpose: It is evident that the intent of this escalation is to
> force our acquiescence to the City's prior unconstitutional acts and to
> evade liability for the damages already accrued. The City appears to be
> doubling down on false charges to create leverage, hoping to force a
> surrender that would shield the agency from the inevitable consequences of
> its two-year illegal seizure.
>
> IV. DEFAMATION AND LIBEL PER SE (Civil Code § 45)

>
> The issuance and distribution of this Order constitutes Libel Per Se.
>
> False Accusation of a Crime: Your Order falsely accuses the owners of
> the felony acts of manufacturing and selling controlled substances, despite
> the fact that all charges regarding this matter were dismissed for lack of
> evidence.
>
> Publication to Third Parties: You have published these false statements
> to third parties, specifically Caliber Home Loans.
>
> Damages: Sending a false official notice to a mortgage lender claiming
> the collateral property is an active drug lab places our financing in
> jeopardy and causes immediate, severe damage to our creditworthiness.
>
> V. SELECTIVE ENFORCEMENT & PHYSICAL IMPOSSIBILITY (Equal Protection)
>
> The City is engaging in discriminatory enforcement in violation of the
> Equal Protection Clause (Village of Willowbrook v. Olech, 528 U.S. 562).
>
> The Neighbor (78 N Buena Vista): The City possesses data confirming the
> adjacent property tested positive for methamphetamine. You have taken no
> enforcement action against it.
>
> Our Property (72 N Buena Vista): Our property shares no utilities or
> ventilation with the adjacent unit and is separated by two (2) independent
> one-hour fire-rated party walls with a 6-inch fire break.
>
> Conclusion: Targeting a non-contaminated property while ignoring the
> confirmed source in the adjacent unit proves that this enforcement is
> arbitrary, capricious, and motivated by bad faith.
>
> VI. FOURTH AMENDMENT VIOLATION (Unreasonable Seizure)

>
> The City's continued exclusion of the owners from the property
> constitutes an Unreasonable Seizure in violation of the Fourth
Amendment.
> Since the initial allegation of a laboratory was fabricated and
rejected by
> the courts, the continued two-year seizure of the home is
constitutionally
> invalid, and we are entitled to damages for loss of use.
>
> VII. CONSPIRACY TO INTERFERE WITH CIVIL RIGHTS (42 U.S.C. § 1985)
>
> The coordinated actions between City Code Enforcement and County
DEH,
> specifically the cross-agency enforcement of a void order without
> independent verification, constitute a conspiracy to deprive us of
our
> property rights under 42 U.S.C. § 1985.
>
> DEMAND FOR REMEDY
>
> You are now on notice that the factual basis for your Order is
false.
>
> Be advised that we will be pursuing all applicable legal remedies
for
> the damages already inflicted by your agency, your client, and all
those
> acting in your client's name, including claims for defamation,
conspiracy,
> and deprivation of civil rights under 42 U.S.C. § 1983.
>
> To prevent further liability, we demand that the City of San Jose
take
> the following actions within three (3) business days of this notice:
>
> Rescind the Notice and Order to Abate Nuisance dated December 15,
2025,
> and notify all third parties (including Caliber Home Loans) of the
> rescission.
>
> Cease and Desist all enforcement activities against 72 N Buena Vista
Ave.
>
> Provide Written Confirmation that the Order has been withdrawn.
>
> Failure to respond by Thursday, January 8, 2026, will be interpreted

as
> a final refusal to cure these violations, and we will proceed with
> immediate filings of all legal remedies afforded to us by law.
>
> Should you require this in writing or have any questions please
advise
> I'll personally deliver it and/or address your concerns.
>
> Governed accordingly,
>
> Nicholas Christian
>
> Dr. Cheryl Lam
>
> 72 N Buena Vista Ave, San Jose, CA 95126
>
<https://www.google.com/maps/search/72+N+Buena+Vista+Ave,+San+Jose,+CA+95126?entry=gmail&source=g>
>
>
>
> On Mon, Jan 5, 2026, 11:13 AM Odekirk, Hannah <
> Hannah.Odekirk@sanjoseca.gov> wrote:
>
> Hi Mr. Christian,
>
>
>
> I would be happy to set up a phone call with you. Would tomorrow at
10AM
> work?
>
>
>
> I would be happy to give you a call at the number you provided
below, but
> if you are concerned about your phone screening my call you could
call me
> at my office number – 408-975-1484.
>
>
>
> My best,
>
>
>
> Hannah

>
>
>
>
>
> *Hannah Odekirk | Deputy City Attorney*
>
> Office of the City Attorney | City of San José
>
> 200 East Santa Clara Street
> <https://www.google.com/maps/search/200+East+Santa+Clara+Street?entry=gmail&source=g>,
> 16th Floor | San José, CA 95113-1905
>
> Direct: (408) 975-1484 | Main: (408) 535-1900 | Fax: (408) 998-3131
>
> Pronouns: she/her/hers – why pronouns matter
> <https://www.forbes.com/sites/juliekratz/2024/02/07/why-pronouns-are-important-and-how-they-should-be-used/>
>
>
>
> ___________________________________________________________
>
>
>
> *NOTICE TO RECIPIENT*: This communication is intended *only *for the
> person to whom it is addressed, and may be protected by law. If you receive
> this in error, any review, use, dissemination, distribution, or copying is
> strictly prohibited. Please notify us immediately of the error and delete
> this communication and any attached documents from your system Thank you
> for your cooperation.
>
>
>
>
>
>
>
> *From:* nicholas christian <christian.nicholask@gmail.com>
> *Sent:* Tuesday, December 23, 2025 4:47 PM
> *To:* Odekirk, Hannah <Hannah.Odekirk@sanjoseca.gov>
> *Subject:* Re: Subject: Clarification of Authority, Referral, and

> Judicial Posture – 72 N Buena Vista Ave
>
>
>
>
>
>
>
> [*External Email*. Do not open links or attachments from untrusted
> sources. Learn more <https://aka.ms/LearnAboutSenderIdentification>]
>
>
>
> Before I respond to this email—
>
>
>
> If you want to call me, I think that's in your interest and in the
> interest of the entities you represent. This can occur in any forum
you
> deem appropriate; a phone call is fine. Please coordinate via email
or
> text as my phone aggressively screens calls.
>
>
>
> If you think a conversation would go nowhere, I can respond without
> further delay.
>
>
>
> Nicholas Christian
>
>
>
> 408 940 2424
>
>
>
>
>
>
>
> On Tue, Dec 23, 2025, 3:03 PM Odekirk, Hannah <
> Hannah.Odekirk@sanjoseca.gov> wrote:
>
> Mr. Christian,

>
>
>
> Thank you for reaching out regarding the status of 72 N Buena Vista
Ave
> <https://www.google.com/maps/search/72+N+Buena+Vista+Ave?
entry=gmail&source=g>
> .
>
>
>
> My office has not filed an action in Santa Clara County Superior
Court.
> The City is investigating the matter.
>
>
>
> Do you intend to comply with the Notice and Order to Abate, and/or
with
> the Order from County DEH?
>
>
>
> I have no information regarding any CPRA request you referenced, as
it is
> not being handled by the City Attorney’s Office.
>
>
>
> My best,
>
>
>
> Hannah
>
>
>
> *Hannah Odekirk | Deputy City Attorney*
>
> Office of the City Attorney | City of San José
>
> 200 East Santa Clara Street
> <https://www.google.com/maps/search/200+East+Santa+Clara+Street?
entry=gmail&source=g>,
> 16th Floor | San José, CA 95113-1905
>
> Direct: (408) 975-1484 | Main: (408) 535-1900 | Fax: (408) 998-3131

>
> Pronouns: she/her/hers – why pronouns matter
> <https://www.forbes.com/sites/juliekratz/2024/02/07/why-pronouns-are-important-and-how-they-should-be-used/>
>
>
>
> ________________________________________________________________
>
>
>
> *NOTICE TO RECIPIENT*: This communication is intended *only *for the
> person to whom it is addressed, and may be protected by law. If you receive
> this in error, any review, use, dissemination, distribution, or copying is
> strictly prohibited. Please notify us immediately of the error and delete
> this communication and any attached documents from your system Thank you
> for your cooperation.
>
>
>
>
>
>
>
>
>
>
>
> *From:* nicholas christian <christian.nicholask@gmail.com>
> *Sent:* Tuesday, December 16, 2025 12:00 PM
> *To:* CAO Main <cao.main@sanjoseca.gov>
> *Subject:* Subject: Clarification of Authority, Referral, and Judicial
> Posture – 72 N Buena Vista Ave
> <https://www.google.com/maps/search/72+N+Buena+Vista+Ave?entry=gmail&source=g>
>
>
>
>
>
> Counsel,
>

>
>
> We are attempting to understand the current procedural posture of
the
> City's actions regarding 72 N Buena Vista Ave
> <https://www.google.com/maps/search/72+N+Buena+Vista+Ave?
entry=gmail&source=g>
> .
>
>
>
> Please confirm the following:
>
>
>
> 1. Whether the City Attorney has filed any action in Santa Clara
County
> Superior Court concerning this property, and if so, the case number
and
> assigned judge.
>
>
>
>
>
> 2. Whether the City is acting pursuant to an independent City
inspection
> and findings, or solely based on a County DEH "referral."
>
>
>
>
>
> 3. The statutory authority the City relies on to post public
condemnation
> or restriction notices affecting use and occupancy absent a court
order.
>
>
>
>
>
> 4. The basis for publicly posting statements alleging narcotics-
related
> nuisance, including whether those statements are supported by
current
> findings attributable to this property.

>
>
>
>
>
> 5. The status of our pending CPRA requests seeking the records underlying
> the City's actions, which remain unproduced after more than three months.
>
>
>
>
>
>
>
> We are requesting clarification so we can determine the appropriate
> procedural response.
>
>
>
> Regards,
>
>
>
> Nicholas Christian
>
>
>
>
>
>
>
> This message is from outside the City email system. Do not open links or
> attachments from untrusted sources.
>
>
>
>
>
>
>
> This message is from outside the City email system. Do not open links or
> attachments from untrusted sources.
>

>
>
>
>
>
>
> This message is from outside the City email system. Do not open links or
> attachments from untrusted sources.
>
>
>
>
>
>
>
> This message is from outside the City email system. Do not open links or
> attachments from untrusted sources.
>
>
>

---

Verbatim Gmail API capture, thread 19b90dfe6443fcc6 —
sha256:63109225144d4619fb5ad4887b64fae43321521727309142081d565e9d091897 — rendered 2026-08-12

# EXHIBIT 6

to the Declaration of Nicholas Christian in Support of
Plaintiffs' Opposition to City of San Jose Defendants'
Motion to Dismiss (Dkt. No. 19)

*Christian v. City of San Jose*, No. 5:26-cv-03708-EJD (N.D. Cal.)

SUSANA ALCALA WOOD, City Attorney (156366)
ARDELL JOHNSON, Assistant City Attorney (95340)
MAREN J. CLOUSE, Chief Deputy City Attorney (228726)
HANNAH ODEKIRK, Deputy City Attorney (352779)
Office of the City Attorney
200 East Santa Clara Street, 16th Floor
San José, California 95113-1905
Telephone Number: (408) 535-1900
Facsimile Number: (408) 998-3131
E-Mail Address: cao.main@sanjoseca.gov

Attorneys for Plaintiffs CITY OF SAN JOSE
And THE PEOPLE OF THE STATE OF CALIFORNIA

**Electronically Filed by Superior Court of CA, County of Santa Clara, on 1/8/2026 4:46 PM Reviewed By: C. Roman Case #26CV484023 Envelope: 22206116**

SUPERIOR COURT OF CALIFORNIA

COUNTY OF SANTA CLARA

UNLIMITED JURISDICTION

THE PEOPLE OF THE STATE OF CALIFORNIA, acting by and through San Jose City Attorney Susana Alcala Wood; and CITY OF SAN JOSE, a municipal corporation and charter city,

Plaintiffs,

v.

CHERYL LAM, an individual; NICHOLAS KEITH CHRISTIAN, an individual; and DOES 1 through 20, inclusive,

Defendant(s).

Case Number: 26CV484023

**EX PARTE APPLICATION FOR CITY OF SAN JOSE'S PETITION FOR TEMPORARY RESTRAINING ORDER, ORDER TO SHOW CAUSE RE PRELIMIARY INJUNCTION, AND APPOINTMENT OF A RECEIVER**

**Exempt from filing fees (Govt. Code §6103);**

NOTICE IS HEREBY GIVEN that, pursuant to California Rules of Court, rule 3.1200 et seq., ______________________, in Department _______ of the Superior Court of the State of California, County of Santa Clara, located at 191 North First Street, San Jose, California 95113 ("Court"), in the above referenced case number 26CV484023 (the "Action"), Petitioners/Plaintiffs City of San Jose ("City") and The People of the State of California ("The People") will and hereby do apply for an order ("Ex Parte Application") for the following:

1. Entering the order submitted by the City with this Ex Parte Application to grant

a temporary restraining order against Defendant CHERYL LAM ("LAM"), Defendant NICHOLAS KEITH CHRISTIAN ("CHRISTIAN"), and DOES 1-20 (collectively the "Defendants");

2. To grant the request for an Order to Show Cause regarding a Preliminary Injunction against the Defendants and the Appointment of a Receiver over the property known as 72 North Buena Vista Avenue, San Jose, CA 94126, with Assessor's Parcel No. 274-42-204 ("Property"); and
3. To grant the injunctive relief requested by the City to abate the public nuisance on the Property.

This Ex Parte Application is made pursuant to Health and Safety Code section 17980.7(c) and California Code of Civil Procedure § 564 et seq., and on ex parte basis under California Rules of Court, Rules 3.1175 and 3.1200 et seq. on the grounds that:

1. Abating the dangerous violations of law on the Subject Property in the most expedient manner after notice was provided to Defendants of multiple violations of state and local law, and Defendants had ample opportunity to address those violations.
2. Ex parte relief is justified pursuant to California Rules of Court, rule 3.1202(c) because the Property continues to present numerous violations of state and local law; specifically, the Property is contaminated with extreme amounts of methamphetamine, constituting a public nuisance which substantially and immediately endanger the lives of residents and properties in the surrounding homes and community.
3. The methamphetamine contamination within the Property has spread to 78 North Buena Vista Avenue, San Jose, CA 94126 ("Neighboring Property") and without resolution of the underlying contamination from the Property, the Neighboring Property cannot be rendered safe.
4. Ex parte relief is also justified because the City cannot proceed with a regularly noticed motion and allow the Property to further pose substantial risk of harm and imminent danger if this Ex Parte Application is not timely heard. Plaintiffs

filed this action as soon as possible after it was referred to the City and evidence was provided to substantiate such action.

Pursuant to California Rules of Court, rule 3.1202.(a), the City recites the following information:

1. The City is informed and believes, and thereon alleges that Defendant LAM owns and controls the Property.
2. The City is informed and believes, and thereon alleges that Defendant CHRISTIAN is or was a tenant of Defendant LAM's at the Property.
3. It is unknown if Defendant LAM or Defendant CHRISTIAN have retained legal counsel. Defendant LAM and Defendant CHRISTIAN's last known address is the Property, or 6132 Johnston Drive, Oakland, CA 94611.
4. To date, no one has appeared for the Respondents/Defendants in this Action. Defendant LAM and Defendant CHRISTIAN have been uncooperative to abate the nuisance conditions cited by the City and by the County of Santa Clara Department of Environmental Safety at the Property.

The City provided notice of this Ex Parte Application as provided in the accompanying Declaration of Deputy City Attorney Hannah Odekirk, filed concurrently with this Ex Parte Application. On December 15, 2025, the City posted a Notice and Order to Abate Nuisance ("Notice to Abate") on the Property and mailed to all parties with recorded interest in the Property, giving them notice of this forthcoming ex parte application. To this date, the public nuisance conditions continue to exist at the Subject Property, if not further exacerbated due the fact that the Property owner, Defendant LAM, failed take any affirmative action to correct any of the violations cited by the City's Code Enforcement. Although no one has intervened or otherwise legally become a part of this action, all persons identified above were given notice pursuant to California Rules of Court, rule 3.1202.

This Ex Parte Application is based on this Ex Parte Application, and the Memorandum of Points and Authorities, the Declaration of Attorney Hannah Odekirk, the Declaration of San Jose Code Enforcement Officer Joseph Hatfield, the Declaration of

Gerard F. Keena II, the Declaration of Joanne Tracy, the Declaration of Jean Nguyen, and the exhibits filed concurrently herewith, the accompanying Proposed Orders, the documents and evidence on file in this action, and such further evidence and arguments as may be presented to the Court in this Action.

Rules of Court 3.1176 provides that, "[w]henever a receiver is appointed without notice, the matter must be made returnable upon an order to show cause why the appointment should not be confirmed. The order to show cause must be made returnable on the earliest date that the business of the [C]ourt will admit, but not later than 15 days or, if good cause appears to the [C]ourt, 22 days from the date the order is issued." Thus, the appointed receiver will return to the Court in at least 15 days with update as to the condition of the Subject Property and progress of the abatement.

Respectfully submitted,

Dated: January 8, 2026

SUSANA ALCALA WOOD, City Attorney

By: *Hannah Odekirk*
HANNAH ODEKIRK
Deputy City Attorney

Attorneys for City of San Jose

# EXHIBIT 7

to the Declaration of Nicholas Christian in Support of
Plaintiffs' Opposition to City of San Jose Defendants'
Motion to Dismiss (Dkt. No. 19)

*Christian v. City of San Jose*, No. 5:26-cv-03708-EJD (N.D. Cal.)

SUSANA ALCALA WOOD, City Attorney (156366)
ARDELL JOHNSON, Assistant City Attorney (95340)
MAREN CLOUSE, Chief Deputy City Attorney (228726)
VANCE CHANG, Senior Deputy City Attorney (291658)
HANNAH ODEKIRK, Deputy City Attorney (352779)
Office of the City Attorney
200 East Santa Clara Street, 16th Floor
San José, California 95113-1905
Telephone Number: (408) 535-1900
Facsimile Number: (408) 998-3131
E-Mail Address: cao.main@sanjoseca.gov

Attorneys for Plaintiffs CITY OF SAN JOSE
And THE PEOPLE OF THE STATE OF CALIFORNIA

**Electronically Filed
by Superior Court of CA,
County of Santa Clara,
on 1/8/2026 4:46 PM
Reviewed By: C. Roman
Case #26CV484023
Envelope: 22206116**

SUPERIOR COURT OF CALIFORNIA

COUNTY OF SANTA CLARA

UNLIMITED JURISDICTION

THE PEOPLE OF THE STATE OF CALIFORNIA, acting by and though San Jose City Attorney Susana Alcala Wood; and CITY OF SAN JOSE, a municipal corporation and charter city,

Plaintiff(s),

v.

CHERYL LAM, an individual; NICHOLAS KEITH CHRISTIAN, an individual; and DOES 1 through 20, inclusive,

Defendant(s).

Case Number: 26CV484023

**DECLARATION OF JOSEPH HATFIELD IN SUPPORT OF PETITION FOR TEMPORARY RESTRAINING ORDER, ORDER TO SHOW CAUSE RE PRELIMIARY INJUNCTION, AND APPOINTMENT OF A RECEIVER**

I, JOSEPH HATFIELD, have personal knowledge of and hereby declare as follows:

1. I am a Code Enforcement Supervisor for the Planning, Building, and Code Enforcement Division of the City of San Jose (“Code Enforcement”). I have been employed by the City of San Jose (“City”) as a Code Enforcement officer for over 9 years.

2. My present assignment requires supervising inspectors and providing enforcement duties for the City with respect to San Jose Municipal Code violations.

3. I have personal knowledge of the City's laws and regulations governing the maintenance and use of property.

4. I have the authority and responsibility to enforce the San Jose Municipal Code ("SJMC"), including the SJMC provisions at issue here regarding property blight and public nuisances.

5. All citizen complaints received by the City's Code Enforcement Division are recorded in a database at or near the time received in the ordinary course of business. These records are maintained by Code Enforcement and accessible to all inspectors. I have reviewed all available records pertaining to the residential property located at 72 N. BUENA VISTA AVENUE, in San Jose, California with assessor parcel number 274-42-204 (the "Property").

6. I have also reviewed available public property records for the Property. Cheryl Lam (the "Property Owner") is listed as the current owner. A true and correct copy of the Grant Deed is attached hereto as **Exhibit A**.

7. On November 9, 2023 Code Enforcement received a complaint regarding a methamphetamine laboratory at the Property. A Code Enforcement case was opened. Along with Deputy Director Rachel Roberts and Law Enforcement, I conducted an inspection of the Property and confirmed drug manufacturing. I placed a condemnation sign on the Property to restrict use and access. True and correct photographs of the condemnation notice and the inspection are attached hereto as **Exhibit B.**

8. On June 25, 2024, Code Enforcement issued an Abatement Order and Notice of Hearing with a copy of the Inspection Report to Property Owner. A true and correct copy of the Notice and Inspection Report are attached hereto as **Exhibit C**.

9. On July 11, 2024, the Appeals Hearing Board ("AHB") held a public hearing, with Property Owner present, and issued Resolution 24-07, a true and correct copy of which is attached hereto as **Exhibit D.** Resolution 24-07 upheld the Summary Abatement, and

upheld Code Enforcement's November 9, 2023 condemnation, and restriction of access due to substandard housing conditions.

10. On June 17, 2025, Code Enforcement Inspector Martinez inspected the Property, knocked on the front door, received no answer, and took a photo. A true and correct photograph is attached hereto as **Exhibit E**.

11. On July 25, 2025, Inspector Martinez reinspected the Property, knocked on the front door, received no answer, and took a photo. Inspector Martinez observed a newly installed Ring Doorbell Camera on Property, and communicated with alleged boyfriend of Property Owner. Alleged boyfriend stated he and Property Owner are living in Newark, California, and waiting on Santa Clara County for a hearing. A true and correct photograph is attached hereto as **Exhibit F**.

12. To this day, the Property Owner has failed to abate the public nuisance.

I declare under penalty of perjury pursuant to the laws of the State of California that the foregoing is true and correct and that I could competently testify thereto if called as a witness.

Executed this 6th day of January 2026 in San Jose, California.

By: *Joseph Hatfield*

JOSEPH HATFIELD
Code Enforcement Inspector

City of San Jose Planning, Building,
And Code Enforcement