Nicholas Keith Christian, Plaintiff In Pro Se
72 N. Buena Vista Ave.
San Jose, CA 95126
(408) 940-2424
christian.nicholask@gmail.com

Cheryl Lam, Ph.D., Plaintiff In Pro Se
72 N. Buena Vista Ave.
San Jose, CA 95126
(408) 421-7162
cheryl16@gmail.com

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| NICHOLAS CHRISTIAN, an individual; and CHERYL LAM, Ph.D., an individual,<br>Plaintiffs,<br>v.<br><br>CITY OF SAN JOSE, a California municipal corporation; COUNTY OF SANTA CLARA, a California public entity; et al.,<br>Defendants. | Case No. 5:26-cv-03708-EJD<br>Date: October 15, 2026<br>Time: 9:00 a.m.<br>Courtroom: 4, 5th Floor<br>Judge: Hon. Edward J. Davila<br><br>**PLAINTIFFS' OPPOSITION TO THE SPECIAL MOTION TO STRIKE UNDER CALIFORNIA CODE OF CIVIL PROCEDURE SECTION 425.16 BY DEFENDANTS GERARD F. KEENA II AND BRANDON M. CARR (DKT. NO. 36); OBJECTIONS TO THE REQUEST FOR JUDICIAL NOTICE** |

# TABLE OF CONTENTS

**Page**

Statement of Issues to Be Decided ..... 1
I. Introduction ..... 1
II. Statement of Facts ..... 2
III. Legal Standard ..... 3
IV. The Motion Reaches Nothing: The Seventh and Ninth Claims Arise Under Federal Law. 4
V. In the Alternative: Even Recharacterized as State-Law Claims, the Claims Survive ..... 6
A. Step One Is Not Satisfied for the Conduct that Supplies the Movants' Liability .... 6
B. Step Two: The Claims Have the Requisite Minimal Merit on the Movants' Own Standard ..... 8
VI. Objections to the Request for Judicial Notice (Dkt. 37) ..... 12
VII. What the Motion Does Not Address ..... 14
VIII. Conclusion ..... 15

## TABLE OF AUTHORITIES

**Page**

**CASES**

*Baral v. Schnitt*
1 Cal. 5th 376 (2016)........ 12

*Bonni v. St. Joseph Health Sys.*
11 Cal. 5th 995 (2021)........ 6

*City of Montebello v. Vasquez*
1 Cal. 5th 409 (2016)........ 7

*Canal Ins. Co. v. A&R Express Trucking LLC*
No. 5:19-cv-03571-EJD, Dkt. 64 (N.D. Cal. Apr. 16, 2020)........ 12

*CoreCivic, Inc. v. Candide Grp., LLC*
46 F.4th 1136 (9th Cir. 2022)........ 4

*Erickson v. Pardus*
551 U.S. 89 (2007)........ 4

*Flatley v. Mauro*
39 Cal. 4th 299 (2006)........ 7

*Gunn v. Drage*
65 F.4th 1109 (9th Cir. 2023)........ 6

*Hilton v. Hallmark Cards*
599 F.3d 894 (9th Cir. 2010)........ 2, 4, 5

*Johnson v. County of Santa Clara*
No. 5:18-cv-06264-EJD, 2020 WL 870933 (N.D. Cal. Feb. 21, 2020)........ 12

*Khoja v. Orexigen Therapeutics, Inc.*
899 F.3d 988 (9th Cir. 2018)........ 12, 13

*Kimes v. Stone*
84 F.3d 1121 (9th Cir. 1996)........ 2, 8, 9, 14

*Lee v. City of Los Angeles*
250 F.3d 668 (9th Cir. 2001)........ 12

*Lefebvre v. Lefebvre*
199 Cal. App. 4th 696 (2011)........ 7

*Mortg. Elec. Registration Sys., Inc. v. Koeppel*
No. 5:18-cv-03443-EJD, Dkt. 50 (N.D. Cal. June 21, 2019)........ 13

*New Alaska Dev. Corp. v. Guetschow*
869 F.2d 1298 (9th Cir. 1989)........ 9

## TABLE OF AUTHORITIES
**(continued)**

**Page**

*Oren Royal Oaks Venture v. Greenberg, Bernhard, Weiss & Karma, Inc.*
42 Cal. 3d 1157 (1986) ........ 11

*Park v. Bd. of Trs. of Cal. State Univ.*
2 Cal. 5th 1057 (2017) ........ 6

*Planned Parenthood Fed'n of Am., Inc. v. Ctr. for Med. Progress*
890 F.3d 828 (9th Cir. 2018) ........ 4, 8

*Regan v. Price*
131 Cal. App. 4th 1491 (2005) ........ 9, 10

*Sanchez v. County of Santa Clara*
No. 5:18-cv-01871-EJD, Dkt. 56 (N.D. Cal. Aug. 17, 2018) ........ 13

*Semaan v. Mosier*
No. G064385 (Cal. Ct. App. Feb. 5, 2026) (cited by the movants as 118 Cal. App. 5th 460) ........ 7, 9, 10, 14

*United States ex rel. Newsham v. Lockheed Missiles & Space Co.*
190 F.3d 963 (9th Cir. 1999) ........ 3

*Verizon Del., Inc. v. Covad Commc'ns Co.*
377 F.3d 1081 (9th Cir. 2004) ........ 4, 12, 15

**STATUTES**

United States Code
28 U.S.C. § 1331 ........ 1, 4, 14
28 U.S.C. § 1343 ........ 1, 4, 14
28 U.S.C. § 1367 ........ 1, 4, 14
28 U.S.C. §§ 2201-2202 ........ 5
42 U.S.C. § 1983 ........ *passim*
42 U.S.C. §§ 1985(3), 1986 ........ 5

California Civil Code
§ 47(b) ........ 2, 8, 9, 14

California Code of Civil Procedure
§ 425.16 ........ *passim*

California Health & Safety Code
§ 11570 ........ 8

## TABLE OF AUTHORITIES
**(continued)**

**Page**

### RULES

Federal Rules of Civil Procedure
Rule 9(b) ........ 11, 14
Rule 12(b)(6) ........ 1, 2
Rule 15(a) ........ 4
Rule 60(d)(3) ........ 5

Civil Local Rules (N.D. Cal.)
Civil L.R. 7-3(a) ........ 12

California Rules of Court
Rule 3.1179(b) ........ 10, 14

### CONSTITUTIONAL PROVISIONS

United States Constitution
amends. I, IV, V, XIV ........ 1, 5

## STATEMENT OF ISSUES TO BE DECIDED

(1) Does the special motion to strike, directed at the Seventh and Ninth Claims "to the extent" they arise under California law, reach claims the Complaint pleads under federal law?

(2) If it does, have the movants carried their first-step burden under section 425.16?

(3) If they have, do the challenged claims have the minimal merit required at the second step?

(4) Are the movants entitled to fees under section 425.16(c)(1)?

(5) What judicial notice may be taken of Exhibits 1 through 19 to the Request for Judicial Notice (Dkt. 37)?

## I. INTRODUCTION

The special motion to strike is conditional three times over. It asks the Court to act only if the Court has subject-matter jurisdiction (Mot. 2), only under the Rule 12(b)(6) standard, on the pleadings, with every allegation taken as true (Mot. 14), and only "to the extent that" the Seventh and Ninth Claims "arise under California law" (Mot. 1). That third condition is never satisfied, and the motion therefore strikes nothing.

The Complaint is a federal civil-rights action and nothing else. Its caption invokes 42 U.S.C. § 1983. Its first paragraph declares that "[t]his is a civil rights action brought under 42 U.S.C. § 1983" and the First, Fourth, Fifth, and Fourteenth Amendments. Compl. ¶ 1. Its jurisdictional allegation rests on 28 U.S.C. §§ 1331 and 1343 alone; Plaintiffs never invoked supplemental jurisdiction under 28 U.S.C. § 1367, because they pleaded no state-law claims for it to reach. Compl. ¶ 6. Every page of the Complaint carries the footer "VERIFIED COMPLAINT (42 U.S.C. § 1983)." And this Court has already read the pleading the same way: its April 30, 2026 order describes the Complaint's counts as claims "pursuant to 42 U.S.C. § 1983," listing the Seventh Claim as "abuse of process under § 1983." Dkt. 10 at 1, 5.

The movants' own memorandum concedes the point: "This Court has described all ten counts as purporting to arise under 42 U.S.C. § 1983." Mot. 12.

Plaintiffs, as masters of their complaint, now remove any residual doubt: the Seventh Claim and the Ninth Claim are pleaded under federal law exclusively. The Seventh Claim asserts

abuse of process as a theory of deprivation under § 1983, as this Court described it. The Ninth Claim invokes the federal fraud-on-the-court doctrine, pleading its federal formulation, an "unconscionable plan or scheme designed to improperly influence the court in its decision" (Compl. ¶ 87), in support of declaratory and equitable relief (Prayer ¶ (a)) and § 1983 damages. Plaintiffs assert no cause of action under California law against any defendant.

That resolves the motion. California's anti-SLAPP statute "cannot be used" against federal claims in federal court, as the movants acknowledge. Mot. 12 (citing Hilton v. Hallmark Cards, 599 F.3d 894, 901 (9th Cir. 2010)). Their concurrently filed motion to dismiss makes the same concession about the statute's companion privilege: Civil Code section 47(b) "does not reach their section 1983 claims." Dkt. 35 at 24 (citing Kimes v. Stone, 84 F.3d 1121, 1127 (9th Cir. 1996)). A special motion that by its own terms reaches only California claims, aimed at a complaint that pleads none, must be denied in its entirety, and the mandatory fee award of section 425.16(c)(1), available only to a defendant who prevails on such a motion, never comes into play.

Part V below explains why the motion would fail even if the two claims were recharacterized as California claims: the motion's authorities protect court-appointed neutrals for discretionary acts within the scope of an appointment, and expressly withhold protection for the conduct actually pleaded here, self-interested participation in procuring the appointment itself, and enforcement acts undertaken on orders alleged with specificity to have been obtained by deception. Those allegations are taken as true on this motion, by the movants' own election of the Rule 12(b)(6) standard.

## II. Statement of Facts

The facts are taken from the verified Complaint, which the movants accept as true for this motion (Mot. 14), and from the movants' own exhibits, cited for what they say.

Plaintiffs have been excluded from their home at 72 North Buena Vista Avenue, San Jose, by government action since a federal search on November 9, 2023. Compl. ¶¶ 5, 22, 84. No agency charged a laboratory offense; the criminal case against Mr. Christian was dismissed on August 5, 2025, and Dr. Lam was never charged. Compl. ¶¶ 22-24. The City's verified state-court complaint, the movants' Exhibit 1, pleads the County's cleanup order and the City's

condemnation notice of December 5, 2023, and the exclusion since, and also pleads that the Property's fixtures "are presently being used" for narcotics activity. Dkt. 37-1 ¶¶ 3-6, 41-44, 50.

Plaintiffs presented Government Code section 910 tort claims on October 15, 2025. Compl. ¶ 29. The receiver's ledger, the movants' Exhibit 10, opens nine days later with a call from the Deputy City Attorney "re her preparing to file a TRO to assign a Receiver over the property," and records through December 9, 2025 the filing schedule, the notice to abate to be posted December 15, and the receiver's declaration and proposed order to be supplied by the City. Dkt. 37-10 at 12; Compl. ¶¶ 30, 36.

The Notice and Order to Abate issued December 15, 2025. Compl. ¶ 32. The County declarations filed with the application had been executed November 4 and November 20, 2025, before that notice existed. Dkt. 31-1, Exs. 3-4, at 32, 35. On January 6, 2026, Mr. Keena approved his own appointment papers. Compl. ¶ 37; Dkt. 37-10 at 12. The declaration filed with the ex parte application states that "[t]here has been no contract or agreement between the Plaintiff, Defendants, or any interested party in this matter and myself." Dkt. 37-2 ¶ 10.

The City filed the receivership action and applied ex parte on January 8, 2026, representing that Plaintiffs were uncooperative; Plaintiffs' written opposition had been served more than twenty-four hours before the filing and was docketed on January 13, 2026, the day the appointing order was filed. Compl. ¶¶ 38-41; Dkt. 37-19 at 7; Dkt. 37-3. Buchalter's invoice bills the estate for Mr. Carr's work beginning January 29, 2026; the Superior Court approved its employment on February 6, 2026. Dkt. 37-10 at 23; Dkt. 37-6. On March 12, 2026, a $125,000 deed of trust was recorded against the Property. Compl. ¶ 42; Dkt. 37-8; Dkt. 37-9.

On April 2, 2026, the receiver drilled the locks and entered. Compl. ¶¶ 43, 83. Plaintiffs filed this action on April 28, 2026. Dkt. 1. The Seventh Claim (abuse of process) and the Ninth Claim (fraud on the court) are the claims the motion targets. Mot. 1.

## III. LEGAL STANDARD

In this circuit, a defendant may bring a special motion under section 425.16 against state-law claims pleaded in federal court, subject to federal procedural standards. United States ex rel. Newsham v. Lockheed Missiles & Space Co., 190 F.3d 963, 970-73 (9th Cir. 1999);

CoreCivic, Inc. v. Candide Grp., LLC, 46 F.4th 1136, 1140-43 (9th Cir. 2022). The statute has no application to claims arising under federal law. Hilton, 599 F.3d at 901. Where, as here, the motion challenges only the legal sufficiency of the pleadings, it is evaluated under the Rule 12(b)(6) standard: the Court accepts all well-pleaded allegations as true. Planned Parenthood Fed'n of Am., Inc. v. Ctr. for Med. Progress, 890 F.3d 828, 833-34 (9th Cir. 2018).

And "granting a defendant's anti-SLAPP motion to strike a plaintiff's initial complaint without granting the plaintiff leave to amend would directly collide with Fed. R. Civ. P. 15(a)'s policy favoring liberal amendment." Verizon Del., Inc. v. Covad Commc'ns Co., 377 F.3d 1081, 1091 (9th Cir. 2004). Pro se pleadings are liberally construed. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam).

## IV. THE MOTION REACHES NOTHING: THE SEVENTH AND NINTH CLAIMS ARISE UNDER FEDERAL LAW

**A. The Complaint's face.** The movants' argument that the two claims are California torts rests entirely on inference: "Its label and its prayer for tort damages confirm its state-law character." Mot. 13. The Complaint's actual jurisdictional architecture points one way only. Paragraph 6 invokes 28 U.S.C. §§ 1331 and 1343, the federal-question and civil-rights jurisdictional statutes. It does not invoke § 1367, and no diversity is pleaded. A complaint that provides no jurisdictional basis for state-law claims is not naturally read to assert them, least of all a pro se complaint entitled to liberal construction in favor of coherence rather than against it. The caption, the introductory paragraph, and the footer on all eighteen pages say the same thing: this is a § 1983 action.

**B. This Court's prior characterization.** In denying the temporary restraining order, this Court catalogued the Complaint's claims: "a conspiracy to deprive them of their constitutional rights under § 1983," procedural due process, fabrication of evidence and substantive due process, First Amendment retaliation, denial of access to courts, a Fifth Amendment takings claim, "abuse of process under § 1983," supervisory liability, municipal liability, and "'fraud on the court.'" Dkt. 10 at 5. The movants attached that order as their own Exhibit 15 and concede its characterization. Mot. 12. Nothing in the Complaint changed between April 30 and August 31.

**C. The Ninth Claim pleads the federal doctrine.** The Ninth Claim's operative standard is the federal one: "Fraud on the court occurs when a party or officer of the court engages in an unconscionable plan or scheme designed to improperly influence the court in its decision." Compl. ¶ 87. That is the vocabulary of the federal courts' inherent power over judgments and orders procured by fraud, not of any California damages tort; indeed the movants spend two pages demonstrating that California recognizes no such tort. Mot. 23-24. The civil cover sheet filed with the Complaint says the same thing, identifying the causes of action as "42 U.S.C. §§ 1983, 1985(3), and 1986; U.S. Const. amends. I, IV, V, and XIV; 28 U.S.C. §§ 2201-2202; Fed. R. Civ. P. 60(d)(3)," a list that is federal from end to end and includes the federal fraud-on-the-court provision by rule number. Dkt. 1-2.

The correct conclusion from their own demonstration is not that Plaintiffs pleaded a nonexistent California claim; it is that Plaintiffs pleaded the federal doctrine that does exist, in a complaint that announces itself as federal on every page. The claim supports the declaratory relief sought in Prayer paragraph (a) and the § 1983 conspiracy and due-process theories into which its allegations are incorporated.

**D. Plaintiffs' express confirmation.** To the extent any ambiguity survives, Plaintiffs resolve it here, as the pleaders: the Seventh and Ninth Claims of the operative Complaint are asserted under federal law only. No count of the operative Complaint asserts a cause of action arising under California law, and Plaintiffs disclaim any state-law construction of the counts as pleaded.

**E. The consequence.** The anti-SLAPP statute cannot strike a federal claim. Hilton, 599 F.3d at 901; Mot. 12 (conceding the point). The motion is expressly limited to the claims "to the extent" they arise under California law. Mot. 1. They do not. The motion therefore strikes nothing, and there is no prevailing defendant within the meaning of section 425.16(c)(1). The fee request falls with the motion.

## V. IN THE ALTERNATIVE: EVEN RECHARACTERIZED AS STATE-LAW CLAIMS, THE CLAIMS SURVIVE

If the Court were to construe the Seventh or Ninth Claim as arising under California law notwithstanding the pleading and Plaintiffs' disclaimer, the motion still fails at both steps of the anti-SLAPP analysis, on the movants' chosen standard: the pleadings, taken as true.

### A. Step One Is Not Satisfied for the Conduct that Supplies the Movants' Liability

The step-one inquiry identifies the acts of these movants that supply the elements of the challenged claims. Park v. Bd. of Trs. of Cal. State Univ., 2 Cal. 5th 1057, 1063 (2017); Bonni v. St. Joseph Health Sys., 11 Cal. 5th 995, 1012 (2021). The motion works hard to attribute the Notice to Abate and the ex parte application to other defendants (Mot. 15-16), and Plaintiffs agree those filings were made by City actors. The movants' reliance on Gunn for the pre-filing communications adds an element they cannot satisfy on the pleadings: prelitigation communications are protected when made in connection with litigation "contemplated in good faith and under serious consideration." Mot. 16 (citing Gunn).

The Complaint pleads the opposite of good faith, an enforcement proceeding engineered as a liability shield on a manufactured emergency (Compl. ¶¶ 36, 53-55, 79), and on the movants' chosen standard that pleading is accepted as true.

Four acts remain as to these movants. The first is Mr. Keena's participation in engineering his own appointment, culminating in his January 6, 2026 declaration approving his own appointment papers two days before the action existed. Compl. ¶ 37. The second is Mr. Carr's billing of the estate and continuous coordination with City and County personnel. Compl. ¶¶ 3, 51, 54. His own firm's invoice, inside the movants' Exhibit 10, records that coordination as conferences with County Counsel on January 29 and 30, 2026 about "EX PARTE AND APPEAL" and on February 23, 2026 about the "2/24 HEARING." Dkt. 37-10 at 23, 25. The third is the recording of a $125,000 deed of trust "without notice, without consent, and without an evidentiary hearing." Compl. ¶ 42. The fourth is the physical taking of the Property by drilling its locks. Compl. ¶ 43.

The recording of an encumbrance and the forced entry are conduct, not statements. The movants concede these acts are "noncommunicative implementation" and do not qualify under section 425.16(e)(1) or (e)(2). Mot. 17. Their fallback is the catchall, section 425.16(e)(4), for which they cite a single case: Semaan v. Mosier, No. G064385 (Cal. Ct. App. Feb. 5, 2026, reh'g denied Feb. 26, 2026), certified for publication and cited by the movants as 118 Cal. App. 5th 460. Semaan does not do the work they assign it. There, the plaintiffs forfeited any step-one argument by failing to head or brief it, and the court nevertheless found section 425.16(e)(4) satisfied on declaration evidence, to which no objection had been made, establishing that the receivership served "one of the largest workers compensation insurance fraud cases in California," a criminal prosecution of demonstrated public significance. Semaan, slip op. at 8-11.

Here there is no forfeiture, no evidence, and no comparable showing: the movants elected a pleadings-only motion, and the pleadings describe a receivership over a single vacant residence, procured, the Complaint alleges, to shield the conspirators from Plaintiffs' tort claims. Compl. ¶¶ 53-55, 79. On this record, the movants have not carried their step-one burden as to the noncommunicative acts.

The illegality of the underlying enterprise independently defeats protection. Activity that is "illegal as a matter of law" receives no anti-SLAPP protection at all; where that is so, the statute "simply never comes into play." Flatley v. Mauro, 39 Cal. 4th 299, 320 (2006); Lefebvre v. Lefebvre, 199 Cal. App. 4th 696, 703-06 (2011) (filing a false criminal report was "not a protected exercise" and the anti-SLAPP statute never engaged). The movants invoke Flatley's limits (Mot. 18-19), and Plaintiffs accept them: a genuine factual dispute about legality is resolved at step two, not step one. City of Montebello v. Vasquez, 1 Cal. 5th 409, 424 (2016).

But the central defect here is not a factual dispute; it appears on the face of the movants' own Exhibit 1. The verified state-court complaint swears that the Property's fixtures "were used, and are presently being used, directly or indirectly, by the Defendants in conducting, maintaining, and/or permitting the use of the Property for narcotics activities." Dkt. 37-1 ¶ 50. The same document pleads that federal agents executed a search warrant on November 9, 2023, that the County issued its cleanup order on December 5, 2023, that the City posted a condemnation notice

the same day, and that Plaintiffs have been kept out of the Property ever since. Dkt. 37-1 ¶¶ 3-6, 41-44. A verified pleading that contradicts itself does so conclusively; no evidence is needed to establish what its own pages say, and section 11570 relief depends on present use.

The impossible eleven-month-stale compliance deadline on the Notice to Abate, and its concealment in the supporting declaration, are pleaded with specificity and stand admitted for purposes of this motion. Compl. ¶¶ 40, 88, 91. The notice posted December 15, 2025 states on its face "Compliance Deadline: January 2, 2025." Dkt. 31-1, Ex. 2 at 18. The declaration supporting the ex parte application recites the deadline as January 2, 2026. Dkt. 31-1 at 15 ¶ 4. Section 17980.7(c), the only statute the City invoked that provides a receiver at all, conditions the appointment on the owner's failure to comply "within a reasonable time"; section 11570, the City's First Cause, provides closure of a building "used" for narcotics activity and no receiver. Dkt. 37-1 ¶¶ 11-12 & Prayer ¶¶ 9-10. And the order the receiver approved two days before the City filed its case conferred on him a lien with "super-priority as to any preexisting private lien(s)" and authority to record "a deed of trust with the power of sale." Dkt. 37-3 at 11 ¶¶ 13-14; Compl. ¶ 37. At minimum, on the movants' chosen pleadings-only standard, the Complaint's allegations that the enterprise was unlawful from its statutory root are accepted as true. Compl. ¶¶ 35, 53, 57, 93. A step-one showing that depends on the lawfulness of the underlying proceeding cannot be carried by the parties who elected not to contest the pleadings.

### B. Step Two: The Claims Have the Requisite Minimal Merit on the Movants' Own Standard

Because the motion tests legal sufficiency only, step two asks whether the challenged claims are legally sufficient with all allegations accepted as true. Planned Parenthood, 890 F.3d at 834. They are.

**The litigation privilege does not reach these claims.** As pleaded, the claims are federal, and the movants concede section 47(b) "does not reach… section 1983 claims." Dkt. 35 at 24; Kimes, 84 F.3d at 1127. Kimes is instructive well beyond the concession: there the Ninth Circuit reversed a section 47(b) dismissal of attorneys alleged to have conspired with a Santa Clara County Superior Court judge, holding that "the existence of § 1983 immunities is a matter of

federal law" and that the state privilege simply "does not apply" to the federal claims. Kimes, 84 F.3d at 1126-27. The same court added that the conduct alleged there, an arrangement that kept the plaintiff from presenting his case, "appears to constitute 'extrinsic fraud,' which is not covered by § 47(b)." Id. at 1127 n.3.

The Complaint pleads extrinsic fraud of that kind: a party "deliberately kept in ignorance of the action or proceeding, or in some other way fraudulently prevented from presenting his claim or defense." Id.; Compl. ¶¶ 38-41, 88-92. The privilege argument begins and ends there.

**Quasi-judicial immunity does not cover the conduct pleaded.** The movants' own principal authority defines the limits they omit. Semaan holds that a court-appointed receiver's quasi-judicial immunity "is limited to discretionary (nonministerial) acts and decisions," and does not extend "to intentional misconduct, such as self-dealing, that is not taken in the receiver's quasi-judicial capacity or in the complete absence of all jurisdiction." Semaan, slip op. at 14-15 (citing Regan v. Price, 131 Cal. App. 4th 1491, 1496 (2005)). The Ninth Circuit's rule is the same: immunity protects a receiver's discretionary conduct within the scope of the appointment, and withholds protection for conduct outside receivership functions. New Alaska Dev. Corp. v. Guetschow, 869 F.2d 1298, 1303-05 (9th Cir. 1989).

The conduct pleaded against these movants falls within those exceptions, not within the protection. A person who is not yet a receiver has no appointment within which to act. Mr. Keena's January 6, 2026 declaration, executed "two days before the City filed its case," approving "his own appointment papers" (Compl. ¶ 37), preceded any judicial act; whatever else it was, it was not the discretionary act of a court's arm, because there was no court, no case, and no appointment. The same is true of the seventy-six days of pre-filing coordination the Complaint pleads and Invoice No. 13335 documents. Compl. ¶¶ 36, 54.

The declaration on which the appointment issued states, under penalty of perjury: "There has been no contract or agreement between the Plaintiff, Defendants, or any interested party in this matter and myself, as nominated receiver, including, without limitation, as to: (a) the activities that the receiver will undertake during the receivership; (b) retention of any third party vendors by the receiver to provide services for the receivership estate; and (c) what capital

expenditures, if any, will be made relating to the properties at issue in this case." Dkt. 37-2 ¶ 10; see Compl. ¶ 37 (executed January 6, 2026).

The invoice the movants placed beside it records, between October 24, 2025 and January 6, 2026, the receiver's coordination with the City Attorney's office on the filing schedule and the posting of the notice to abate, on the receiver's declaration and the proposed order, on a title report and litigation guarantee, and on "moving forward and suing the lienholder." Dkt. 37-10 at 12.

Both documents are the movants' own exhibits; the Court need not resolve the tension between them on this motion, only decline to treat the declaration as establishing the neutrality the immunity presupposes. And Buchalter acted as the receiver's counsel before any court approved its employment: on February 4, 2026, the firm gave ex parte notice of its own employment application, which was heard two days later. Christian Decl. Ex. 2; Dkt. 37-6.

And self-interested procurement is precisely the "self-dealing" that Semaan and Regan place beyond the immunity: the Complaint alleges the receivership was engineered as "a pre-packaged mechanism" to extinguish the conspirators' anticipated liability (Compl. ¶ 79), with the receiver himself a participant in its construction (Compl. ¶¶ 37, 53). Those allegations are accepted as true here. Immunity built on the premise of a neutral arm of the court does not attach to a defendant alleged, with dates and documents, to have helped build the machine that appointed him. A receiver "is the agent of the court and not of any party," Cal. R. Ct. 3.1179(a), and one who joined the nominating party's planning before his appointment was never that agent.

**The elements are adequately pleaded.** Abuse of process requires an ulterior purpose and a willful act in the use of process not proper in the regular conduct of the proceeding. Oren Royal Oaks Venture v. Greenberg, Bernhard, Weiss & Karma, Inc., 42 Cal. 3d 1157, 1168 (1986). Both are pleaded with specificity: the ulterior purpose (extinguishing tort-claim exposure through a manufactured judgment, Compl. ¶ 79) and willful acts outside the regular conduct of any proceeding, including pre-suit construction of the "emergency" (Compl. ¶¶ 36-37, 55), encumbering the Property by a $125,000 deed of trust without notice or hearing (Compl. ¶¶ 42,

59, 78), and imposing fees "for work performed before any court acquired jurisdiction over the matter" (Compl. ¶ 78).

The motion twice attributes to this Court a finding that Plaintiffs "alleged 'only that the Superior Court-appointed receiver was performing duties consistent with the appointment.'" Mot. 8, 22 (quoting Dkt. 10 at 5). The sentence quoted reads in full: "Plaintiffs similarly fail to allege facts demonstrating extraordinary circumstances, instead alleging only that the Superior Court-appointed receiver was performing duties consistent with the appointment. See id. at 23–24." Dkt. 10 at 5.

The "id." is Plaintiffs' ex parte application, and the sentence addresses the extraordinary-circumstances exception to Younger argued at pages 23 and 24 of that application, on a record to which no exhibits were attached and before any defendant had been served. Dkt. 10 at 1, 6-7. It is not a finding about the Complaint's allegations against these movants, which the same order lists separately, including "a conspiracy to deprive them of their constitutional rights under § 1983," "abuse of process under § 1983," and "'fraud on the court.'" Dkt. 10 at 5.

The movants' response, that the Superior Court authorized each step, assumes the truth of the very orders the Complaint alleges were procured by deception (Compl. ¶¶ 86-95), an assumption the movants' own standard forbids. Their request for judicial notice acknowledges that the state-court records are noticed for their existence, "not… the truth of any disputed factual matter recited therein." Dkt. 37 at 3. And Oren Royal Oaks itself forecloses the movants' attempt to wall off their communications entirely: section 47 "does not bar the evidentiary use" of litigation communications "to establish the motive with which a defendant in an abuse of process action acted." Oren Royal Oaks, 42 Cal. 3d at 1162-63.

As for the Ninth Claim, if it is treated as a California claim at all, its allegations state the deception with the particularity Rule 9(b) requires: who (Ms. Odekirk, with Mr. Keena's and Mr. Carr's coordinated participation pleaded at Compl. ¶¶ 37, 51, 53-54), what (the false "uncooperative" representation; the concealed impossible deadline; the withheld docket and envelope numbers against a declaration bearing both on its face), when and where (January 8-9, 2026, in case 26CV484023), and how it worked (ex parte relief that "would not have proceeded

ex parte on truthful representations”). Compl. ¶¶ 88-92. A conspirator need not personally utter the misrepresentation; participation in the scheme suffices, and that participation is pleaded with dates, a docket number, an envelope number, and an invoice.

**Fees.** Because the motion should be denied in full, no fees are available under section 425.16(c)(1). If the Court strikes any portion, a partially successful movant recovers, at most, fees apportioned to the successful portion. Mann v. Quality Old Time Serv., Inc., 139 Cal. App. 4th 328, 344-45 (2006); see Baral v. Schnitt, 1 Cal. 5th 376, 392-96 (2016) (motion may reach discrete allegations within a mixed claim). Leave to amend must also be granted. Verizon Del., 377 F.3d at 1091.

## VI. OBJECTIONS TO THE REQUEST FOR JUDICIAL NOTICE (DKT. 37)

*Contained in this brief pursuant to Civil L.R. 7-3(a).*

Plaintiffs do not oppose notice of the existence, dates, and filing of Exhibits 1 through 19 as court records and recorded instruments. Plaintiffs object to notice of the truth of any fact recited within them. Lee v. City of Los Angeles, 250 F.3d 668, 689-90 (9th Cir. 2001); Khoja v. Orexigen Therapeutics, Inc., 899 F.3d 988, 999 (9th Cir. 2018). This Court applies the same limit: “[w]hile the court cannot accept the veracity of the representations made in the documents, it may properly take judicial notice of the existence of those documents and of the representations having been made therein.” Canal Ins. Co. v. A&R Express Trucking LLC, No. 5: 19-cv-03571-EJD, Dkt. 64 at 2 (N.D. Cal. Apr. 16, 2020) (quoting Johnson v. County of Santa Clara, No. 5:18-cv-06264-EJD, 2020 WL 870933, at *1 (N.D. Cal. Feb. 21, 2020)).

The objection has bite here: the motion repeatedly uses the noticed orders as proof that the underlying conduct was proper (e.g., Mot. 19: courts “have sustained and advanced the receivership at every turn”), which is exactly the truth-of-the-matter use the movants’ own request disclaims. Dkt. 37 at 3. The sentence cites nine exhibits and omits the nineteenth, the register of actions, which records Plaintiffs’ “Opposition Ex Parte” as docketed on January 13, 2026, the same day the ex parte appointment order issued: the order the movants call “sustained” was entered without the opposition before the court. Dkt. 37-19 at 7-8.

This Court has also endorsed Khoja's warning about "the alluring temptation [defendants face] to pile on numerous documents to their motions to dismiss to undermine the complaint, and hopefully dismiss the case at an early stage." Mortg. Elec. Registration Sys., Inc. v. Koeppel, No. 5:18-cv-03443-EJD, Dkt. 50 at 5 (N.D. Cal. June 21, 2019) (quoting Khoja, 899 F.3d at 998). Nineteen exhibits, offered to prove that everything alleged was authorized, are that temptation acted on.

When this County and this City moved to dismiss and strike a section 1983 complaint with declarations and exhibits attached, this Court noticed the one public record properly requested and, "because the Court need not consider these materials to decide Defendants' motions," excluded the rest: it would "only consider the pleadings and materials which it can judicially notice." Sanchez v. County of Santa Clara, No. 5:18-cv-01871-EJD, Dkt. 56 at 7 (N.D. Cal. Aug. 17, 2018). The same course is appropriate here.

Two specific objections. First, Exhibit 4 is presented in the request's index as Plaintiffs' January 14, 2026 petition for writ of supersedeas. Dkt. 37 at 4-5. The document filed at Dkt. 37-4 is four pages: a cover page and two interior pages of that petition. The petition itself was substantially longer. An excerpt offered without disclosure of its excerpting should be disregarded, or the complete document should be required, particularly from movants who invoke the rule that incorporation-by-reference exists to prevent parties from "selecting only portions of documents" that favor them. Dkt. 37 at 4 (quoting Khoja, 899 F.3d at 1002).

Second, Plaintiffs do not object to, and expressly join, the request that the Court consider Exhibit 10, the Receiver's First Report and Accounting, including Invoice No. 13335 and the counsel billing records attached to that report, under the incorporation-by-reference doctrine. Dkt. 37 at 3-4. The movants ask the Court to consider the invoice "for what it is and what it says." Plaintiffs agree, subject to Khoja's limit, which the movants also quote: the Court "may not assume the truth of an incorporated document in order to dispute the complaint's well-pleaded allegations." Dkt. 35 at 16; Khoja, 899 F.3d at 1003. Among the things the exhibit says: the pre-approval coordination it records was billed to Plaintiffs' estate under a notice of intent to pay. Dkt. 37-10 at 6, 23.

The movants have since collected fees from that estate over Plaintiffs' objections, under an order that approves fees only "absent the evidence of fraud, unfairness, or misconduct" and leaves interim fees "subject to final review." Dkt. 37-18 at 4-5. What the exhibit says is addressed fully in Plaintiffs' concurrent opposition to the motion to dismiss.

## VII. WHAT THE MOTION DOES NOT ADDRESS

**The jurisdictional allegation.** The motion infers a state-law character from a claim's "label and its prayer for tort damages." Mot. 13. It does not address paragraph 6 of the Complaint, which invokes 28 U.S.C. §§ 1331 and 1343 and not § 1367, or the civil cover sheet's identification of the causes of action. Compl. ¶ 6; Dkt. 1-2.

**Semaan's limit.** The motion relies on Semaan for section 425.16(e)(4) and for immunity. Mot. 17-18, 22-23. It does not mention the same opinion's holding that receiver immunity "is limited to discretionary (nonministerial) acts and decisions" and does not extend "to intentional misconduct, such as self-dealing." Semaan, slip op. at 14-15.

**Kimes on extrinsic fraud.** The motion cites Kimes for the proposition that section 47(b) does not reach section 1983 claims. Dkt. 35 at 24. It does not address Kimes's further statement that an arrangement keeping a party from presenting his case "appears to constitute 'extrinsic fraud,' which is not covered by § 47(b)." Kimes, 84 F.3d at 1127 n.3.

**Rule 3.1179(b).** The motion describes the receiver's declaration as making "the disclosures California Rules of Court, rule 3.1179(b) requires." Dkt. 35 at 10; see Mot. 22. It does not quote the rule, which prohibits the nominating party and the receiver from entering into any "contract, agreement, arrangement, or understanding" concerning, among other subjects, "[w]ho the receiver will hire, or seek approval to hire." Cal. R. Ct. 3.1179(b)(2)-(4). The ledger entries recording the selection of counsel and a project manager before the case was filed are addressed in Part V.B above.

**Exhibit 4.** The request for judicial notice describes Exhibit 4 as Plaintiffs' petition for writ of supersedeas. Dkt. 37 at 4-5. Neither the request nor the motion states that the exhibit is four pages of a longer document.

**The verified state complaint's own allegations.** The motion relies on the state-court complaint for the existence of the enforcement action. Mot. 15-16. It does not address paragraph 50 of that verified pleading, which alleges present-tense narcotics use of a property the same pleading alleges has been sealed and vacant since November 2023. Dkt. 37-1 ¶¶ 3-6, 41-44, 50. Nor does it address the date of the City's own condemnation: the verified complaint pleads a notice posted December 5, 2023 (¶ 44); the placard the receiver photographed is dated November 8, 2023, the day before the search, and is signed by the City's inspector, Joseph Hatfield, whose declaration in the same action states he posted it on November 9, 2023. Christian Decl. Ex. 3.

## VIII. CONCLUSION

The special motion to strike is directed at California claims that do not exist in this Complaint. It should be denied in its entirety, with no fee entitlement under section 425.16(c)(1). In the alternative, the motion fails at both steps of the anti-SLAPP analysis under the Rule 12(b)(6) standard the movants chose. If the Court strikes any claim or portion of one, Plaintiffs expressly request leave to amend, which must accompany any strike of an initial complaint. Verizon Del., 377 F.3d at 1091. Any amendment would plead, among other things, the March 5, 2026 written notice to Mr. Carr of the receiver's conflicts and Mr. Carr's response, and Buchalter's conduct as counsel before the court approved its employment. Christian Decl. Exs. 1-2.

Respectfully submitted,

Dated: September 14, 2026

N Christian ______________________

Nicholas Christian, Plaintiff, Pro Se

Cheryl Lam ______________________

Cheryl Lam, Ph.D., Plaintiff, Pro Se

**CERTIFICATE OF SERVICE**

I certify that on September 14, 2026, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send a Notice of Electronic Filing to counsel of record for all parties who have appeared. Fed. R. Civ. P. 5(b)(2)(E); Civil L.R. 5-1(h)(1).

N Christian

Nicholas Christian